**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| MAGA BURGER HOLDINGS, LLC, § <br> TRUMP BURGER LLC, and § <br> TRUMP BURGER KEMAH, LLC § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> 409 BRADFORD, LLC, ALL TEX § <br> PERSONNEL, LLC, ARCHIE § <br> PATTERSON, MAGA BURGER § <br> USA, LLC, and MAGA BURGER § <br> HOUSTON, LLC. § <br> § <br> Defendants | CIVIL ACTION NO. 25-313 |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs MAGA Burger Holdings LLC, Trump Burger LLC, and Trump Burger Kemah, LLC (collectively, "Plaintiffs") bringing this Complaint against Defendants 409 Bradford, LLC, All Tex Personnel, LLC, Archie Patterson, MAGA Burger USA, LLC, and MAGA Burger Houston, LLC ("Defendants") for trademark infringement and trade dress infringement under the Lanham Act, Texas common-law unfair competition, statutory dilution, breach of contract, conversion, civil theft, unjust enrichment, tortious interference with business relations, and civil conspiracy. Plaintiffs seek damages and injunctive relief for Defendants' unlawful and calculated scheme to misappropriate Plaintiffs' restaurant concept, including its names, marks, trade dress, property, and operations, and would respectfully show the Court as follows:

## I. NATURE OF THE ACTION

1. This is an action for trademark infringement, trade dress infringement, unfair competition, and related state-law claims arising from Defendants' unlawful seizure and continued operation of a restaurant concept developed and owned by Plaintiffs. Plaintiffs MAGA Burger Holdings LLC, Trump Burger LLC, and Trump Burger Kemah, LLC collectively own, license, and operate a distinctive restaurant concept known as the Burger Concept, which includes the TRUMP BURGER, TRUMP BURGER MAGA, and MAGA BURGER brands and associated trade dress. Defendants wrongfully dispossessed Plaintiffs of their leasehold, misappropriated their business assets, and continue to operate the restaurant using Plaintiffs' marks, trade dress, and goodwill without authorization. Plaintiffs seek injunctive relief, damages, and all remedies available under federal and Texas law.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121, as the claims arise under the Lanham Act, 15 U.S.C. § 1051 et seq. This Court also has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and the property that is the subject of the action is situated in this District.

## III. PARTIES

4. Plaintiff MAGA Burger Holdings LLC is a Texas limited liability company that owns the Burger Concept and all associated intellectual property, including the TRUMP BURGER and MAGA BURGER marks and trade dress.

5. Plaintiff Trump Burger LLC is a Texas limited liability company that operates the Flatonia, Texas restaurant and is a licensee of the Burger Concept with contractual rights to use and enforce the associated intellectual property, including TRUMP BURGER MAGA and MAGA BURGER.

6. Plaintiff Trump Burger Kemah, LLC is a Texas limited liability company formed to operate a licensed location in Kemah, Texas using the Burger Concept.

7. Defendant 409 Bradford, LLC is a Texas limited liability company and the landlord/owner of the premises located at 409 Bradford Avenue, Kemah, Texas.

8. Defendant Archie Patterson is an individual residing in Texas and the managing member of 409 Bradford, LLC; he also controls Defendants MAGA Burger Houston, LLC and MAGA Burger USA, LLC and is affiliated with Defendant All Tex Personnel, LLC.

9. Defendant All Tex Personnel, LLC is a Texas limited liability company affiliated with Patterson and used in furtherance of the conduct alleged herein.

10. Defendant MAGA Burger Houston, LLC is a Texas limited liability company formed by Patterson on April 8, 2025.

11. Defendant MAGA Burger USA, LLC is a Texas limited liability company formed by Patterson on April 14, 2025.

## IV.    FACTUAL BACKGROUND

12. In late 2019 and early 2020, Roland Beainy and Iyad Abuelhawa set out to open a restaurant. Years earlier, Abuelhawa had briefly opened a restaurant called Trump Diner, but it was short lived, failing to catch on.

13. Intrigued by the idea of developing a politically centered theme, but one that would be enjoyed by a wider audience, Beainy developed a complete concept for a restaurant. After

Beainy developed the concept, the two formed a business, Trump Burger LLC for the purpose of opening a restaurant implementing Beainy's concept (the "Burger Concept") in Belleville, TX. The restaurant opened April 2024 under the name TRUMP BURGER.

