# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| **MAGA BURGER HOLDINGS, LLC, TRUMP BURGER LLC, and TRUMP BURGER KEMAH, LLC** § § § § **Plaintiffs,** § § v. § § **409 BRADFORD, LLC, ALL TEX PERSONNEL, LLC, ARCHIE PATTERSON, MAGA BURGER USA, LLC, and MAGA BURGER HOUSTON, LLC,** § § § § **Defendants.** § _____/ § **DTTM OPERATIONS, LLC, CIC OPERATIONS LLC, and TRUMP WINE MARKS, LLC,** § § **Intervenor Plaintiffs/Cross-Claimants,** § § v. § § **409 BRADFORD, LLC, ALL TEX PERSONNEL, LLC, ARCHIE PATTERSON, MAGA BURGER USA, LLC, MAGA BURGER HOUSTON, LLC, PRESIDENT BURGER LLC F/K/A TRUMP BURGER BELLVILLE, LLC, TRUMP BURGER, LLC, TRUMP BURGER MAGA INC., TRUMP BURGER TEXAS, INC., TRUMP BURGER USA INC., TRUMP BURGER 2024, INC., IYAD ABUELHAWA, SUAD HAMEDAH, TRUMP BURGER CONROE, LLC, TONY WHITE, TRUMP BURGER MONTGOMERY, LLC, MAGA BURGER ATW LLC, MAGA BURGER BAY CITY INC., MAGA BURGER VICTORIA LLC, ROLAND BEAINY, and BARTON RANDAL BLAKELOCK,** § § **Defendants,** § § **and** § | **CIVIL ACTION NO. 3:25-cv-00313** |

1

| | |
|---|---|
| **MAGA BURGER HOLDINGS, LLC, TRUMP BURGER LLC, and TRUMP BURGER KEMAH, LLC,** | §<br>§<br>§ |
| Cross-Defendants. | §<br>§ |
| _____/ | § |

### DTTM OPERATIONS LLC , TRUMP WINE MARKS, LLC, AND CIC OPERATIONS LLC'S MOTION TO INTERVENE

COMES NOW, DTTM Operations LLC ("DTTM"), Trump Wine Marks, LLC ("TWM") and CIC Operations LLC, ("CIC" and all Intervenors collectively referred to as "Trump Org."), by and through their counsel and pursuant to Federal Rule of Civil Procedure 24(a)(2), move this Court for leave to intervene in this action as Intervenor Plaintiffs and Cross-Claimants as of right or, alternatively, for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). As grounds therefore, Trump Org. allege as follows:

### I.   RELEVANT PROCEDURAL BACKGROUND

1. On September 26, 2025, Plaintiffs MAGA BURGER HOLDINGS, LLC, TRUMP BURGER LLC, and TRUMP BURGER KEMAH, LLC ("Plaintiffs") filed an eleven-count Complaint against Defendants 409 BRADFORD, LLC, ALL TEX PERSONNEL, LLC, ARCHIE PATTERSON, MAGA BURGER USA, LLC, and MAGA BURGER HOUSTON, LLC, ("Defendants") alleging, *inter alia*, Lanham Act § 43(a), 15 U.S.C. § 1125(a) trademark infringement against Defendants for TRUMP BURGER, TRUMP BURGER MAGA, and MAGA BURGER "marks" and associated goodwill

(Count I) and Texas common law trademark infringement for TRUMP BURGER MAGA and MAGA BURGER, and related "marks" and associated goodwill (Count III).[1]  DE 1.

2. On September 29, 2025, the Court entered an Order for Initial Pre-trial and Scheduling Conference and Order to Disclose Interested Persons setting the initial conference for November 12, 2025.  DE 3.

3. That same date, the Court entered an Order resetting the Initial Conference to December 10, 2025.  DE 6.

4. On October 2, 2025, Defendants acknowledged service of process.  DE 8.

5. On October 14, 2025, Plaintiffs filed a Certificate of Interested Parties. DE 9.

6. On October 21, 2025, Defendants filed their Answers.  DEs 10-11.

7. On November 4, 2025, Defendants filed a Certificate of Interested Parties. DE 12.

8. On November 7, 2025, the original case parties filed a Joint Discovery/Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure.  DE 13.  In this filing, the parties agreed that DTTM Operations, LLC, and CIC Operations, LLC, would seek to intervene. *Id.* at ¶ 7.  Defendants also asserted that these entities are rightful parties to the lawsuit, but Plaintiffs did not agree. *Id.* at ¶ 6.

