# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **MAGA BURGER HOLDINGS, LLC, TRUMP BURGER LLC, and TRUMP BURGER KEMAH, LLC** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:25-cv-00313** |
| **409 BRADFORD, LLC, ALL TEX PERSONNEL, LLC, ARCHIE PATTERSON, MAGA BURGER USA, LLC, and MAGA BURGER HOUSTON, LLC,** | § § § § | |
| **Defendants.** | § § | |
| _____/ | § | |
| **DTTM OPERATIONS, LLC, CIC OPERATIONS LLC, and TRUMP WINE MARKS, LLC,** | § § § | |
| **Intervenor Plaintiffs/Cross-Claimants,** | § § | |
| **v.** | § § | |
| **409 BRADFORD, LLC, ALL TEX PERSONNEL, LLC, ARCHIE PATTERSON, MAGA BURGER USA, LLC, MAGA BURGER HOUSTON, LLC, PRESIDENT BURGER LLC F/K/A TRUMP BURGER BELLVILLE, LLC, TRUMP BURGER, LLC, TRUMP BURGER MAGA INC., TRUMP BURGER TEXAS, INC., TRUMP BURGER USA INC., TRUMP BURGER 2024, INC., IYAD ABUELHAWA, SUAD HAMEDAH, TRUMP BURGER CONROE, LLC, TONY WHITE, TRUMP BURGER MONTGOMERY, LLC, MAGA BURGER ATW LLC, MAGA BURGER BAY CITY INC., MAGA BURGER VICTORIA LLC, ROLAND BEAINY, and BARTON RANDAL BLAKELOCK,** | § § § § § § § § § § § § § § § § § § | |
| **Defendants,** | § § | |
| **and** | § § | |

Page 1 of 35

**MAGA BURGER HOLDINGS, LLC, TRUMP** §
**BURGER LLC, and TRUMP BURGER KEMAH, LLC,** §
§
**Cross-Defendants.** §
_____/ §

---

### INTERVENOR PLAINTIFFS' COMPLAINT AND CROSSCLAIM FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

---

Intervenor Plaintiffs and Cross-Claimants, DTTM Operations, LLC, CIC Operations LLC, and Trump Wine Marks, LLC (collectively, "**Trump Org.**") bring this Complaint and Crossclaim against Plaintiffs/Cross-Defendants MAGA Burger Holdings, LLC, Trump Burger LLC, Trump Burger Kemah, LLC, against Defendants 409 Bradford, LLC, All Tex Personnel, LLC, Archie Patterson, MAGA Burger USA, LLC, and MAGA Burger Houston, LLC, and against newly proposed parties President Burger LLC formerly known as Trump Burger Bellville, LLC, Trump Burger, LLC, Trump Burger MAGA Inc., Trump Burger Texas, Inc., Trump Burger USA Inc., Trump Burger 2024, Inc., Iyad Abuelhawa, Suad Hamedah, Trump Burger Conroe, LLC, Tony White, Trump Burger Montgomery, LLC, MAGA Burger ATW LLC, MAGA Burger Bay City Inc., MAGA Burger Victoria LLC, Roland Beainy, and Barton Randal Blakelock (collectively, for the purpose of this Intervenors' Complaint and Crossclaim, "**Infringers**") for damages and injunctive relief arising from Infringers' trademark infringement under the Lanham Act, federal unfair competition/false designation of origin under 15 U.S.C. § 1125(a), dilution under 15 U.S.C. § 1125(c), common law trademark infringement, violation of right of publicity under common law, a declaratory judgment, writ of mandamus, decree and

certified order to the United States Patent and Trademark Office ("**USPTO**") under 15 U.S.C. §1119, and allege:

## I.    NATURE OF THE ACTION

1.     Trump Org. owns and manages over 700 trademark[1] registrations and other pending trademark applications worldwide. This is an action for infringement of certain of those valuable trademarks, for false designation of origin, and for unfair competition under federal law, for dilution, for violation of right of publicity under common law, a declaratory judgment, writ of mandamus, decree and certified order to the USPTO under 15 U.S.C. §1119.

2.     These claims involve the willful acts by competitors of Trump Org. using identical or nearly identical trademarks and service marks, including TRUMP BURGER, TRUMP BURGER MAGA, and MAGA BURGER ("**Infringing Marks**"), on and in connection with restaurant services and/or related products ("**Infringing Services and/or Products**") which appear identical to consumers or emanating from the same source, and are distributed and sold through identical trade channels and to identical purchasers.

3.     Trump Org. seek injunctive relief, damages, a declaratory judgment, writ of mandamus, decree and certified order to the USPTO under 15 U.S.C. §1119, attorneys' fees, costs, and all remedies available under federal and common law.

---

[1] The terms "trademark" and "mark" throughout this pleading shall include both trademarks and service marks.

## II.    JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121, as the claims arise under the Lanham Act, 15 U.S.C. § 1051 et seq. This Court also has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

5.    This Court has personal jurisdiction over Infringers because they are domiciled in and can otherwise be found in the forum state. Furthermore, this Court has personal jurisdiction over the Infringers because the Infringing Services and/or Products are sold, offered for sale, marketed, and distributed in the forum state, because upon information and belief Infringers have systematic and continuous contacts with the forum state, the Infringers have purposefully availed themselves of the benefits and protections of the forum state, and Infringers have engaged in many of the complained of acts in the forum state. Finally, this Court has personal jurisdiction over Infringers who have voluntarily subjected themselves thereto in this litigation and/or have already been served with process in this jurisdiction.

6.    Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district and because one or more of the Infringers are located in this district.

## III.    PARTIES

7.    Intervenor and Cross-Claimant DTTM Operations, LLC ("**DTTM**") is a Delaware limited liability company, and the owner of various TRUMP marks, the most relevant to this action outlined in ***Exhibit "A"*** hereto.

8. Intervenor and Cross-Claimant CIC Operations LLC ("**CIC**") is a Delaware limited liability company, and the owner of various MAGA and MAKE AMERICA GREAT AGAIN marks, the most relevant to this action outlined in ***Exhibit "A"*** hereto.

9. Intervenor and Cross-Claimant Trump Wine Marks LLC ("**TWM**") is a Delaware limited liability company, and the owner of various TRUMP marks, the most relevant to this action outlined in ***Exhibit "A"*** hereto.

10. DTTM, CIC, and TWM are intellectual property holding companies that are all directly or indirectly managed by The Trump Organization, the internationally known business organization founded by Donald J. Trump that provides world-class hotels, luxury residential real estate, top-tier office buildings, championship golf clubs, merchandise, entertainment, event management as well as restaurants in the United States and internationally.

11. Upon information and belief, Plaintiff MAGA Burger Holdings LLC is a Texas limited liability company that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products, and is the applicant of U.S. Service Mark Application Serial No. 99135657 for the mark MAGA BURGER and U.S. Service Mark Application Serial No. 99135667 for the design mark consisting of a cartoon image of a cheeseburger incorporating the likeness of Donald J. Trump.

12. Upon information and belief, Plaintiff Trump Burger LLC is a Texas limited liability company that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

13.    Upon information and belief, Plaintiff Trump Burger Kemah, LLC is a Texas limited liability company, that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

14.    Upon information and belief, Defendant 409 Bradford, LLC is a Texas limited liability company, that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

15.    Upon information and belief, Defendant All Tex Personnel, LLC is a Texas limited liability company, that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

16.    Upon information and belief, Defendant Archie Patterson is an individual residing in Texas, and currently directly uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products, and/or is the moving force behind wrongful acts of one or more parties hereto or third parties.

17.    Upon information and belief, Defendant MAGA Burger USA, LLC is a Texas limited liability company, that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

18.    Upon information and belief, Defendant MAGA Burger Houston, LLC is a Texas limited liability company, that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

19.    Upon information and belief, President Burger LLC formerly known as Trump Burger Bellville, LLC is a Texas limited liability company that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

20.     Upon information and belief, Trump Burger, LLC is a Texas limited liability company that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

21.     Upon information and belief, Trump Burger MAGA Inc. is a Texas corporation that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

22.     Upon information and belief, Trump Burger Texas, Inc. is a Texas corporation that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

23.     Upon information and belief, Trump Burger USA Inc. is a Texas corporation that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

24.     Upon information and belief, Trump Burger 2024, Inc. is a Texas corporation that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

25.     Upon information and belief, Iyad Abuelhawa is an individual residing in Texas, and currently directly uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products, and/or is the moving force behind wrongful acts of one or more parties hereto or third parties.

26.     Upon information and belief, Suad Hamedah is an individual residing in Texas, and currently directly uses and/or has used Infringing Marks in the sale of Infringing

Services and/or Products, and/or is the moving force behind wrongful acts of one or more parties hereto or third parties.

27.    Upon information and belief, Trump Burger Conroe, LLC is a Texas limited liability company that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

28.    Upon information and belief, Tony White is an individual residing in Texas, and currently directly uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products, and/or is the moving force behind wrongful acts of one or more parties hereto or third parties.

29.    Upon information and belief, Trump Burger Montgomery, LLC is a Texas limited liability company that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

30.    Upon information and belief, MAGA Burger ATW LLC is a Texas limited liability company that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

31.    Upon information and belief, MAGA Burger Bay City Inc. is a Texas corporation that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

32.    Upon information and belief, MAGA Burger Victoria LLC is a Texas limited liability company that currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products.

33.     Upon information and belief, Roland Beainy is an individual residing in Texas, and currently directly uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products, and/or is the moving force behind wrongful acts of one or more parties hereto or third parties.

34.     Upon information and belief, Barton Randal Blakelock is an individual residing in Texas, and currently directly uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products, and/or is the moving force behind wrongful acts of one or more parties hereto or third parties.

## IV.     FACTUAL BACKGROUND

35.     This case involves Infringers' continued willful infringement and dilution of Trump Org.'s wide array of marks and names, including, without limitation, TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN, and similar marks, the most relevant to this action outlined in *Exhibit "A"* hereto ("**Trump Org. Marks**"), by Infringers in interstate commerce and in Texas in connection with the Infringing Services and/or Products.