14. As a part of his Burger Concept, Beainy developed a non-functional trade dress that served to identify and distinguish a restaurant using the concept from others in the marketplace. The overall look and feel of Trump Burger is immediately recognizable to consumers and has acquired distinctiveness through extensive use and promotion. This trade dress encompasses a combination of visual elements, thematic design choices, and branding features that, taken together, create a unique commercial impression associated exclusively with Trump Burger.

15. The exterior design prominently features patriotic themes, including a red, white, and blue color scheme, large American flags, and signage bearing the name TRUMP BURGER in bold block letters. Exterior signage and banners frequently incorporate political slogans such as "Trump 2024" and imagery associated with President Donald J. Trump, reinforcing the restaurant's distinctive identity.

16. The interior décor is equally distinctive, functioning as a thematic environment that resembles a political shrine. Walls are covered with Trump memorabilia, including life-size posters, campaign slogans, and images of Trump in iconic poses. Numerous American flags, Trump 2024 merchandise displays, and political humor signage dominate the space. The color palette throughout the interior remains consistently patriotic, with red, white, and blue as the dominant colors.

17. The menu and food presentation further contribute to the trade dress. Menu items carry politically themed names such as the "Trump Tower" burger and the "First Lady Chicken Sandwich," and the restaurant humorously references political opponents in its offerings. A

particularly distinctive feature is the branding of burger buns with Trump's name or likeness, a unique element that reinforces the association between the product and the Trump Burger brand.

18. Staff uniforms and merchandise, such as "Make America Great Again" hats and Trump-themed shirts, further integrate the branding into the customer experience. Merchandise is displayed throughout the restaurant, blurring the line between retail and dining and reinforcing the thematic identity.

19. Taken together, the Burger Concept, including patriotic color schemes, Trump-branded food items, politically themed décor, distinctive signage, and integrated merchandise, constitute a cohesive and non-functional trade dress that is inherently distinctive or, at minimum, has acquired secondary meaning in the minds of consumers. This trade dress serves as a source identifier and is protectable under the Lanham Act.

20. In October 2024, with the permission of Beainy, Abuelhawa and Barton Randal Blakelock opened a new restaurant in Flatonia, TX using The Burger Concept, calling the restaurant TRUMP BURGER MAGA. Beainy gave permission because it was the plan for Beainy to, very shortly after the opening of the Flatonia location, buy in there. In January 2025, Beainy purchased Albuelhawa's membership interest in the Flatonia location. In early 2025, Ronald Beainy and three other partners formed Trump Burger Kemah, LLC to operate a new location of Trump Burger (the "Kemah Restaurant") that would be a licensee of the Burger Concept. The new business leased a commercial property located at 409 Bradford Avenue, Kemah, Texas, for the purpose of launching the Kemah Restaurant.

21. On January 28, 2025, Trump Burger Kemah, LLC ("Trump Burger Kemah") entered into a five-year Commercial Lease Agreement ("Lease") with Defendant 409 Bradford, LLC, whose managing member was Defendant Archie Patterson. The Lease gave Plaintiff Trump Burger

Kemah the right to possess and operate a restaurant on the premises. Critically, the Lease contained notice-and-cure provisions requiring the Landlord to provide at least three days' written notice and an opportunity to cure any alleged breach before termination.

22. In conjunction with the Lease, Defendant Patterson represented that he held the liquor license for the property and agreed to transfer that license to Plaintiff's principal, Ronald Beainy, upon payment of $20,000. Plaintiff Beainy paid the agreed sum in good faith. However, the promised transfer never occurred. Defendant Patterson offered ever-shifting excuses for the delay and ultimately demanded that all restaurant employees be transferred to the payroll of his affiliated entity, Defendant All Tex Personnel, LLC, as a condition of completing the license transfer. This demand was coercive and unjustified, and Plaintiff refused to capitulate.

23. In late March or early April, Plaintiff Ronald Beainy communicated with Defendant Patterson regarding Beainy's intention to eventually wind down the use of the term Trump Burger and instead replace it with "MAGA Burger" for use in conjunction with the Beainy's concept. On April 14, 2025, Plaintiff Beainy even filed the appropriate certificate of formation documents for MAGA Burger Holdings, LLC for the purposes of receiving assignment of, holding, and managing all licenses of The Burger Concept. In keeping with this purpose, MAGA Burger Holdings LLC applied for registration of the "MAGA BURGER" word mark and a corresponding design mark, with the United States Patent and Trademark Office ("USPTO"). Additionally, Beainy has assigned his rights in the Burger Concept to MAGA Burger Holdings LLC.