---

[1] Plaintiffs and Defendants are referred to collectively herein as the "original case parties." Additionally, the docket does not reflect that Defendant ALL TEX PERSONNEL, LLC, was served with process or otherwise entered an appearance in this matter. Therefore, Trump Org. is without knowledge of their involvement at this time.

9. On November 17, 2025, Trump Org.'s counsel contacted all of the original parties' counsel by email to confer about Trump Org.'s Motion to Intervene and actually communicated with counsel for Plaintiff TRUMP BURGER KEMAH, LLC Geoffrey Binney, Esq., by email and counsel for MAGA BURGER HOLDINGS, LLC and TRUMP BURGER LLC Michael Spradley, Esq. by telephone. No agreement on this Motion was achieved at that time.

10. On November 18, 2025, Defendants' counsel Kyle Dickson, Esq., responded that he was in a lengthy hearing on November 17, 2025, but did not oppose this Motion. On November 20, 2025, at approximately 3:00 P.M. (CST), this agreement as to intervention was confirmed during a Zoom meeting with him and undersigned counsel.

11. On November 19, 2025, at approximately 4:00 P.M. (CST), Plaintiffs' counsel met with counsel for Trump Org. and indicated that they would have an answer on conferral likely by later that evening.

12. On November 20, 2025, at 3:53 P.M. (CST), Trump Org. counsel emailed Plaintiffs' counsel for their response to the conferral on this Motion and indicated that Trump Org. planned to file this Motion on November 21, 2025.

13. On November 21, 2025, at 12:02 P.M. (CST), Mr. Binney indicated by email that Plaintiffs oppose this Motion.

14. As required by Federal Rule of Civil Procedure 24(c), Trump Org. is filing with this Motion to Intervene a proposed Complaint and Crossclaim asserting claims against the original case parties and an additional seventeen (17) related defendants that justify its intervention in this case. Trump Org. adopts the claims and facts asserted in the

4

proposed Complaint and Crossclaim by reference herein. *See* proposed Complaint attached as *Exhibit "B"* hereto.

## II. RELEVANT FACTUAL BACKGROUND

15. This case involves the original case parties continued willful infringement and dilution of Trump Org.'s wide array of marks and names, including, without limitation, TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN, and similar marks, the most relevant to this action outlined in *Exhibit "A"* hereto ("**Trump Org. Marks**"), by the original case parties in interstate commerce and in Texas in connection with the Infringing Services and/or Products.

16. Trump Org. are the owners and managers of countless United States Service Mark Registrations for Trump Org.'s wide array of marks and names, including, without limitation, TRUMP and MAKE AMERICA GREAT AGAIN and similar marks and derivations.

17. Some of the marks bearing the name "TRUMP" have been registered with the USPTO for decades and in at least 70 countries around the world. The TRUMP mark has been registered, specifically for restaurant services, for nearly two decades including, for example, U.S. Trademark Registration 3483760, applied for in 2007 and registered by the USPTO in 2008 of which DTTM is the current owner by direct, express assignment from Donald J. Trump.

18. Trump Org.'s TRUMP and MAGA marks have been in continuous use since before any of Respondent's use thereof. For example, Trump Org. owns, operates, and/or manages several restaurants around the world bearing the TRUMP name, and variations

thereof, such as TRUMP GRILL, TRUMP CAFÉ, TRUMP PIZZA and TRUMP SWEETS at Trump Org.'s world famous Trump Tower in New York City. *See* https://www.trumptowerny.com/dining. Trump Org.'s restaurant, TRUMP GRILL, even serves an item called the "Maga Burger". *See* https://www.trumptowerny.com/menu/midtown-nyc-lunch-restaurant.

19. Trump Org.'s Marks and the TRUMP name and brand are closely associated with the 45th and 47th President of the United States, Donald J. Trump and Trump Org. and are internationally known and famous as a result of President Trump's and the Trump Organization's high-profile business and political achievements.

20. Trump Org. are the owners of the Trump Org.'s Marks, including TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN, together with other marks that incorporate the TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN designations, and otherwise have the exclusive right to administer, manage, control, license, and police their portfolios of the TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN marks, and related intellectual property. Trump Org. also hold extensive rights of publicity, including, without limitation, the right to commercially exploit the name, image, and likeness of Donald J. Trump and certain family members as well as related copyrights.