36.     Trump Org. are the owners and managers of countless United States Service Mark Registrations for Trump Org.'s wide array of marks and names, including, without limitation, TRUMP and MAKE AMERICA GREAT AGAIN and similar marks and derivations, the most relevant of which are identified in *Exhibit "A"* hereto.

37.     Some of the marks bearing the name "TRUMP" have been registered with the USPTO for decades and in at least 70 countries around the world. The TRUMP mark has been registered, specifically for restaurant services, for nearly two decades including,

for example, U.S. Trademark Registration 3483760, applied for in 2007 and registered by the USPTO in 2008 of which DTTM is the current owner by direct, express assignment from Donald J. Trump.

38.    Trump Org.'s TRUMP and MAGA marks have been in continuous use since prior to any of Infringers' use thereof. For example, Trump Org. owns, operates, and/or manages several restaurants around the world bearing the TRUMP name, and variations thereof, such as TRUMP GRILL, TRUMP CAFÉ, TRUMP PIZZA and TRUMP SWEETS at Trump Org.'s world famous Trump Tower in New York City. *See* https://www.trumptowerny.com/dining. Trump Org.'s restaurant, TRUMP GRILLL, even serves an item called the "Maga Burger". *See* https://www.trumptowerny.com/menu/midtown-nyc-lunch-restaurant.

39.    Trump Org.'s Marks and the TRUMP name and brand are closely associated with the 45th and 47th President of the United States, Donald J. Trump and Trump Org. and are internationally known and famous as a result of President Trump's and the Trump Organization's high-profile business and political achievements.

40.    Trump Org. are the owners of the Trump Org.'s Marks, including TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN, together with other marks that incorporate the TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN designations, and otherwise have the exclusive right to administer, manage, control, license, and police their portfolios of the TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN marks, and related intellectual property. Trump Org. also hold extensive rights of publicity,

including, without limitation, the right to commercially exploit the name, image, and likeness of Donald J. Trump and certain family members as well as related copyrights.

41.    Trump Org.'s famous marks, names, likenesses, and other intellectual property are licensed and otherwise used on a wide variety of goods and services, official examples of which can be found on Trump Org's websites, trump.com and trumpstore.com.

42.    Before associating the Trump Org.'s Marks with a product or business, Trump Org. performs careful and extensive vetting of all prospective licensees as well as the quality of their goods and services to ensure they are consistent with the standards and goodwill associated with the Trump Org.'s Marks.

43.    The following are restaurants that are authorized to use the TRUMP name: (1)    The    TRUMP    BAKERY    at    Trump    National Charlotte (https://www.trumpnationalcharlotte.com/bakery);    Dubai's    TRUMP RESTAURANT, TRUMP SPORTS BAR, and TRUMP POOL AND LOUNGE (www.trumpgolfdubai.com/dining);    Scotland's    TRUMP'S    RESTAURANT    & CELLAR (www.trumpgolfscotland.com/trumps-restaurant;

www.trumphotels.com/properties/macleod-house/propertycontent/dining/trump-s-

restaurant-cellar);    Ireland's    TRUMP'S    BAR    &    RESTAURANT (www.trumpgolfireland.com/amenities/dining; www.trumphotels.com/ireland/dining/fine-

dining-ireland; www.trump.com/lifestyle/dining); Trump Tower New York's TRUMP CAFÉ,    TRUMP    GRILL,    TRUMP    PIZZA,    and    TRUMP    SWEATS (https://www.trumptowerny.com/dining).

44.     As a result of Trump Org.'s selling, offering for sale, licensing, marketing, distributing, advertising, and promoting the services and products in commerce throughout the United States and internationally, the TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN brands have achieved substantial third party publicity and recognition. Significant TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN service and product sales in the United States and internationally for decades as to many of Trump Org.'s Marks, combined with individual purchaser and industry recognition of the TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN brands, have made Trump Org.'s Marks famous trademarks in the United States and internationally.

45.     Trump Org.'s Marks are inherently distinctive, but have also become a distinctive indication of the origin and high level of quality of Trump Org.'s services and products as a result of Trump Org.'s and its licensees' extensive use, sales, marketing, and advertising. Trump Org.'s Marks therefore act as an indication of the source of these services and products and assure consumers a high level of quality, appeal, and satisfaction with which Trump Org.'s services and products have become synonymous.

46.     By using Trump Org.'s Marks for several decades in the restaurant and hospitality industries in, interstate, and international commerce, Trump Org. has developed significant and valuable goodwill in Trump Org.'s Marks within the industries and in the public, which have also acquired secondary meaning.

47.     Infringers are undoubtedly familiar with the services and products Trump Org. offers under Trump Org.'s Marks. For example, in their Complaint [DE-1] at ¶ 15, describing their trade dress, Plaintiffs alleged: "Exterior signage and banners frequently

incorporate political slogans such as "Trump 2024" and imagery associated with President Donald J. Trump, reinforcing the restaurant's distinctive identity."

48.    Trump Org. and Infringers are direct competitors in the restaurant industry, particularly in the market providing restaurant services and products under the Trump Org. Marks.

49.    Infringers sell, offer for sale, market, advertise, and promote Infringing Services and/or Products in the State of Texas and interstate commerce which misleadingly appear to consumers as being identical to Trump Org.'s services and products, and also falsely appear to emanate from the same source as the Trump Org. Marks.

50.    Infringers have adopted and have been using the Trump Org. Marks and/or variations thereof which are confusingly similar to the Trump Org. Marks, in connection with the sale and marketing of the Infringing Services and/or Products without Trump Org.'s authorization.

51.    On April 14, 2025, Plaintiff MAGA Burger Holdings LLC filed U.S. Service Mark Application Serial No. 99135657 for the mark MAGA BURGER and U.S. Service Mark Application Serial No. 99135667 for the design mark consisting of a cartoon image of a cheeseburger incorporating the likeness of President Donald J. Trump.

52.    On September 25, 2025, the USPTO issued a Nonfinal Office Action[2] refusing registration of Plaintiff MAGA Burger Holdings LLC' U.S. Service Mark Application Serial No. 99135667 for the design mark consisting of a cartoon image of a

---

[2] Plaintiff MAGA Burger Holdings LLC's deadline to respond to the Nonfinal Office Action is December 26, 2025.

cheeseburger incorporating the likeness of President Donald J. Trump on the basis that: (1)

pursuant to Section 2(c) of the Trademark Act, the applied-for mark consists of or

comprises of a name, portrait, or signature identifying a particular living individual whose

written consent to register the mark is not of record, namely, the Trump hair design, which

would be construed by the public as a reference to Donald Trump, and (2) pursuant to

Section 2(a) of the Trademark Act, the applied-for mark consists of or includes matter that

may falsely suggest a connection with President Donald Trump. The USPTO reasoned as

follows:

> Section 2(c) applies not only to the full name of an individual, but also to any first name, surname, shortened name, pseudonym, stage name, title, or nickname that identifies a particular living individual. *In re ADCO Indus. – Techs., L.P.*, 2020 USPQ2d 53786, at *8 (TTAB 2020) (holding registration of TRUMP-IT marks with additional wording and designs barred under Section 2(c) in the absence of consent to register, because the marks create a direct association with President Trump).[3]
> (…)
> In this case, Donald John Trump is an American politician, media personality, and businessman who is the 47th president of the United States. A member of the Republican Party, he served as the 45th president from 2017 to 2021. Please see attached screenshot from https://whitehouse.gov/administration/donald-j-trump. This evidence establishes that President Donald J. Trump is so well-known that the public would reasonably assume a connection between him and the identified services. Further, Applicant's website (https://www.magaburgerusa.com/menu and https://www.magaburgerusa.com/) show the hair design on the burger is a reference to Donald Trump. Additionally, please see third party use of the hair design as a reference to Donald Trump (https://www.shutterstock.com/search/trump-hairvector?dd_referrer=https%3A%2F%2Fwww.google.com%2F).

*See* Nonfinal Office Action in ***Exhibit "B"*** hereto.

---

[3] This opinion is a precedent of the USPTO 's Trademark Trial and Appeal Board.

53.     Infringers' applications are damaging to Trump Org. as they are infringing on Trump Org.'s prior trademark rights, and also pose as a potential bar to Trump Org's registration of their applications for the Trump Org. Marks.

54.     Trump Org. has sent various demand letters to Infringers, demanding they cease and desist from their wrongful conduct, notifying them of Trump Org.'s rights in the Trump Org.'s Marks and demanding that Infringers immediately and permanently cease all use of the Trump Org. Marks or  marks confusingly similar thereto, in connection with the Infringing Services and/or Products or otherwise.

55.     To-date, Infringers have failed to comply with Trump Org.'s demands.

56.     Notwithstanding Trump Org.'s express demands, upon information and belief, some or all of Infringers continue to use various names and/or marks identical and/or confusingly similar to the Trump Org. Marks.

57.     Despite receipt of Trump Org.'s express demands, Infringers have gone as far as initiating  the present action and litigating positions contrary to Trump Org's senior and superior rights, forcing intervention.

58.     As indicated above, by virtue of their longstanding use, licensing, and registrations, Trump Org. have the exclusive right to use the Trump Org. Marks in commerce in connection with the restaurant and hospitality services and related products.

59.     Infringers adopted, licensed, and commenced use of trademarks identical and/or confusingly similar to the Trump Org. Marks long after Trump Org. first used Trump Org.'s Marks in commerce, and/or after Trump Org. obtained federal and international trademark registrations of the Trump Org. Marks, and long after the Trump Org. Marks

became directly associated with Trump Org., President Trump and the Trump family, in the minds of consumers.

60.    Infringers had constructive knowledge of the Trump Org. Marks based on the Federal Trademark Registrations of the relevant marks outlined in ***Exhibit "A"*** hereto as of the date(s) of their filing, some of which have become incontestable under 15 U.S.C. § 1065.