24. Unbeknownst to Plaintiffs, while professing cooperation, Defendant Patterson was laying the groundwork for a hostile takeover. On April 8, 2025, Patterson formed "MAGA Burger Houston, LLC." Two days later, he registered the assumed name "Trump Burger" under that

entity. On April 14, he formed "MAGA Burger USA, LLC", and on April 15, filed an additional assumed name certificate for "Trump Burger" under the second entity. These filings were made without notice to or consent from Plaintiffs.

25. Just days after these registrations, Patterson attempted to induce Plaintiffs to execute an "addendum" to the original Lease. This document had not been previously disclosed and was not referenced in the Lease. On April 16, 2025, Patterson, using an email address associated with All Tex, claimed that the addendum was a required document despite Plaintiffs' objections and lack of any prior agreement. Plaintiffs rejected the demand.

26. Thereafter, relations rapidly deteriorated. On or about June 7, 2025, Patterson caused Plaintiffs and their employees to be forcibly removed from the premises under the guise of law enforcement authority and claimed the existence of "no-trespass" and "restraining orders." No such orders were produced at that time or at any time since. The seizure of the premises occurred without legal process or judicial authorization.

27. Following the removal, Patterson and his affiliates immediately took over operations at the restaurant, originally continuing to operate under the Trump Burger – Kemah name, and then eventually under the MAGA BURGER, using the Burger Concept without permission.

28. They continued using Plaintiffs' commercial equipment, furniture, and business assets and continued to sell Plaintiffs' perishable goods and merchandise, pocketing all proceeds. Defendants also rerouted all credit card payment systems at the restaurant location to bank accounts under their own control and began diverting all customer revenues away from Plaintiffs and lining their own pockets.

29. To compound the injury, Patterson and his entities requested that Plaintiff continue making payroll for employees who had been effectively commandeered into working for the

Defendants. Meanwhile, two employees whom Plaintiffs later learned had longstanding affiliations with Patterson, remained on site and acted under his direction, further demonstrating the premeditated nature of the takeover.

30. Defendants have since operated the restaurant as their own, utilizing Plaintiffs' business name, signage, goodwill, and reputation to mislead consumers into believing that the business remains owned and operated by Plaintiff Ronald Beainy and Plaintiff Trump Burger Kemah, LLC. This conduct has caused severe market confusion and irreparable injury to Plaintiffs' brand, reputation, customer relationships, and revenue stream.

31. Patterson's use of MAGA Burger USA, LLC and MAGA Burger Houston, LLC as operational vehicles for the hijacked restaurant demonstrates a calculated plan to misappropriate the Trump Burger brand. These entities are Patterson's alter egos, operated exclusively for his benefit and under his direction. They serve no legitimate independent function and were formed to facilitate the wrongful conduct described herein.

32. At all relevant times, Defendants acted jointly and in concert, executing a coordinated plan to dispossess Plaintiffs of their leasehold, misappropriate business property, infringe upon trademark rights, and usurp the Trump Burger concept for their own gain.

33. Plaintiffs have continuously promoted the Burger Concept and associated marks through storefront signage, in-store merchandising, social media, and word-of-mouth; consumers associate the patriotic décor, political-shrine ambience, themed menu names, and branded buns with Plaintiffs as source.

34. The TRUMP BURGER brand has achieved widespread recognition and cultural prominence through extensive media coverage, rapid expansion, and strong consumer association with its distinctive concept. National and regional outlets, including Fox Business,

The Independent, and Deseret News, have featured Trump Burger as a unique dining destination, highlighting its patriotic décor, Trump-themed memorabilia, and signature menu items such as the "Trump Tower" burger and buns stamped with the TRUMP name. Since opening its first location in Bellville, Texas, the brand has expanded to multiple cities, including Flatonia, Kemah, and Houston, drawing customers from across Texas and neighboring states. Its openings have generated viral attention on social media and sparked commentary in political and lifestyle discussions, reinforcing its visibility and cultural relevance. The restaurant's immersive theme, described in press reports as a "shrine" and "theme park-like experience," combined with branded merchandise and integrated retail displays, has created a strong commercial impression and consumer loyalty. This pervasive publicity, geographic reach, and distinctive branding demonstrate that the TRUMP BURGER mark enjoys significant recognition and goodwill, supporting a finding that it is famous within Texas and widely recognized among relevant consumers.