21. Trump Org.'s famous marks, names, likenesses, and other intellectual property are licensed and otherwise used on a wide variety of goods and services, official examples of which can be found on Trump Org's websites, trump.com and trumpstore.com.

22. Before associating the Trump Org.'s Marks with a product or business, Trump Org. performs careful and extensive vetting of all prospective licensees as well as the quality of their goods and services to ensure they are consistent with the standards and goodwill associated with the Trump Org.'s Marks.

23. DTTM, CIC and TWM are intellectual property holding companies that are all directly or indirectly managed by The Trump Organization, the internationally known business organization founded by Donald J. Trump that provides world-class hotels, luxury residential real estate, top-tier office buildings, championship golf clubs, merchandise, entertainment, event management as well as restaurants in the United States and internationally.

24. Trump Org.'s Marks are inherently distinctive but have also become a distinctive indication of the origin and high level of quality of Trump Org.'s services and products as a result of Trump Org.'s and its licensees' extensive use, sales, marketing, and advertising. Trump Org.'s Marks therefore act as an indication of the source of these services and products and assure consumers a high level of quality, appeal, and satisfaction with which Trump Org.'s services and products have become synonymous.

25. By using Trump Org.'s Marks for several decades in the restaurant and hospitality industries in, interstate, and international commerce, Trump Org. has developed significant and valuable goodwill in Trump Org.'s Marks within the industries and in the public, which have also acquired secondary meaning.

26. The original case parties undoubtedly are familiar with the services and products Trump Org. offers under Trump Org.'s Marks. For example, in their Complaint

7

[DE-1] at ¶ 15, describing their trade dress, Plaintiffs highlight: "Exterior signage and banners frequently incorporate political slogans such as "Trump 2024" and imagery associated with President Donald J. Trump, reinforcing the restaurant's distinctive identity."

27. Trump Org. and the original case parties are direct competitors in the restaurant industry, particularly in the market providing restaurant services and products under the Trump Org. Marks.

28. The original case parties sell, offer for sale, market, advertise, and promote Infringing Services and/or Products in the State of Texas and interstate commerce which misleadingly appear to consumers as being identical to Trump Org.'s services and products, and also falsely appear to emanate from the same source as the Trump Org. Marks.

29. The original case parties have adopted and have been using the Trump Org. Marks and/or variations thereof, which are confusingly similar to the Trump Org. Marks, in connection with the sale and marketing of the Infringing Services and/or Products without Trump Org.'s authorization.

30. On April 14, 2025, Plaintiff MAGA Burger Holdings LLC filed U.S. Service Mark Application Serial No. 99135657 for the mark MAGA BURGER and U.S. Service Mark Application Serial No. 99135667 for the design mark consisting of a cartoon image of a cheeseburger incorporating the likeness of President Donald J. Trump. The United States Patent and Trademark Office refused Application 99135667 because of its attempt to falsely connect the subject image and MAGA Burger Holdings LLC's website with President Trump's reputation and likeness and without his consent.

31. The original case parties' applications are damaging to Trump Org. as they are infringing on Trump Org.'s prior trademark rights, and also pose as a potential bar to Trump Org's registration of their applications for the Trump Org. Marks.

32. As indicated above, by virtue of their longstanding use, licensing, and registrations, Trump Org. have the exclusive right to use the Trump Org. Marks in commerce in connection with the restaurant and hospitality services and related products.

33. Despite prior knowledge of Trump Org.'s superior rights, the original parties adopted, licensed, and commenced use of trademarks identical and/or confusingly similar to the Trump Org. Marks long after Trump Org. first used Trump Org.'s Marks in commerce, and/or after Trump Org. obtained federal and international trademark registrations of the Trump Org. Marks, and long after the Trump Org. Marks became directly associated with Trump Org., President Trump and the Trump family, in the minds of consumers.

34. The allegations of the Complaint provided a plethora of facts describing the use of the Trump Org.'s Marks, and Trump Org adopts the facts of the Complaint by reference herein.

The facts described in this Factual Background Section are not an exhaustive accounting of the infringement and other claims; they certainly justify, however, Trump Org.'s intervention in this matter.