61.    Upon information and belief, by virtue of Trump Org.'s Federal Trademark Registrations of the relevant marks outlined in ***Exhibit "A"*** and the commercial availability of Trump Org.'s services and products, Infringers had actual knowledge of Plaintiff's federally-registered relevant marks outlined in ***Exhibit "A"*** as of their date(s) of filing.

62.    The Trump Org. Marks are a strong identification of source by virtue of their long and widespread use.

63.    The marks TRUMP BURGER, TRUMP BURGER MAGA, and MAGA BURGER are highly similar, both visually and phonetically, in their sight, sound, and meaning to the Trump Org. Marks.

64.    Trump Org.'s services and products and Infringers' Infringing Services and/or Products are offered and provided to the same consumers in identical trade channels.

65.    Infringers' Infringing Services and/or Products have, on information and belief, been offered and sold to customers all over the United States, including in the State of Texas. Both the Trump Org. Marks and Infringers' Infringing Marks are listed on marketing, advertising, and point-of-sale materials in interstate commerce.

66.    Upon information and belief, Infringers' acts were done with the willful intent to imitate Trump Org., misappropriate, misuse and outright steal the goodwill, distinctiveness, reputation, and recognition Trump Org. enjoy in the industry by associating their Infringing Marks with the Trump Org. Marks, to create confusion in the marketplace and/or to dilute the distinctive quality of the Trump Org. Marks.

67.    Infringers' acts described herein are willful and done with constructive and actual notice of Trump Org.'s exclusive rights.

68.    Because of the similarity between the marks used by Trump Org. and Infringers, Infringers' use of the Infringing Marks is likely to confuse consumers into believing Infringers' Infringing Services and/or Products originate from Trump Org., are duly licensed thereby, or into assuming that Infringers' Infringing Services and/or Products are affiliated with or endorsed by Trump Org., Donald J. Trump and/or the Trump family.

69.    Actual confusion as to the source of Trump Org.'s services and products and Infringers' Infringing Services and/or Products has already occurred.

70.    As a direct and proximate result of the Infringers' prior acts complained of herein, Trump Org. has suffered great and irreparable harm and damage which escalates each day Infringers' acts are permitted to continue.

71.    Trump Org. have no adequate remedy at law relative to the continued and future harm expected to be suffered for Infringers' continued conduct.

72.    The balance of harms favors injunctive relief to restrain and enjoin future violations of Trump Org.'s rights.

73.     All prerequisites to filing suit have been satisfied, have occurred or have been waived.

74.     As a direct and proximate result of Infringers' acts complained of herein, Trump Org. have been forced to retain the undersigned firms and have agreed to pay them a reasonable fee for their services.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114
### (By DTTM Against All Infringers)

75.     DTTM adopts and incorporates Paragraphs 1-74 as if fully alleged herein.

76.     DTTM is the owner of many of Trump Org.'s Marks, including the federally registered marks listed in *Exhibit "A"* hereto shown as owned by DTTM on pages 1-4 thereof ("DTTM Marks").

77.     Infringers are not authorized to use any of DTTM Marks or any confusingly similar variation, or any mark that in any way represents or implies that Infringers' Infringing Services and/or Products are in any way associated with DTTM, The Trump Organization, LLC, any of the other Trump Org. entities or President Donald J. Trump.

78.     Infringers contemporaneous use of the Infringing Marks in connection with the Infringing Services and/or Products is likely to confuse consumers into believing that the Infringing Services and/or Products offered by Infringers originate from, are authorized by, or are somehow affiliated with DTTM, The Trump Organization, LLC, any of the other Trump Org. entities or President Donald J. Trump.

79.     Infringers are intentionally and knowingly infringing upon DTTM Marks including, without limitation, DTTM's trademark rights.

80.     Infringers' infringing activities are likely to cause DTTM to lose control of its hard-earned reputation, damage DTTM and the Trump Org.'s reputation and goodwill among consumers, and divert profits and opportunities away from DTTM and the Trump Org. and to Infringers.

81.     Infringers are therefore infringing upon DTTM's exclusive rights in violation of Section 32 of the Lanham Act of 1946, 15 U.S.C. § 1114 and has caused damage to DTTM in an amount to be determined at trial.

**COUNT II**
**FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**
**(By CIC Against All Infringers)**

82.     CIC adopts and incorporates Paragraphs 1-74 as if fully alleged herein.

83.     CIC is the owner of many of Trump Org.'s Marks, including the federally registered marks listed in ***Exhibit "A"*** hereto shown as owned by CIC on pages 4-9 thereof ("CIC Marks").

84.     Infringers are not authorized to use any of CIC Marks or any confusingly similar variation, or any mark that in any way represents or implies that Infringers' Infringing Services and/or Products are in any way associated with CIC, The Trump Organization, LLC, any of the other Trump Org. entities or President Donald J. Trump.

85.     Infringers contemporaneous use of the Infringing Marks in connection with the Infringing Services and/or Products is likely to confuse consumers into believing that the Infringing Services and/or Products offered by Infringers originate from, are authorized by, or are somehow affiliated with CIC, The Trump Organization, LLC, any of the other Trump Org. entities or President Donald J. Trump.

86. Infringers are intentionally and knowingly infringing upon CIC Marks including, without limitation, CIC's trademark rights.

87. Infringers' infringing activities are likely to damage CIC and the Trump Org.'s reputation and goodwill among consumers, and divert profits and opportunities away from CIC and the Trump Org. and to Infringers.

88. Infringers are therefore infringing upon CIC's exclusive rights in violation of Section 32 of the Lanham Act of 1946, 15 U.S.C. § 1114 and has caused damage to CIC in an amount to be determined at trial.

## COUNT III
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114
### (By TWM Against All Infringers)

89. TWM adopts and incorporates Paragraphs 1-74 as if fully alleged herein.

90. TWM is the owner of many of Trump Org.'s Marks, including the federally registered marks listed in *Exhibit "A"* hereto shown as owned by TWM on pages 9-10 thereof ("TWM Marks").

91. Infringers are not authorized to use any of TWM Marks or any confusingly similar variation, or any mark that in any way represents or implies that Infringers' Infringing Services and/or Products are in any way associated with TWM, The Trump Organization, LLC, any of the other Trump Org. entities or President Donald J. Trump.

92. Infringers contemporaneous use of the Infringing Marks in connection with the Infringing Services and/or Products is likely to confuse consumers into believing that the Infringing Services and/or Products offered by Infringers originate from, are authorized

by, or are somehow affiliated with TWM, The Trump Organization, LLC, any of the other Trump Org. entities or President Donald J. Trump.

93.     Infringers are intentionally and knowingly infringing upon TWM Marks including, without limitation, TWM's trademark rights.

94.     Infringers' infringing activities are likely to damage TWM and the Trump Org.'s reputation and goodwill among consumers, and divert profits and opportunities away from TWM and the Trump Org. and to Infringers.

95.     Infringers are therefore infringing upon TWM's exclusive rights in violation of Section 32 of the Lanham Act of 1946, 15 U.S.C. § 1114 and has caused damage to TWM in an amount to be determined at trial.

## COUNT IV
## FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a) (By DTTM Against All Infringers)

96.     DTTM adopts and incorporates Paragraphs 1-74 as if fully alleged herein.

97.     DTTM has been using and licensing its DTTM Marks in conjunction with its services and products in interstate commerce since at least as early as 1995 and has developed substantial goodwill in these marks in DTTM's common law territory, the entire United States, and internationally, prior to Infringers' adoption and use of their Infringing Marks.

98.     Infringers' use of the Infringing Marks in interstate commerce in competition with DTTM is likely to cause mistake, and/or to deceive consumers as to an affiliation, connection, or association of Infringers with DTTM, other Trump Org. entities, The Trump

Organization, LLC, and/or President Donald J. Trump, and/or as to the origin, sponsorship, endorsement, and/or approval of Infringers' Infringing Services and/or Products or commercial activities by DTTM, Trump Org., and/or President Donald J. Trump.

99.     Infringers are therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and have caused damage to DTTM in an amount to be determined at trial. DTTM and Trump Org. are being irreparably harmed by the infringement and have no adequate remedy at law.

## COUNT V
## FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN
## UNDER 15 U.S.C. § 1125(a)
## (By CIC Against All Infringers)

100.     CIC adopts and incorporates Paragraphs 1-74 as if fully alleged herein.

101.     CIC and its predecessors in interest have been using its CIC Marks in conjunction with their services and products in interstate commerce and have developed substantial goodwill in these marks in CIC's common law territory, the entire United States, and internationally, prior to Infringers' adoption and use of their Infringing Marks.

102.     Infringers' use of the Infringing Marks in interstate commerce in competition with CIC is likely to cause mistake, and/or to deceive consumers as to an affiliation, connection, or association of Infringers with CIC, other Trump Org. entities, The Trump Organization, LLC, and/or President Donald J. Trump, and/or as to the origin, sponsorship, endorsement, and/or approval of Infringers' Infringing Services and/or Products or commercial activities by CIC, Trump Org., and/or President Donald J. Trump.

103.    Infringers are therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and have caused damage to CIC in an amount to be determined at trial. CIC and Trump Org. are being irreparably harmed by the infringement and have no adequate remedy at law.

**COUNT VI**
**FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN**
**UNDER 15 U.S.C. § 1125(a)**
**(By TWM Against All Infringers)**

104.    TWM adopts and incorporates Paragraphs 1-74 as if fully alleged herein.

105.    TWM has been using and licensing its TWM Marks in conjunction with its services and products in interstate commerce since at least as early as 2012 and has developed substantial goodwill in these marks in TWM's common law territory, the entire United States, and internationally, prior to Infringers' adoption and use of their Infringing Marks.

106.    Infringers' use of the Infringing Marks in interstate commerce in competition with TWM is likely to cause mistake, and/or to deceive consumers as to an affiliation, connection, or association of Infringers with TWM, other Trump Org. entities, The Trump Organization, LLC, and/or President Donald J. Trump, and/or as to the origin, sponsorship, endorsement, and/or approval of Infringers' Infringing Services and/or Products or commercial activities by TWM, Trump Org., and/or President Donald J. Trump.