## V.     CAUSES OF ACTION

*COUNT I – TRADEMARK INFRINGEMENT & UNFAIR COMPETITION (COMMON LAW MARKS)*
*Lanham Act § 43(a), 15 U.S.C. § 1125(a) – By MAGA Burger Holdings LLC, Trump Burger LLC, and Trump Burger Kemah, LLC Against All Defendants*

30.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

31.     Plaintiffs own valid, protectable rights in the TRUMP BURGER, TRUMP BURGER MAGA, and MAGA BURGER marks and associated goodwill. MAGA Burger Holdings LLC owns the marks and related intellectual property; Trump Burger LLC and Trump Burger Kemah, LLC are authorized licensees with rights to enforce.

32. Without Plaintiffs' consent, Defendants have used in commerce identical or confusingly similar designations TRUMP BURGER, MAGA BURGER, and related names, in connection with identical restaurant services, at the same location, in the same channels of trade, causing a likelihood of confusion as to source, sponsorship, affiliation, or approval.

33. Defendants' conduct constitutes trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

34. Defendants' conduct is willful and intentional. Plaintiffs have suffered and will continue to suffer irreparable harm absent injunctive relief, and are entitled to Defendants' profits, damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1116–1117.

### *COUNT II – TRADE DRESS INFRINGEMENT (RESTAURANT DÉCOR/AMBIENCE/PRESENTATION)*
*Lanham Act § 43(a), 15 U.S.C. § 1125(a) – By MAGA Burger Holdings LLC, Trump Burger LLC, and Trump Burger Kemah, LLC Against All Defendants*

35. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

36. Plaintiffs own or license (with rights to enforce) protectable trade dress in the Burger Concept's overall look and feel, including the patriotic exterior, Trump-centric interior décor, politically themed menu and branded buns, integrated merchandise, and uniforms, which together create a unique commercial impression identifying Plaintiffs as the source.

37. The trade dress is distinctive (inherently or through secondary meaning) and non-functional. Defendants' adoption and use of substantially identical trade dress for identical services is likely to cause confusion as to source, sponsorship, or approval.

38. Defendants' conduct constitutes trade dress infringement under 15 U.S.C. § 1125(a). Plaintiffs are entitled to injunctive relief, Defendants' profits, damages, costs, and attorneys' fees

under 15 U.S.C. §§ 1116–1117, and destruction/delivery-up of infringing materials under 15 U.S.C. § 1118.

### COUNT III – TEXAS COMMON-LAW TRADEMARK INFRINGEMENT / UNFAIR COMPETITION
*By MAGA Burger Holdings LLC, Trump Burger LLC, and Trump Burger Kemah, LLC Against All Defendants*

39. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

40. Plaintiffs own and or license with rights to enforce protectable common-law rights in their marks TRUMP BURGER MAGA an MAGA BURGER and associated goodwill in Texas.

41. Defendant is using in commerce MAGA BURGER in conjunction with its burger restaurant.

42. Defendants' unauthorized use of MAGA BURGER is likely to cause confusion among consumers as to source, sponsorship, or affiliation, constituting trademark infringement and unfair competition under Texas common law.

43. Plaintiffs are entitled to injunctive relief, disgorgement, damages, and costs under Texas law.

### COUNT IV – TEXAS COMMON-LAW TRADE DRESS INFRINGEMENT / UNFAIR COMPETITION
*By MAGA Burger Holdings LLC, Trump Burger LLC, and Trump Burger Kemah, LLC Against All Defendants*

44. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

45. Plaintiffs' Burger Concept trade dress is distinctive and non-functional.

46. Defendants' adoption of a confusingly similar overall appearance for identical services constitutes passing off and unfair competition under Texas common law.