### III.  LEGAL AUTHORITY FOR INTERVENTION

Federal Rule of Civil Procedure 24 governs intervention in a federal lawsuit. Rule 24(a), pertaining to intervention as of right provides,

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Interpreting Rule 24(a)(2), the United States Fifth Circuit Court of Appeals pronounced four requirements to intervene as a matter of right, to wit,

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (internal citation omitted), *cited with approval in Texas v. U.S.*, 805 F.3d 653, 675 (5th Cir. 2015).

Rule 24(b)(1), pertaining to permissive intervention of a non-governmental entity, provides, "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Courts have broad discretion to grant or deny permissive intervention. *United Gas Pipe Line Co.*, 732 F.2d at 471.

Other factors for the Court to consider when determining if intervention is appropriate are whether the intervention would *unduly* delay or prejudice the adjudication of the rights of the original parties. *Stallworth v. Monsanto Co.*, 258 F.2d 257, 265 (5th Cir. 1978). Nevertheless, "the accommodation of additional parties almost invariably

slows down litigation and makes it more costly. This alone, however, cannot be a basis for denying intervention of right." *Lelsz v. Kavanagh*, 701 F.2d 1040, 1045 (5th Cir. 1983).

Based on these legal authorities, and as will be demonstrated below, Trump Org. satisfy the criteria for intervention and should be permitted to intervene in this action.

### IV. ARGUMENT

**A. The Motion to Intervene Is Timely.**

Trump Org. timely and diligently filed this Motion to Intervene. On September 26, 2025, Plaintiffs filed this lawsuit. On October 21, 2025, Defendants filed Answers to the Complaint. DEs 10, 11. As provided in the declaration of Trump Org. corporate representative Alan Garten. Trump Org. first learned of this lawsuit on or about November 6, 2025. See **Exhibit "C"**. Trump Org. are Delaware limited liability companies, and, therefore, are not immediately privy to local news in the State of Texas. *Id.*

Further, on November 17, 2025, as required by Southern District of Texas Local Rule 7.1D, undersigned counsel sent the first conferral email to all counsel of record. *See* **Exhibit "D"**. Parties' counsel professionally accommodated the need for urgency to confer on this Motion, but conferral lasted through and including November 21, 2025, ultimately leading to Plaintiffs' opposition to this Motion.[2] This Motion is filed a mere fifteen (15) days after Trump Org. learned of this lawsuit, less than two months after Plaintiff filed the case and served the summons on Defendants, before service of process on Defendant ALL

---

[2] Defendants, however, promptly agreed to the intervention.

11

TEX PERSONNEL, LLC, before any discovery has occurred, and before the initial conference. Thus, undeniably, this Motion is timely.

### B. Trump Org. Have an Interest Relating to the Property Which Is the Subject of the Action.

Trump Org. are the rightful owners of the trademarks the Trump Org. Marks for which they have a significant and dominant interest in the subject property involved in this action. *See* List of Trump Org. Marks attached hereto as **Exhibit "A"**. Plaintiffs, meanwhile, allege that they own "valid, protectable rights in" the common law marks of TRUMP BURGER, TRUMP BURGER MAGA, and MAGA BURGER. DE 1 at ¶ 31. Notably, Plaintiffs attached no written or physical proof to the Complaint substantiating their claims to these rights. *See* DE 1. Instead, Plaintiffs overlook, or are intentionally attempting to usurp, CIC's registration of MAGA and MAKE AMERICA GREAT AGAIN®, with the United States Patent and Trademark Office. Defendants are similarly responsible for this usurpation and unlawful use.

Further, DTTM and TWM, as the registered trademark owners of the TRUMP®, marks, and variations of same in the restaurant class, have a significant interest in the Plaintiffs' and Defendants' unauthorized use of the Trump Org. Marks and the name, image, and likeness of President Donald J. Trump and his family members in their restaurants. *See* **Exhibit "A"**. This use dilutes the Trump Org. Marks and image, affects the goodwill of those Marks, and violates the Trump family's respective rights of publicity. Trump Org. have a legitimate interest in the subject of this action, which could pronounce judgment

against Trump Org.'s interests in the Marks of MAGA, MAKE AMERICA GREAT AGAIN®, TRUMP®, and others.  Thus, intervention should be permitted.

Indeed, because of the significant interests at stake, intervention is common in trademark cases.  *See Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642 (M.D. Fla. Sept. 15, 2014);  *Bible Way Church of Our Lord Jesus Christ World Wide, Inc. v. Showell*, 260 F.R.D. 1 (D.C. Aug. 12, 2009) (permitting alleged owners of trademark to intervene). As the real owners of the trademarks, Trump Org. are permitted as of right to intervene in this litigation so as to protect their valuable interests.