107.    Infringers are therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and have caused damage to TWM in an amount

to be determined at trial. TWM and Trump Org. are being irreparably harmed by the infringement and have no adequate remedy at law.

## COUNT VII
## DILUTION UNDER 15 U.S.C. § 1125(c)
## (By DTTM, CIC and TWM, collectively, "Trump Org." Against All Infringers)

108.    Trump Org. adopt and incorporate Paragraphs 1-74 as if fully alleged herein.

109.    Infringers' unauthorized use of the Infringing Marks has diluted and is likely to dilute the distinctive quality of the famous Trump Org. Marks and is willfully intended to trade on Trump Org.'s reputation and goodwill and to dilute the distinctiveness of Trump Org.'s Marks through blurring, tarnishment and otherwise.

110.    Trump Org. are being damaged by this conduct and is without an adequate remedy at law to compensate it for Infringers' wrongful acts.

## COUNT VIII
## COMMON LAW TRADEMARK INFRINGEMENT
## (By DTTM Against All Infringers)

111.    DTTM adopts and incorporates Paragraphs 1-74 as if fully alleged herein.

112.    DTTM and its predecessors in interest first used and/or licensed its DTTM Marks well before Infringers first used the marks TRUMP BURGER, TRUMP BURGER MAGA, and MAGA BURGER to market or promote the Infringing Products and/or Services.

113.    Infringers' use of DTTM Marks infringe on DTTM's common law rights in its and has and will continue to have the effect of causing confusion, mistake, or deception as to the source and origin of Infringers' Infringing Services and/or Products and to deceive the public by passing off Infringers' Infringing Services and/or Products as being

manufactured, sponsored, or otherwise approved by or connected with DTTM, the Trump Organization, LLC, any of the other Trump Org. entities, or President Donald J. Trump.

114.    Infringers' acts have damaged DTTM's and Trump Org's business reputation and have impaired and diluted its goodwill in its marks.

115.    Unless enjoined by this Court, Infringers will continue their acts of service mark infringement, thereby deceiving the public and causing DTTM immediate and irreparable harm and damage.

**COUNT IX**
**COMMON LAW TRADEMARK INFRINGEMENT**
**(By CIC Against All Infringers)**

116.    CIC adopts and incorporates Paragraphs 1-74 as if fully alleged herein.

117.    CIC and its predecessors in interest first used and/or licensed its CIC Marks well before Infringers first used the marks TRUMP BURGER, TRUMP BURGER MAGA, and MAGA BURGER to market or promote the Infringing Products and/or Services.

118.    Infringers' and its predecessors in interests' use of CIC Marks infringe on CIC's common law rights in its and has and will continue to have the effect of causing confusion, mistake, or deception as to the source and origin of Infringers' Infringing Services and/or Products and to deceive the public by passing off Infringers' Infringing Services and/or Products as being manufactured, sponsored, or otherwise approved by or connected with CIC, the Trump Organization, LLC, any of the other Trump Org. entities or President Donald J. Trump.

119.    Infringers' acts have damaged CIC's and Trump Org's business reputation and have impaired and diluted its goodwill in its marks.

120. Unless enjoined by this Court, Infringers will continue their acts of service mark infringement, thereby deceiving the public and causing CIC immediate and irreparable harm and damage.

## COUNT X
## COMMON LAW TRADEMARK INFRINGEMENT
### (By TWM Against All Infringers)

121. TWM adopts and incorporates Paragraphs 1-74 as if fully alleged herein.

122. TWM first used and/or licensed its TWM Marks well before Infringers first used the marks TRUMP BURGER, TRUMP BURGER MAGA, and MAGA BURGER to market or promote the Infringing Products and/or Services.

123. Infringers' use of TWM Marks infringe on TWM's common law rights in its and has and will continue to have the effect of causing confusion, mistake, or deception as to the source and origin of Infringers' Infringing Services and/or Products and to deceive the public by passing off Infringers' Infringing Services and/or Products as being manufactured, sponsored, or otherwise approved by or connected with TWM, the Trump Organization, LLC, any of the other Trump Org. entities, or President Donald J. Trump.

124. Infringers' acts have damaged TWM's and Trump Org's business reputation and have impaired and diluted its goodwill in its marks.

125. Unless enjoined by this Court, Infringers will continue their acts of trademark infringement, thereby deceiving the public and causing TWM immediate and irreparable harm and damage.

**COUNT XI**
**VIOLATION OF RIGHTS OF PUBLICITY UNDER COMMON LAW**
**(By DTTM Against All Infringers)**

126.    DTTM adopts and incorporates Paragraphs 1-74 as if fully alleged herein.

127.    Infringers, without DTTM's or President Donald J. Trump's permission or consent, have either used in the past, or continue presently to use the name, image and/or likeness of President Donald J. Trump for commercial purposes.

128.    The appropriation of President Donald J. Trump's identity was for Infringers' commercial advantage.

129.    President Donald J. Trump can be identified from the publication or use of his identity by Infringers' use of his identity, name, image and/or likeness.

130.    The unauthorized use of President Donald J. Trump's identity, name, image and/or likeness resulted in injury or damage to DTTM.

**COUNT XII**
**DECLARATORY JUDGMENT, WRIT OF MANDAMUS, DECREE AND**
**CERTIFIED ORDER TO THE USPTO REGARDING PENDING U.S.**
**TRADEMARK APPLICATION NO. 99135657**
**(By CIC As to MAGA Burger Holdings LLC Only)**

131.    CIC adopts and incorporates Paragraphs 1-74 as if fully alleged herein.

132.    This claim arises under the federal Lanham Act 15 U.S.C. §1119 for a determination, decree, and certified order to the Director of the USPTO and under 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment, declaring that MAGA Burger Holdings LLC's pending United States Service Mark Application Serial No. 99135657 for the mark MAGA BURGER should be finally refused, that MAGA Burger Holdings LLC

is otherwise not entitled to registration therefor and that the Director of the USPTO shall make an entry upon his records of the final refusal of said application.

133.    CIC and its predecessors in interest are the nationwide senior users of the famous MAGA marks and, at least is a prior user as compared to MAGA Burger Holdings LLC and its use and/or intended use of the confusingly similar mark MAGA BURGER which is the subject of pending United States Service Mark Application Serial No. 99135657.

134.    The MAGA BURGER mark, which is the subject of the pending application, when used in connection with the services identified and recited in said application, is likely to be confused with CIC's MAGA marks and/or will otherwise dilute CIC's famous MAGA marks through blurring, tarnishment or otherwise.

135.    MAGA Burger Holdings LLC's mark, which is the subject of Application Serial No. 99135657, is being used by, or with the permission of MAGA Burger Holdings LLC, so as to misrepresent the source of the services on or in connection with which the mark is used.

136.    Notwithstanding CIC's prior use, priority of right, and MAGA Burger Holdings LLC's knowledge of CIC, other Trump Org. entities, The Trump Organization, LLC, President Donald J. Trump and/or CIC's marks, MAGA Burger Holdings LLC filed Application Serial No. 99135657 directed to the mark MAGA BURGER, which is likely to be confused with CIC's MAGA marks by consumers and the public and/or will otherwise dilute CIC's famous MAGA marks through blurring, tarnishment or otherwise.

137.    Further, registration of the application must be refused because the applied-for mark consists of or includes matter that may falsely suggest a connection with Donald J. Trump. Trademark Act Section 2(a), 15 U.S.C. §1052(a). Although President Trump is not connected with the goods provided by applicant under the applied-for mark, President Trump and the MAGA brand are so well-known that consumers would presume a connection.

138.    CIC, other Trump Org. entities, The Trump Organization, President Donald J. Trump and the public will be damaged if the aforementioned application matures into a United States Trademark Registration.

139.    The Court should exercise its authority under 15 U.S.C. §1119 to determine the right to registration and otherwise rectify the trademark register with respect to registrations.

### COUNT XIII
### DECLARATORY JUDGMENT, WRIT OF MANDAMUS, DECREE AND CERTIFIED ORDER TO THE USPTO REGARDING PENDING U.S. TRADEMARK APPLICATION NO. 99135667
### (By DTTM as to MAGA Burger Holdings LLC Only)

140.    DTTM adopts and incorporates Paragraphs 1-74 as if fully alleged herein.

141.    This claim arises under the federal Lanham Act 15 U.S.C. §1119 for a determination, decree, and certified order to the Director of the USPTO and under 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment, declaring that MAGA Burger Holdings LLC's pending United States Service Mark Application Serial No. 99135667 for the design mark consisting of a cartoon image of a cheeseburger incorporating the likeness of Donald J. Trump should be finally refused, that MAGA Burger Holdings LLC is

otherwise not entitled to registration therefor and that the Director of the USPTO shall make an entry upon his records of the final refusal of said application.

142.   MAGA Burger Holdings LLC's mark, which is the subject of Application Serial No. 99135667, is being used by, or with the permission of, MAGA Burger Holdings LLC, so as to misrepresent the source of the services on or in connection with which the mark is used by MAGA Burger Holdings LLC.

143.   Notwithstanding DTTM's rights to manage, administer, control, protect and police the uses of Donald J. Trump's name, image and likeness for commercial purposes, and notwithstanding MAGA Burger Holdings LLC's knowledge of DTTM, other Trump Org. entities, The Trump Organization, LLC, President Donald J. Trump and the Trump Org.'s Marks, MAGA Burger Holdings LLC filed Application Serial No. 99135667 directed to the design mark consisting of a cartoon image of a cheeseburger incorporating the likeness of President Trump, which is likely to be confused with DTTM's marks by consumers and the public.

144.   Further, registration of the application must be refused because the applied-for mark consists of or includes matter that may falsely suggest a connection with President Trump. Trademark Act Section 2(a), 15 U.S.C. §1052(a). Although President Trump is not connected with the goods provided by applicant under the applied-for mark, President Trump and the MAGA campaign are so well-known that consumers would presume a connection.

145.    DTTM, other Trump Org. entities, The Trump Organization, LLC, President Donald J. Trump and the public will be damaged if the aforementioned Application matures into a United States Trademark Registration.