47. Plaintiffs are entitled to injunctive relief, disgorgement, damages, and costs.

### COUNT V – TEXAS STATUTORY DILUTION (ALTERNATIVE)
*Tex. Bus. & Com. Code § 16.103 – By MAGA Burger Holdings LLC, Trump Burger LLC, and Trump Burger Kemah, LLC Against All Defendants*

48. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

49. Plaintiffs' mark MAGA BURGER and TRUMP BURGER MAGA or trade dress of the Burger Concept is famous and distinctive in Texas (statewide or in a geographic area).

50. Defendant is using a similar mark or trade dress in commerce.

51. Defendants' later commercial use of identical or similar marks or trade names is likely to cause dilution by blurring and/or tarnishment in violation of Tex. Bus. & Com. Code § 16.103.

52. Plaintiffs seek injunctive relief (and, upon a finding of willful intent, additional remedies) as permitted by statute.

### COUNT VI – BREACH OF CONTRACT
*By Trump Burger Kemah, LLC Against 409 Bradford, LLC*

53. Plaintiff Trump Burger Kemah, LLC entered into a valid and enforceable Commercial Lease Agreement with Defendant 409 Bradford, LLC on January 28, 2025, to operate its restaurant business at 409 Bradford Avenue, Kemah, Texas.

54. The Lease provided clear terms governing the parties' rights and obligations, including, but not limited to, requirements that: (1) the landlord provide no less than three days' written notice to Tenant; (2) the manner in which notice must be served; and, (3) Tenant's right to cure prior to any termination. The Lease also ensured Plaintiffs' quiet enjoyment of the premises, among other rights.

55. Plaintiff fully performed its obligations under the Lease. It paid rent, conducted lawful business on the premises, and made substantial improvements and investments in and to the premises in reliance on its rights pursuant to the terms of the Lease.

56. Defendant 409 Bradford, LLC, acting through Patterson, breached the Lease by unilaterally evicting Plaintiffs without notice or legal process, barring access to the premises under false pretenses, and diverting Plaintiffs' income and assets.

57. As a result of these breaches, Plaintiffs have suffered significant financial harm including loss of leasehold, loss of revenue, loss of investment, and destruction of business goodwill.

### COUNT VII – CONVERSION
*By All Plaintiffs Against All Defendants*

58. Defendants wrongfully assumed and exercised control over property belonging to Plaintiffs, including perishable goods, merchandise, commercial kitchen equipment, inventory, furnishings, credit card processing systems, business accounts, and the operational identity of Trump Burger.

59. This control was exerted without authorization and in exclusion of Plaintiffs' rights. Defendants' continued use of this property after forcibly excluding Plaintiffs from the premises constitutes unlawful conversion.

60. As a proximate result, Plaintiffs have lost the use and benefit of their personal and business property and seek the full value of the converted items and related consequential damages.

### COUNT VIII – CIVIL THEFT (TEXAS THEFT LIABILITY ACT)
*Tex. Civ. Prac. & Rem. Code § 134.001 et seq. – By All Plaintiffs Against All Defendants*

61. The conduct of Defendants rises beyond conversion to civil theft. Defendants appropriated Plaintiffs' property, including perishable goods, merchandise, equipment,

inventory, and revenue from credit card processing systems—with the intent to deprive Plaintiffs of that property permanently.

62. Such appropriation was done without consent or color of right and was executed through misrepresentation and intimidation.

63. Under the Texas Theft Liability Act, Plaintiffs are entitled to actual damages, exemplary damages, and recovery of attorneys' fees and costs.

### COUNT IX – UNJUST ENRICHMENT (ALTERNATIVE)
*By All Plaintiffs Against All Defendants*

64. In the alternative and to the extent a contractual remedy may be unavailable, Plaintiffs assert that Defendants have been unjustly enriched by their wrongful occupation of the premises and use of Plaintiffs' property and goodwill.

65. Defendants have operated the restaurant, generated revenue, and cultivated public recognition by misappropriating Plaintiffs' brand and business model.

66. It would be unconscionable to allow Defendants to retain the profits and benefits derived from such conduct. Plaintiffs seek restitution, disgorgement, and all equitable remedies available under Texas law.

### COUNT X – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
*By All Plaintiffs Against All Defendants*

67. Plaintiffs had valid and ongoing business relationships with customers, suppliers, vendors, and employees essential to the operation of the Trump Burger restaurant.

68. Defendants knew of these relationships and intentionally interfered with them by unlawfully removing Plaintiffs from the premises, misrepresenting ownership to vendors and customers, and commandeering Plaintiffs' staff.