### C. The Disposition of This Action Will Impair or Impede Trump Org.'s Ability to Protect Their Interests.

Regardless of which side prevails, the final result of the originally filed lawsuit will impair Trump Org.'s lawful rights to their Marks.  Plaintiffs have alleged that they own variations of MAGA and TRUMP®, in clear contravention of Trump Org.'s interests.  In Counts I and 3, Plaintiffs seeks an adjudication of their ownership to these Marks under Texas common law and the Lanham Act. An adjudication that the subject Marks belong to Plaintiffs will significantly impair Trump Org.'s rightful ownership of the Marks.

Defendants, meanwhile, deny the allegations of Plaintiffs' ownership of the Marks contained in the Complaint and have asserted various Affirmative Defenses alleging that they are entitled to use the Marks.  *See*, *e.g.*, DE 1 at ¶ 32 ("Plaintiffs own valid, protectable rights in the TRUMP BURGER, TRUMP BURGER MAGA, and MAGA BURGER marks and associated goodwill. MAGA Burger Holdings LLC owns the marks and related intellectual property; Trump Burger LLC and Trump Burger Kemah, LLC are authorized

13

licensees with rights to enforce.") and DE 10 at 32 (denial of same); DE 10 at 12, ¶ 5 ("Plaintiffs' claims are barred in whole or in part due to fair use of the alleged trademarks."). Based on the pleadings and other evidence, a finding for either Defendants or Plaintiffs will impair Trump Org.'s interests in the subject Marks for which intervention as of right should be granted.

### D. Trump Org.'s Interest Is Inadequately Represented by the Existing Parties to the Lawsuit.

As has been explained in detail herein, the present parties do not adequately represent Trump Org.'s interests. Trump Org. are the lawful owners of the subject Marks. Plaintiffs and Defendants are attempting to establish ownership over Trump Org.'s Marks for themselves and are brazenly using the Marks without Trump Org.'s permission and in violation of the Lanham Act and Texas common law. Trump Org. have no relation to either Plaintiffs or Defendants, and they are actually damaging the reputation and goodwill of the Trump Org.'s Marks for which they owe monetary damages. In order for Trump Org. to protect their interests in the Marks, Trump Org. should be permitted to intervene.

### E. In the Alternative, Trump Org. Meet the Requirements for Permissive Intervention.

Rule 24(b)(1), pertaining to permissive intervention of a non-governmental entity, provides, "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Clearly, the present case involves a common question of law or fact as to who the rightful owner of the Marks and which

parties are infringing upon the Marks. Accordingly, permissive intervention is appropriate at this time to allow Trump Org. to properly protect their interests.

### F. Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Original Parties' Claims in this Matter.

Intervention in this matter will not cause undue delay or prejudice the adjudication of the original parties' claims. In *Stallworth v. Monsanto Company*, 258 F.2d 257, 265 (5th Cir. 1978), the United States Fifth Circuit Court of Appeals provided that this criteria should be considered before permitting intervention. Nevertheless, "[t]he accommodation of additional parties almost invariably slows down litigation and makes it more costly. This alone, however, cannot be a basis for denying intervention of right." *Lelsz v. Kavanagh*, 701 F.2d 1040, 1045 (5th Cir. 1983).

Due to the straightforward trademark interests at issue, the inclusion of Trump Org. will be a seamless stitch in the fabric of this case. First, the proceedings are at an exceedingly early stage in which the parties have just filed a proposed Joint Discovery/Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure. DE 13. Second, discovery requests have not been made. Therefore, no lost time or expenses have been incurred on discovery. Third, the Initial Conference is scheduled for December 10, 2025, which is an opportune time for all parties in interest to discuss scheduling and case issues. The original parties may still prosecute their claims without prejudice. Trump Org.'s intervention in this matter is appropriate under the *Stallworth* requirements.