146.    The Court should exercise its authority under 15 U.S.C. §1119 to determine the right to registration and otherwise rectify the trademark register with respect to registrations.

**PRAYER FOR RELIEF**

Trump Org. demand judgment in their favor, respectively, for:

A.    A preliminary injunction effective during the pendency of this action, and an order and judgment of this Court, effective permanently thereafter, restraining and enjoining Infringers and their officers, agents, employees, all others acting in concert with any of them and anyone on notice of this Court's order, from:

i.    Using in any manner Trump Org.'s Marks or any variation thereof confusing similar to Trump Org.'s Marks, including, without limitation, TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN, or any marks consisting of the marks TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN, or any of the marks listed in the ***Exhibit "A"*** hereto;

ii.    Using in any manner any trademark, words, abbreviations, text, arrangements, or other combinations thereof that would imitate, resemble, or suggest an affiliation with Trump Org.'s Marks;

iii.    Otherwise infringing Trump Org.'s Marks;

iv.     Unfairly competing with Trump Org. by copying or imitating Trump Org.'s Marks; and

v.      Implying, directly stating, or creating the impression that Infringers or their Infringing Services and/or Products are affiliated, sponsored by, or associated with Trump Org. or their services or products.

B.      An order that the Infringers each publish for a period of not less than twelve months, corrective advertising in all media in which the Infringing Marks had been published, explaining to customers that Infringers and the TRUMP BURGER, TRUMP BURGER MAGA, and MAGA BURGER marks were not and are not affiliated with or endorsed by Trump Org.;

C.      An order directing the Commissioner of Trademarks for the USPTO to reject Plaintiff MAGA Burger Holdings LLC's U.S. Service Mark Application Serial No. 99135657 for the mark MAGA BURGER, and otherwise cancel any resulting registration;

D.      An order directing the Commissioner of Trademarks for the USPTO to reject Plaintiff MAGA Burger Holdings LLC's U.S. Service Mark Application Serial No. 99135667 for the design mark consisting of a cartoon image of a cheeseburger incorporating the likeness of Donald J. Trump, and otherwise cancel any resulting registration;

E.      An accounting by Infringers of their profits attributable to Infringers' wrongful conduct, and for a judgment against Infringers, in such amount, together with interest thereon as provided by law;

F.      Any and all damages suffered by Trump Org.  resulting from Infringers' wrongful conduct, including, without limitation, compensatory, incidental, and consequential damages;

G.      Any and all relief to which Trump Org. may be entitled pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., including treble damages and Trump Org.'s attorneys' fees;

H.      An award of attorneys' fees provided by any other legal authority;

I.      An award of full costs incurred by Trump Org. herein;

J.      Such additional relief as the Court deems fair and just.

### DEMAND FOR TRIAL BY JURY

DTTM, CIC and TWM hereby demand trial by jury on all issues so triable as a matter of right.

DATED this __ day of November, 2025.

Respectfully submitted,

SPENCER FANE, LLP

By: */s/_____*
MATEO FOWLER
State Bar No. 24062726
mfowler@spencerfane.com
816 Congress Avenue, Suite 1200
Austin, Texas 78701
(512) 575-6097 Telephone
(512) 840-4551 Facsimile

**500law**
*Attorneys for Intervenors Trump Org.*
*Pro Hac Vice Pending*
Museum Plaza, Suite 100

200 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 351-7474

By:    /s/ _____
        **Michael Santucci, Esq.**
        Fla. Bar No.: 105260
        Primary E-mail: mis@500law.com
        Secondary E-mail: docketing@500law.com
        **Elijah A. Levitt, Esq.**
        Fla. Bar No.: 725560
        Primary E-mail: elevitt@500law.com
        Secondary E-mail: docketing@500law.com
        **Cintia Calevoso, Esq.**
        Fla. Bar No.: 088576
        Primary E-mail: ccalevoso@500law.com
        Secondary E-mail: docketing@500law.com
        **Salvatore Fazio, Esq.**
        Fla. Bar No.: 127525
        Primary E-mail: sfazio@500law.com
        Secondary E-mail: docketing@500law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this __ day of November, 2025, a true and correct copy of

the foregoing has been delivered via _____ to all known parties and/or counsel of record /

to the following:

Geoffrey S. Binney
GAUNTT KOEN BINNEY & KIDD LLP
25700 I-45 North, Suite 130
Spring, Texas 77386
Email: geoff.binney@gkbklaw.com
*Attorney for Plaintiff TRUMP BURGER KEMAH, LLC*

Michael Spradley
BAYOU IP PLLC
11011 Richmond Ave, Suite 178
Houston, Texas 77042

Emai: michael@bayouip.com
*Attorney for Plaintiffs MAGA Burger Holdings, LLC and Trump Burger LLC*

Kyle Dickson
Murry Lobb, PLLC
2200 Space Park Drive, Suite 350
Houston, Texas 77058
Email: kdickson@murrya-lobb.com
*Attorney for Defendants*

/s/_____  _____
MATEO FOWLER

# EXHIBIT "A"

## DTTM Operations LLC

| MARK | STATUS | GOODS/SERVICES |
|------|--------|----------------|
| TRUMP | Registered (sec. 8 & 15)<br>Reg. No. 3483760<br>Reg. Date: Aug. 12, 2008 | IC 043: Restaurant services<br>DOFU[1]: Nov. 2003 |
| TRUMP | Registered (sec. 8 & 15)<br>Reg. No. 2240310<br>Reg. Date: Apr. 20, 1999 | IC 043: hotel services<br>DOFU: Jun. 12, 1995 |
| TRUMP HOTELS | Registered (sec. 8 & 15)<br>Reg. No. 5595823<br>Reg. Date: Oct. 30, 2018 | IC 043: Hotel services, restaurant services, temporary accommodation services; providing temporary lodging services; serving food and drinks; coffee shops; bistro and bar services; catering; provision of conference facilities and social function facilities for special occasions<br>DOFU: Jan. 15, 2016 |
| TRUMP NATIONAL GOLF CLUB | Registered (sec. 8 & 15)<br>Reg. No. 2269568<br>Reg. Date: Aug. 10, 1999 | IC 025, 041, 042: social club and restaurant services<br>DOFU: Jul. 26, 1997 |
| TRUMP INTERNATIONAL GOLF CLUB | Registered (sec. 8 & 15)<br>Reg. No. 2322517<br>Reg. Date: Feb. 22, 2000 | IC 041: golf club services<br>DOFU: May 1997 |
| TRUMP ATTACHÉ | Registered (sec. 8 & 15)<br>Reg. No. 3828734<br>Reg. Date: Aug. 03, 2010 | IC 035: Inventory control, namely, personalized prestocking of kitchens, refrigerators and bars for hotel guests and hotel condominium unit owners |

---

[1] "DOFU" means "date of first use."

| | | IC 037 : Personal valet services to hotel guests and hotel condominium unit owners, namely, laundry services, pressing of clothing<br>IC 041: Personal valet services to hotel guests and hotel condominium unit owners, namely, arranging for ticket reservations for shows and other entertainment events based on customers' individual preferences<br>IC 043: Guest services, namely, making reservations and booking for temporary lodging, reservation of restaurants<br>IC 045: Personal shopping for others; personal concierge services for others comprising making requested personal arrangements and reservations, running errands and providing information to meet individual needs, all rendered in hotels and residential complexes<br>DOFU: Oct. 2007 |
|---|---|---|
| TRUMP | Registered (sec. 8 & 15)<br>Reg. No. 2413984<br>Reg. Date: Dec. 19, 2000 | IC 032: spring water<br>DOFU: Jul. 1998 |
| TRUMP | Registered (sec. 8 & 15)<br>Reg. No. 2431539<br>Reg. Date: Feb. 27, 2001 | IC 041: Golf club services<br>DOFU: Dec. 1997 |
| TRUMP | Registered (sec. 8 & 15)<br>Reg. No. 4859780<br>Reg. Date: Nov. 24, 2015 | IC 035, 041: Golf course and club house services; golf courses; entertainment in the nature of golf tournaments; golf instruction; conducting of professional golf competitions; social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members<br>DOFU: May 1997 |

| TRUMP GOLF LINKS | Registered (sec. 8 & 15) Reg. No. 4858415 Reg. Date: Nov. 24, 2015 | IC 025, 028, 035, 041: Golf course and club house services; golf courses; entertainment in the nature of golf tournaments, and golf instruction; conducting of professional golf competitions; social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members DOFU: Apr. 01, 2015 |
|---|---|---|
| TRUMP | Pending Serial No. 99053725 Filed Feb. 24, 2025 | IC 009, 035, 042, 041: Providing online non-downloadable images of clothing, cosmetics, footwear, furniture, jewelry, flags, avatars, headwear, luggage, handbags, alcohol, food, drink and computer accessories for use in online virtual worlds; Providing online computer games featuring virtual worlds in which users can exchange digital trading cards and tokens for crypto currency and other digital collectibles for entertainment purposes; Virtual training services in the field of hotel and real estate management, listing and maintenance; Continuing public service programs in the field of social issues, current events, fundraising and global policy produced and distributed over television, satellite, film, audio, video, internet, and 3-D virtual reality media; Providing online virtual reality game services featuring crypto tokens for use in virtual worlds; Arranging exhibitions in virtual worlds for entertainment purposes; Virtual restaurant services in the nature of simulated restaurant services provided in virtual environments for entertainment purposes; Simulated restaurant services provided in virtual environments for entertainment purposes; Providing online non-downloadable images of |

| | | clothing accessories for use in online virtual worlds; Providing online non-downloadable image files of digital overlays of cosmetics for avatars; Providing online non-downloadable image files of digital animated and non-animated designs of avatars; Virtual reality game services provided on-line from a computer network; Simulated banking services for in-game currencies provided in virtual environments for entertainment purposes; Providing online computer games featuring virtual worlds in which users can interact for entertainment purposes; Entertainment services, namely, providing on-line, non-downloadable virtual artworks, text, photographs, images, animations and videos for use in virtual environments created for entertainment purposes; Simulated transport by limousine, aircraft, vessel, train or automobile provided in virtual environments for entertainment purposes; Simulation-based training services in the field of public service, business, civics, fundraising, real estate, construction and hospitality management; Rental of digital image files authenticated by non-fungible tokens (NFTs); Providing virtual museum services via the Internet; Providing online computer games for customizing virtual vehicles; Arranging exhibitions in virtual environments for entertainment purposes; Organizing exhibitions in virtual environments for entertainment purposes; Organizing exhibitions in virtual worlds for entertainment purposes; Simulated museum services provided in virtual environments for entertainment purposes; Virtual training services in the field of public service, civics, hotel |

| | | |
|---|---|---|
| | | management, construction and hospitality; Virtual personal coaching services in the field of public speaking and fundraising; Providing online virtual guided tours of hotels, public and government buildings; Simulated transport by limousine, automobile, plane, helicopter, train and bus provided in virtual environments for entertainment purposes<br>ITU[2] |
| MAGA | Pending<br>Serial No. 99117379<br>Filed: Apr. 02, 2025 | IC 014, 018, 024, 025, 028, 021: Beverage glassware; Coffee mugs<br>DOFU: Jul. 2024 |