69. Such interference was independently tortious, involving conversion, theft, and deception. As a direct result, Plaintiffs have lost business opportunities, suffered reputational harm, and experienced disruption of operations.

### COUNT XI – CIVIL CONSPIRACY
### *By All Plaintiffs Against All Defendants*

70. All Defendants conspired to unlawfully deprive Plaintiffs of their business by orchestrating a plan to create fraudulent entities, register assumed names, manufacture a basis for eviction, and seize control of the restaurant.

71. Defendants had a meeting of the minds on this unlawful purpose and acted in concert to achieve it. Each is therefore jointly and severally liable for the full measure of harm inflicted on Plaintiffs through this coordinated scheme.

### VI. INJUNCTIVE RELIEF REQUESTED

72. Plaintiffs seek preliminary and permanent injunctive relief to prevent further irreparable harm caused by Defendants' ongoing infringement and misappropriation.

73. Absent court intervention, Defendants will continue to operate under the Trump Burger and MAGA Burger names, exploit Plaintiffs' goodwill, and deceive the public regarding the origin of goods and services offered at the premises.

74. This conduct threatens to permanently erode customer trust, business relationships, and the market value of Plaintiffs' brand. Monetary damages alone are inadequate to remedy these harms.

75. Plaintiffs respectfully request that the Court issue preliminary and permanent injunctions prohibiting Defendants, their agents, and those acting in concert with them from:

   a. Using the name "MAGA Burger," or any confusingly similar marks or names in connection with any restaurant, food service, or related business;

b. Representing to any third party, whether customers, vendors, or the public, that they are affiliated with, endorsed by, or successors to the Trump Burger concept originally developed by Plaintiffs;

c. Operating any business at the 409 Bradford Avenue premises or otherwise utilizing Plaintiffs' equipment, inventory, signage, furnishings, digital systems, or intellectual property;

d. Diverting or accessing credit card revenues, bank accounts, or other financial instruments belonging to Plaintiffs;

e. Destroying, altering, or withholding any communications, records, or electronic data relating to the Lease, liquor license transfer, financial transactions, or interactions with Plaintiffs' customers and employees;

f. Using Plaintiffs' distinctive trade dress or any confusingly similar overall look and feel—including, without limitation, the patriotic red/white/blue exterior with large American flags, Trump-centric interior décor and memorabilia, politically themed menu naming and branded buns, integrated merchandise displays, and uniforms—in connection with any restaurant or food service operation.

74. Plaintiffs are willing to post bond in an amount deemed proper by this Court. However, given the clear, unlawful conduct and the balance of equities, minimal security should be required.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that Defendants be cited to appear and answer, and upon final trial or hearing, the Court grant the following relief:

1. Judgment in favor of Plaintiffs on all causes of action asserted herein;

2. Preliminary and permanent injunctive relief as requested above;

3. All actual damages, consequential damages, and exemplary damages available under law;

4. Disgorgement of Defendants' ill-gotten profits and restitution of unlawfully retained benefits;

5. Treble damages and attorneys' fees under the Lanham Act and Texas Theft Liability Act;

6. Pre-judgment and post-judgment interest at the maximum rate permitted by law;

7. Costs of court and all other relief, at law or in equity, to which Plaintiffs may be justly entitled.

## VIII. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

    Respectfully submitted,

    GAUNTT, KOEN, BINNEY & KIDD, LLP

    By: /s/ Geoffrey S. Binney
        Geoffrey S. Binney
        Texas Bar No. 24029071
        Fed ID: 32660
    25700 I-45 North, Suite 130
    Spring, Texas 77386
    Telephone: (281) 367-6555
    Facsimile: (281) 367-3705
    Email: geoff.binney@gkbklaw.com
    LEAD COUNSEL FOR PLAINTIFF
    TRUMP BURGER – KEMAH, LLC

BAYOU IP PLLC

By: /s/ Michael Spradley
    Michael Spradley
    Texas Bar No. 24067881
    SDTX: 1206455
    michael@bayouip.com
11011 Richmond Ave, Ste 178
Houston, TX 77042
Tel: (713)-PAT-ENTS (728-3687)
LEAD COUNSEL FOR MAGA BURGER
HOLDINGS, LLC, and TRUMP BURGER LLC