The undersigned counsel anticipates that, when reviewing the matter for undue delay, the Court will address the proposed Trump Org. Complaint against the original

parties and the proposition of adding seventeen (17) defendants. These proposed defendants, however, are already interrelated with the original case parties. The following simple chart will explain the relationship between the parties:

| **Corporate Parties to be Added** | **Manager/Owner/Director** | **Relation to Original Case Party** |
|---|---|---|
| 1) TRUMP BURGER, LLC | Manager: Iyad Abuelhawa ("IA") | IA is the LLC managing member of Plaintiff TRUMP BURGER LLC (no comma). |
| 2) TRUMP BURGER MAGA INC. | Directors: IA, Roland Beainy ("RB"), and Hamedah Suad Hasan ("HSH") | See 1. Also, RB is the LLC manager of Plaintiff MAGA BURGER HOLDINGS, LLC, and HSH is the LLC manager for Plaintiff TRUMP BURGER KEMAH, LLC. |
| 3) TRUMP BURGER TEXAS, INC. | Agent: HSH | See 2. |
| 4) TRUMP BURGER USA INC. | Director: IA | See 1. |
| 5) TRUMP BURGER 2024, INC. | Director: IA | See 1 |
| 6) MAGA BURGER ATW LLC | Manager: HSH | See 2. |
| 7) MAGA BURGER BAY CITY INC. | Directors: RB and Barton Randal Blakelock ("Blakelock") | See 2. |
| 8) MAGA BURGER VICTORIA LLC | Director: RB | See 2. |
| 9) TRUMP BURGER CONROE, LLC | Director: Tony Ray White ("TRW") | On February 7, 2025, TRW was 50% owner of TRUMP BURGER KEMAH, LLC with co-owners RB, HSH, and Blakelock. |

| | | |
|---|---|---|
| 10) TRUMP BURGER MONTGOMERY, LLC | Director: TRW | See 9. Entity is virtually identical to TRUMP BURGER CONROE, LLC |
| 11) PRESIDENT BURGER F/K/A TRUMP BURGER BELLVILLE, LLC | Manager: Luis Alberto Mejia ("LAM") | This corporate defendant, with LAM as manager, uses the same business model (menu, food, and logo) as the Trump Burger Plaintiffs. *See* Photos at **Exhibit "E"**. |
| **Individual Parties to Be Added** | | |
| 12) HAMEDAH SUAD HASAN | | |
| 13) IYAD ABUELHAWA | | |
| 14) ROLAND BEAINY | | |
| 15) TONY RAY WHITE | | |
| 16) LUIS ALBERTO MEJIA | | |
| 17) BARTON RANDAL BLAKELOCK | | |

As seen in this chart, a clear connection exists between the original party Plaintiffs and the parties to be added. RB and IA are mentioned throughout the Complaint, and Blakelock is identified as an original developer of the burger concept along with them. *See* DE 1 at ¶ 20. Proposed defendant Luis Mejia and his corporate entities appear to be operating a franchise of the original Plaintiffs. Judicial economy will be promoted by including these parties as defendants upon intervention because Trump Org. will not have to file multiple lawsuits with the clerk of court pertaining to the same issues. Although the addition of seventeen (17) defendants may seem laborious at first glance, the reality is that the case will be effectively and efficiently developed by resolving all outstanding issues in

one case. Thus, although a delay is inevitable in every case, the intervention will not cause an undue one.

In the alternative, if the Court finds that the addition of these parties will create an undue delay or prejudice the original case parties' adjudication of claims, then Trump Org. respectfully requests that the Court allow it to resubmit a proposed Complaint that addresses the original case parties only or such additional parties as the Court deems appropriate.

## V.  CONCLUSION

For the foregoing reasons, Trump. Org. respectfully requests that the Court grant Trump Org.'s motion to intervene (i) as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, (ii) permissively pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**SPENCER FANE, LLP**

By: */s/ Mateo Fowler*
MATEO FOWLER
State Bar No. 24062726
mfowler@spencerfane.com
816 Congress Avenue, Suite 1200
Austin, Texas 78701
(512) 575-6097 Telephone
(512) 840-4551 Facsimile

**ATTORNEY FOR INTERVENORS DTTM OPERATIONS LLC, TRUMP WINE MARKS, LLC AND CIC OPERATIONS LLC**

## SOUTHERN DISTRICT OF TEXAS LOCAL RULE 7.1D CERTIFICATION

The undersigned herein certifies that the movant has conferred with the respondents and Intervenors' counsel and Plaintiffs' counsel agree about the disposition of the motion. The parties do not oppose the motion.

/s/Mateo Fowler
MATEO FOWLER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Intervene has been served on all counsel of record by CM/ECF system on February 23, 2026.

/s/Mateo Fowler
MATEO FOWLER