## CIC Operations LLC

| **MARK** | **STATUS** | **GOODS/SERVICES** |
|---|---|---|
| MAGA | Pending<br>Serial No. 99438540<br>Filed: Oct. 11, 2025 | IC 009, 024, 025, 036<br>IC 021: Margarita glasses; Cocktail glasses; Martini glasses; Whisky glasses; Beer glasses; Drinking glasses; Shot glasses; Pilsner drinking glasses; Tumblers for use as drinking glasses<br><br>IC 035: Retail variety stores; Online retail clothing store services; Online retail store services for downloadable ring tones; Online retail store services featuring electronic gift cards; Online retail store services featuring prepaid gift cards; Online retail store services |

---

[2] "ITU" means "intent to use."

|  |  | featuring a wide variety of consumer goods; Retail general store services; Retail store services in the field of office products; Gift and sundries retail store services located in hotels; Retail store services in the field of housewares; Retail store services featuring a wide variety of consumer goods; Membership club services providing discounts and administrative processing of rebates for the services of others; Membership club services, namely, providing on-line information to members in the fields of branding, business development, business marketing, and marketing; Administration of a discount program for enabling participants to obtain discounts on goods and services through use of a discount membership card; Membership club services in the nature of providing discounts to members in the field of financial management

IC 041: Night club entertainment services; Entertainment services in the nature of arranging social entertainment events; Entertainment services in the nature of live musical performances; Entertainment media production services for motion pictures, television and Internet; Entertainment services, namely, storytelling; Entertainment services in the nature of production of live events for parties and special events for social entertainment purposes; Entertainment services, namely, helicopter rides; Entertainment services, namely, conducting parties; Entertainment services, |
|---|---|---|

|  |  | namely, conducting contests; Entertainment services, namely, casino gaming; Entertainment services in the nature of live mixed martial arts (MMA) events; Entertainment services in the nature of creation, development, and production of television programming; Event management services being organizing and conducting special events for social entertainment purposes; Entertainment services in the nature of an amusement park attraction, namely, a themed area; Entertainment services in the nature of a television series in the field of drama; Entertainment services, namely, wine and food tastings; Entertainment services, namely, providing online electronic games; Entertainment services, namely, providing online multiplayer video games; Golf courses; Entertainment in the nature of golf tournaments; Subscription-based golf club services; Providing golf facilities; Arrangement of professional golf tournaments; Golf driving range services; Golf club services; Miniature golf courses

IC 043:
Restaurant and bar services; Bar services featuring a frequent patron bonus program; Pop-up bar services; Hotel accommodation services; Resort hotel accommodation services; Hotel accommodation services featuring a customer loyalty program; Hotel restaurant services ITU |
|---|---|---|

| MAGA HOUSE | Pending<br>Serial No. 99438620<br>Filed: Oct. 11, 2025 | IC 009, 025, 036<br>IC 021: Margarita glasses; Cocktail glasses; Martini glasses; Whisky glasses; Beer glasses; Drinking glasses; Shot glasses; Pilsner drinking glasses; Tumblers for use as drinking glasses<br><br>IC 035: Retail variety stores; Online retail store services featuring a wide variety of consumer goods; Retail store services featuring a wide variety of consumer goods of others; Online retail store services for downloadable ring tones; Online retail store services featuring electronic gift cards; Retail general store services; Retail store services in the field of office products; Gift and sundries retail store services located in hotels; Retail store services in the field of housewares; Retail store services featuring a wide variety of consumer goods; Membership club services providing discounts and administrative processing of rebates for the services of others; Membership club services, namely, providing on-line information to members in the fields of branding, business development, business marketing, and marketing; Administration of a discount program for enabling participants to obtain discounts on goods and services through use of a discount membership card; Membership club services in the nature of providing discounts to members in the field of financial management<br><br>IC 041: Night club entertainment services; Entertainment services in |
| --- | --- | --- |

|  |  | the nature of arranging social entertainment events; Entertainment services in the nature of live musical performances; Entertainment media production services for motion pictures, television and Internet; Entertainment services, namely, storytelling; Entertainment services in the nature of production of live events for parties and special events for social entertainment purposes; Entertainment services, namely, helicopter rides; Entertainment services, namely, conducting parties; Entertainment services, namely, conducting contests; Entertainment services, namely, casino gaming; Entertainment services in the nature of live mixed martial arts (MMA) events; Entertainment services in the nature of creation, development, and production of television programming; Entertainment services in the nature of an amusement park attraction, namely, a themed area; Entertainment services in the nature of a television series in the field of drama; Entertainment services, namely, wine and food tastings; Entertainment services, namely, providing online electronic games; Entertainment services, namely, providing online multiplayer video games; Golf courses; Miniature golf courses; Entertainment in the nature of golf tournaments; Subscription-based golf club services; Providing golf facilities; Organization, arranging and conducting of professional golf tournaments or |
|---|---|---|

| | | |
|---|---|---|
| | | competitions; Golf driving range services; Golf club services<br><br>IC 043: Restaurant and bar services; Restaurant and bar services featuring a frequent patron bonus program; Pop-up bar services; Hotel accommodation services; Resort hotel accommodation services; Residential hotel accommodation services; Hotel accommodation services featuring a customer loyalty program; Hotel restaurant services ITU |
| MAGA MOM'S CLUB | Pending<br>Serial No. 99097741<br>Filed: Mar. 21, 2025 | IC 025: Pullovers; Hooded pullovers<br>DOFU: Nov. 25, 2024 |
| MAKE AMERICA GREAT AGAIN | Registered<br>Reg. No. 5921166<br>Reg. Date: Nov. 26, 2019 | IC 018, 025<br>DOFU: Aug. 06, 2015 |
| MAKE AMERICA GREAT AGAIN | Registered<br>Reg. No. 5885602<br>Reg. Date: Oct. 15, 2019 | IC 018: All purpose sport bags; Backpacks; Duffel bags; Knapsacks; Tote bags; Umbrellas<br>DOFU: Aug. 06, 2015 |
| MAKE AMERICA GREAT AGAIN | Registered (8 & 15)<br>Reg. No. 5020556<br>Reg. Date: Aug. 16, 2016 | IC 016, 025, 026, 035, 036, 041, 045<br>DOFU: various (2015) |
| MAKE AMERICA GREAT AGAIN | Registered (8 & 15)<br>Reg. No. 4773272<br>Reg. Date: Jul. 14, 2015 | IC 035, 036<br>DOFU: various (2015) |

**Trump Wine Marks, LLC**

| MARK | STATUS | GOODS/SERVICES |
|---|---|---|
| TRUMP CIDERY | Registered<br>Reg. No. 8007772<br>Reg. Date: Nov. 04, 2025 | IC 033: Alcoholic cider<br>DOFU: May 12, 2024 |
| TRUMP VA US CIDERY<br> | Registered<br>Reg. No. 8007771<br>Reg. Date: Nov. 04, 2025 | IC 033: Alcoholic cider<br>DOFU: May 12, 2024 |
| ALBEMARLE ESTATE AT TRUMP WINERY<br> | Registered (sec. 8 & 15)<br>Reg. No. 5103713<br>Reg. Date: Dec. 20, 2016 | IC 043: Restaurant services; hotel services; providing temporary accommodation; hotel bar and cocktail lounge services; cafe services; catering services; [ arranging temporary housing accommodations, namely, timeshare properties and other interval ownership properties; ] providing facilities for meetings, conferences and functions; hotel reservation services<br>DOFU: May 08, 2015 |
| T TRUMP THE GREAT AMERICAN SPIRIT | Pending<br>App. Serial No. 99409331<br>Filed: Sep. 23, 2025 | IC 033: Alcoholic beverages, except beer<br>ITU |
| TRUMP NEW WORLD RESERVE | Registered (sec. 8 & 15)<br>Reg. No. 4950588<br>Reg. Date: May 03, 2016 | IC 033: Wine<br>DOFU: Jul. 29, 2014 |

| TRUMP | Registered (sec. 8 & 15)<br>Reg. No. 4325053<br>Reg. Date: Apr. 23, 2013 | IC 033: wine<br>DOFU: Aug. 2012 |
|---|---|---|

<u>EXHIBIT "B"</u>

| | |
|---|---|
| **To:** | Michael Spradley(docketing@bayouip.com) |
| **Subject:** | U.S. Trademark Application Serial No. 99135667 - - - 352-0004 |
| **Sent:** | September 25, 2025 12:11:32 PM EDT |
| **Sent As:** | tmng.notices@uspto.gov |

**Attachments**

screencapture-www-magaburgerusa-com-17588031984391
screencapture-www-magaburgerusa-com-menu-17588035947681
screencapture-www-shutterstock-com-search-trump-hair-vector-17588051486111

## United States Patent and Trademark Office (USPTO)
### Office Action (Official Letter) About Applicant's Trademark Application

**U.S. Application Serial No.** 99135667

**Mark:**

**Correspondence Address:**
Michael Spradley
11011 Richmond Ave, Ste 178
Houston TX 77042
United States

**Applicant:** MAGA BURGER HOLDINGS LLC

**Reference/Docket No.** 352-0004

**Correspondence Email Address:** docketing@bayouip.com

# NONFINAL OFFICE ACTION

**Response deadline.** File a response to this nonfinal Office action within three months of the "Issue date" below to avoid abandonment of the application. Review the Office action and respond using one of the links to the appropriate electronic forms in the "How to respond" section below.

**Request an extension.** For a fee, applicant may request one three-month extension of the response deadline prior to filing a response. The request must be filed within three months of the "Issue date" below. If the extension request is granted, the USPTO must receive applicant's response to this letter within six months of the "Issue date" to avoid abandonment of the application.

**Issue date:** September 25, 2025

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

## SUMMARY OF ISSUES

- Section 2(c) Consent Refusal
- Section 2(a) False Association Refusal

## SEARCH OF OFFICE'S DATABASE OF MARKS

The trademark examining attorney has searched the USPTO database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. §1052(d); TMEP §704.02.

## SECTION 2(c) CONSENT REFUSAL

Registration is refused because the applied-for mark consists of or comprises a name, portrait, or signature identifying a particular living individual whose written consent to register the mark is not of record. Trademark Act Section 2(c), 15 U.S.C. §1052(c); TMEP §1206; *see In re ADCO Indus. – Techs., L.P.*, 2020 USPQ2d 53786, at *7-9 (TTAB 2020); *In re Nieves & Nieves LLC*, 113 USPQ2d 1639, 1649-50 (TTAB 2015).

For purposes of Section 2(c), a name in a mark identifies a particular living individual if the person bearing the name will be associated with the mark as used on the goods or services because: "(1) the person is so well known that the public would reasonably assume a connection between the person and the goods or services; or (2) the individual is publicly connected with the business in which the mark is used." *In re ADCO Indus. – Techs., L.P.*, 2020 USPQ2d 53786, at *8 (TTAB 2020); *In re Nieves & Nieves LLC*, 113 USPQ2d 1639, 1650 (TTAB 2015).

Section 2(c) applies not only to the full name of an individual, but also to any first name, surname, shortened name, pseudonym, stage name, title, or nickname that identifies a particular living individual. *In re ADCO Indus. – Techs., L.P.*, 2020 USPQ2d 53786, at *8 (TTAB 2020) (holding registration of TRUMP-IT marks with additional wording and designs barred under Section 2(c) in the absence of consent to register, because the marks create a direct association with President Trump); *In re Nieves & Nieves LLC*, 113 USPQ2d 1629, 1639 (TTAB 2015) (holding registration of the mark PRINCESS KATE barred under Section 2(c) in the absence of consent to register, because the mark "points uniquely and unmistakably to Kate Middleton," the Duchess of Cambridge, whose identity is renowned); *In re Sauer*, 27 USPQ2d 1073, 1074-75 (TTAB 1993) (holding registration of a mark containing BO, used in connection with a sports ball, barred under Section 2(c) in the absence of consent to register, because BO is the nickname of the well-known athlete BO JACKSON and thus use of the mark would lead to the assumption that he was associated with the goods), *aff'd per curiam*, 26 F.3d 140 (Fed. Cir. 1994).

"Well-known individuals such as celebrities and world-famous political figures are entitled to the protection of Section 2(c) without having to evidence a connection with the involved goods or services." *In re ADCO Indus. – Techs., L.P.*, 2020 USPQ2d 53786, at *8 (TTAB 2020) (citing *In re Hoefflin*, 97 USPQ2d 1174, 1177 (TTAB 2010); *In re Masucci*, 179 USPQ 829, 830 (TTAB 1973)).

In this case, Donald John Trump is an American politician, media personality, and businessman who is the 47th president of the United States. A member of the Republican Party, he served as the 45th president from 2017 to 2021. Please see attached screenshot

from *https://whitehouse.gov/administration/donald-j-trump*. This evidence establishes that President Donald J. Trump is so well-known that the public would reasonably assume a connection between him and the identified services. Further, Applicant's website (https://www.magaburgerusa.com/menu and https://www.magaburgerusa.com/) show the hair design on the burger is a reference to Donald Trump. Additionally, please see third party use of the hair design as a reference to Donald Trump (https://www.shutterstock.com/search/trump-hair-vector?dd_referrer=https%3A%2F%2Fwww.google.com%2F).

For the foregoing reasons, the use of the Trump hair design in the applied-for mark would be construed by the public as a reference to Donald Trump. Accordingly, because President Trump's written consent is not of record, registration is refused pursuant to Section 2(c) of the Trademark Act.

The refusal under Trademark Act Section 2(c) will be withdrawn if applicant provides both of the following:

   (1)    **A statement** identifying the actual name of the individual and indicating that the name, portrait, or signature in the mark identifies this individual.

   The following format is suggested: "**The hair design shown in the mark identifies Donald Trump, a living individual whose consent to register is made of record.**"

   (2)    **A written consent** for applicant to register the name, portrait, or signature, personally signed by the named or pictured individual.

   The following format is suggested: "**I, Donald Trump, consent to the registration of my name, portrait, or signature, TRUMP, as a trademark and/or service mark with the USPTO.**"

*See* TMEP §§813, 813.01(a), 1206.04(a).

Applicant is advised that the written consent must include a statement of the party's consent to applicant's *registration* of the identifying matter as a trademark. *See Krause v. Krause Publ'ns, Inc.*, 76 USPQ2d 1904, 1912-13 (TTAB 2005); *In re New John Nissen Mannequins*, 227 USPQ 569, 571 (TTAB 1985); TMEP §1206.04(a).

Applicant should note the following additional ground for refusal.

## SECTION 2(a) FALSE CONNECTION REFUSAL

Registration is refused because the applied-for mark consists of or includes matter that may falsely suggest a connection with President Donald Trump. Trademark Act Section 2(a), 15 U.S.C. §1052(a). Although Donald Trump is not connected with the goods and/or services provided by applicant under the applied-for mark, Donald Trump is so well-known that consumers would presume a connection. *See id*.

Trademark Act Section 2(a) prohibits registration of "matter which may . . . falsely suggest a connection with persons, living or dead, institutions, beliefs, or national symbols." 15 U.S.C. §1052(a). To establish that an applied-for mark falsely suggests a connection with a person or an institution, the following is required:

(1)    The mark sought to be registered is the same as, or a close approximation of, the name or identity previously used by another person or institution.

(2)    The mark would be recognized as such, in that it points uniquely and unmistakably to that person or institution.

(3)    The person or institution identified in the mark is not connected with the goods that are sold or will be sold or services that are performed or will be performed by applicant under the mark.

(4)    The fame or reputation of the named person or institution is of such a nature that a connection with such person or institution would be presumed when applicant's mark is used on its goods and/or services.

*Piano Factory Grp., Inc. v. Schiedmayer Celesta GmbH*, 11 F.4th 1363, 1377, 2021 USPQ2d 913, at *11 (Fed. Cir. 2021) (citing *In re Jackson*, 103 USPQ2d 1417, 1419 (TTAB 2012)); *U.S. Olympic Comm. v. Tempting Brands Neth. B.V.*, 2021 USPQ2d 164, at *17-18 (TTAB 2021) (citing *Pierce-Arrow Soc'y v. Spintek Filtration, Inc.*, 2019 USPQ2d 471774, at *14 (TTAB 2019)); TMEP §1203.03(b)(i); *see also Univ. of Notre Dame du Lac v. J.C. Gourmet Food Imps. Co.*, 703 F.2d 1372, 1375-77, 217 USPQ 505, 508-10 (Fed. Cir. 1983) (providing foundational principles for four-factor test)).

Here the marks includes design elements that reference Donald Trump (please above). The mark would uniquely and unmistakably point to Donald Trump as evidenced by Applicant's website and President Trump's fame. President Trump's fame is of such a nature that a connection with such person or institution would be presumed when applicant's mark is used on its goods.

The term at issue need not be the actual, legal name of the party falsely associated with applicant's mark to be unregistrable under Section 2(a). TMEP §1203.03; *see, e.g.*, *NPG Recs., LLC v. JHO Intell. Prop. Holdings, LLC*, 2022 USPQ2d 770, at *15 (TTAB 2022) (finding PURPLE RAIN, the name of a well-known song and album written and performed by Prince and the title of a motion picture scored by and starring Prince, to be "synonymous with [the singer] Prince"); *Hornby v. TJX Cos.*, 87 USPQ2d 1411, 1417, 1424 (TTAB 2008) (finding TWIGGY to be the nickname of professional model Lesley Hornby); *Buffett v. Chi-Chi's, Inc.*, 226 USPQ 428, 429-30 (TTAB 1985) (finding MARGARITAVILLE to be the persona of singer Jimmy Buffett). The term must, however, be so uniquely and unmistakably associated with the named party as to constitute that party's name or identity. TMEP §1203.03; *see, e.g.*, *NPG Recs., LLC v. JHO Intell. Prop. Holdings, LLC*, 2022 USPQ2d 770, at *15-16; *In re Cotter & Co.*, 228 USPQ 202, 204-05 (TTAB 1985); *Buffett v. Chi-Chi's, Inc.*, 226 USPQ at 429.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

## TELEPHONE OR EMAIL FOR CLARIFICATION

Please call or email the assigned trademark examining attorney with questions about this Office action. Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP

§§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.** File a **response form to this nonfinal Office action** or file a **request form for an extension of time to file a response**.

/Kapil Bhanot/
Examining Attorney
LO108--LAW OFFICE 108
(571) 270-1516
Kapil.Bhanot@USPTO.GOV

# RESPONSE GUIDANCE

- **Missing the deadline for responding to this letter will cause the application to abandon.** A response or extension request must be received by the USPTO before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Trademark Electronic Application System (TEAS) system availability could affect an applicant's ability to timely respond. For help resolving technical issues with TEAS, email TEAS@uspto.gov.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.** If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

https://www.magaburgerusa.com/      at 08.26.51, 09/25/2025

DIRECTIONS



HOME   ABOUT   MENU   DRINKS   EVENTS   WHAT'S HOT   HOURS   FIND US



MAKING AMERICA GREAT AGAIN
ONE BURGER AT A TIME

409 BRADFORD AVENUE,
KEMAH, TEXAS 77565

## ABOUT MAGA BURGER USA



### Welcome to MAGA Burgers USA —
### Home of the Most Patriotic Burger in America!



Enjoy our outside venue with live music every weekend. Bring the whole family to play cornhole or tee up on our putting green.

At MAGA Burgers USA, we believe in flavor, freedom, and the great American tradition of doing things BIG. Born from a love of juicy burgers and unapologetic pride in the red, white, and blue, our mission is simple: serve bold, mouthwatering burgers that celebrate what makes this country great — hard work, heart, and a whole lot of BBQ sauce.

Our burgers are made from 100% American beef, stacked high with classic toppings, and served on toasted buns that can barely contain the greatness inside. Whether you're sinking your teeth into our iconic 8oz Trump Burger or leveling up with a Trump Tower Double Stack, you're tasting liberty in every bite.

We're not just a burger joint — we're a movement. A place where flavor meets freedom and every meal feels like a celebration of American grit.

| MENU | DRINK MENU |


TRUMP BURGER


CHICKEN STRIPS


WEDGE ISSUE

## MAGA BURGER EVENTS ›››› EVENTS



It's your patriotic duty.

Stay up to date on upcoming events and promotions!

Email *

Subscribe

☐ I want to subscribe to your mailing list.

"We will make burgers strong again.
We will make burgers proud again.
We will make burgers safe again.



And we will make burgers great again."

## WHAT'S HOT

MEET OUR MOST
WANTED BURGER

*The Trump*

A bold and hearty burger that embodies
the essence of American flavors.



MENU





*Have you tasted*

The First Lady
Chicken Sandwich?



Where perfectly grilled chicken meets a deliciously balanced blend of flavors, creating an experience you won't forget.



### Patriot Fries

—— F O R ——

$5.99

American fries are a deliciously crispy treat, perfect for pairing burgers or enjoying on their own.



## CORNER GALLERY











409 Bradford Avenue
Kemah, Texas 77565
281-532-6505



**MENU**



Monday - CLOSED
Tuesday - CLOSED

Wednesday - Thursday
Kitchen: 11AM - 9PM
Bar: 11AM - 10PM

Friday - Saturday
Kitchen: 11AM - 10PM
Bar: 11AM - 11PM

Sunday
Kitchen: 11AM - 9PM
Bar: 11AM - 10PM

at 08.33.24, 09/25/2025



DIRECTIONS



HOME    ABOUT    MENU    DRINKS    EVENTS    WHAT'S HOT    HOURS    FIND US

## OUR MENU



### SNACKS

**Patriotic Wings** $12.99

10 Pc. Bone-In or Boneless. 5
Flavors: BBQ, Buffalo, Lemon
Pepper, Teriyaki, Garlic Parmesan

**Sweet Potato Fries** $6.50

Freshly Cut Sweet Potato Fries

**American Fries** $5.99

Crisp & Freshly Cut Fries

**Onion Rings** $5.50

Golden Crispy Homemade Onion
Rings



## BURGERS & MORE

All entrees come with fries. Substitute with Sweet Potato Fries or Onion Rings for an additional charge.

$1 Add Ons: Jalapeno, Grilled Onions, Grilled Peppers, Extra Cheese, Extra Veggies

$2 Add Ons: Bacon

| | |
|---|---|
| **Trump Tower Burger** | **$19.99** |

16 Oz. of ALL AMERICAN BEEF! Two 8 oz. Angus Beef Patties, Four Slices of American Cheese, Lettuce, Tomato Slices, Onion, Pickles with Mayo, and American-Made BBQ Sauce

| | |
|---|---|
| **Red, White & Bleu Burger** | **$15.99** |

8 Oz. Angus Beef Patty with Blue Cheese Crumble, Tomato, Lettuce, Grilled Onions and Mayo

| | |
|---|---|
| **Trump Burger** | **$14.99** |

8 oz. Angus Beef Patty, Two Slices of American Cheese, Lettuce, Tomato Slices, Onion, Pickles with Mayo, and American Made BBQ Sauce

| | |
|---|---|
| **Philly Cheese Steak Sandwich** | **$14.99** |

Thinly-sliced Beef or Grilled Chicken over Grilled Onions and Green Bell Peppers. Topped with Two Slices of White American Cheese & Mayonnaise

| | |
|---|---|
| **First Lady Chicken Sandwich** | **$13.99** |

Grilled Chicken Breast, Two Slices of White American Cheese, Tomato, Lettuce, Pickles, Onion, Teriyaki Sauce, and Mayonnaise

| | |
|---|---|
| **Grilled Chicken Sandwich** | **$13.99** |

Grilled Chicken Breast, Tomato, Lettuce, Pickles, Onion, and Garlic



Mayonnaise

**Chicken Tenders** $12.99

5 Pieces of Chicken Strips Served
with Honey Mustard

## SALADS

**A Wedge Issue** $14.99

8 oz. Angus Beef Patty with Bacon,
Bleu Cheese Crumble laid on a bed
of Iceberg Lettuce, Cherry Tomatoes,
Red Onion with Bleu Cheese
Dressing

**Speaker of the House** $9.99

Mixed Greens, Cherry Tomatoes, Red
Onion, Shaved Parmesan, and
Chopped Bacon

Add Chicken $5.00

## KIDS MENU

For kids 12 and under.

**Kids Cheese Burger** $10.99

4 oz. Angus Beef Patty, American
Cheese Lettuce, Tomato, Mayo,
Ketchup. Served with Fries.

**Kids Burger** $9.99

4 oz. Angus Beef Patty, Lettuce,
Tomato, Mayo, Ketchup. Served with
Fries



**Kids Chicken Tender Meal**                    $9.99

3 Pieces of Chicken Tenders. Served
with French Fries and Honey
Mustard

## DRINKS

**Ottos Root Beer**                             $2.50

**Iced Tea**                                    $2.49

Sweetened Iced Tea

**Soft Drink**                                  $2.00

Coke, Diet Coke, Sprite

**Water**                                       $1.50

## DESSERT

**Presidential Milkshake**                      $5.99

Choose from any of our available Blue
Bell Ice Cream flavors.

**Waffle Cone - Double Scoop**                  $6.99

Choose from any of our available Blue
Bell Ice Cream flavors.

**Waffle Cone - Single Scoop**                  $4.99

Choose from any of our available Blue
Bell Ice Cream flavors.



**Ice Cream - Double Scoop - Cup**    $5.99

Choose from any of our available Blue
Bell Ice Cream flavors.

**Ice Cream Single Scoop - Cup**    $3.99

Choose from any of our available Blue
Bell Ice Cream flavors.

**Kids Cone - Single Scoop**    $3.99

Choose from any of our available Blue
Bell Ice Cream flavors.

HOME

409 Bradford Avenue

Kemah, Texas 77565

281-532-6505



**MENU**



Monday - CLOSED

Tuesday - CLOSED

Wednesday - Thursday

Kitchen: 11AM - 9PM

Bar: 11AM - 10PM

Friday - Saturday

Kitchen: 11AM - 10PM

Bar: 11AM - 11PM

Sunday

Kitchen: 11AM - 9PM

Bar: 11AM - 10PM

https://www.shutterstock.com/search/trump-hair-vector?dd_referrer=https%3A%2F%2Fwww.google.com%2F

at 08:59:18, 09/25/2025









Top picks for you



Jobs/Professions     Hair and Skin     Donald trump     President of the united states     Republican party     Caricature     Hairstyle     Democratic party     President-elect of the united states     Joe biden

Next

1     of 13

Did these results match your search?

We have more than 575,000,000 assets on Shutterstock.com as of June 30, 2025.

shutterstock

English

Our company
About us
Careers
Press/media
Investor relations
Shutterstock blog
Coupons

Brands
Envato
Giphy
Pond5
PremiumBeat
TurboSquid

Products and services
Images
Video
Music
Editorial
3D
AI solutions

Legal
Website terms of use
Terms of service
Privacy policy
Modern slavery statement
Patents
Essentials plan agreement

**United States Patent and Trademark Office (USPTO)**

# USPTO OFFICIAL NOTICE

Office Action (Official Letter) has issued
on September 25, 2025 for
**U.S. Trademark Application Serial No. 99135667**

A USPTO examining attorney has reviewed your trademark application and issued an Office action.  You must respond to this Office action to avoid your application abandoning.  Follow the steps below.

**(1)  Read the Office action**.  This email is NOT the Office action.

**(2)  Respond to the Office action by the deadline** using the Trademark Electronic Application System (TEAS).  Your response, or extension request, must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response deadline.  Otherwise, your application will be abandoned.  See the Office action itself regarding how to respond.

**(3)  Direct general questions** about using USPTO electronic forms, the USPTO website, the application process, the status of your application, and whether there are outstanding deadlines to the Trademark Assistance Center (TAC).

After reading the Office action, address any question(s) regarding the specific content to the USPTO examining attorney identified in the Office action.

# GENERAL GUIDANCE

- **Check the status of your application periodically** in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

- **Update your correspondence email address** to ensure you receive important USPTO notices about your application.

- **Beware of trademark-related scams**.  Protect yourself from people and companies that may try to take financial advantage of you.  Private companies may call you and pretend to be the USPTO or may send you communications that resemble official USPTO documents to trick you.  We will never request your credit card number or social security number over the phone.  Verify the correspondence originated from us by using your serial number in our database, TSDR, to confirm that it appears under the "Documents" tab, or contact the Trademark Assistance Center.

- **Hiring a U.S.-licensed attorney**.  If you do not have an attorney and are not required to

have one under the trademark rules, we encourage you to hire a U.S.-licensed attorney specializing in trademark law to help guide you through the registration process. The USPTO examining attorney is not your attorney and cannot give you legal advice, but rather works for and represents the USPTO in trademark matters.