# EXHIBIT D

 Outlook

**Maga Burger Holdings, LLC, et al v. 409 Bradford, LLC, et al - SDTX Case No. 25-313 - SDTX Local Rule 7.1D Conferral on Intervention**

From  Elijah Levitt <elevitt@500law.com>
Date  Mon 11/17/2025 11:02 AM
To    michael@bayouip.com <michael@bayouip.com>; geoff.binney@gkbklaw.com <geoff.binney@gkbklaw.com>; michael@myidealaw.com <michael@myidealaw.com>; kdickson@murray-lobb.com <kdickson@murray-lobb.com>
Cc    Michael Santucci <mis@500law.com>; Cintia Calevoso <ccalevoso@500law.com>; Joanna Lubczanska <jlubczanska@500law.com>; mfowler@spencerfane.com <mfowler@spencerfane.com>; cgutierrrez@spencerfane.com <cgutierrrez@spencerfane.com>

Dear Counsel,

The law firm of 500law is worldwide trademark and litigation counsel for the Trump Organization's family of trademarks. As you were informed via letter recently, and perhaps previously, my clients are the rightful owners of the trademarks upon which your clients are claiming ownership and are otherwise infringing.

In the above-referenced United States District Court for the Southern District of Texas matter, DTTM Operations LLC, Trump Wine Marks, LLC., and CIC Operations LLC, ("my clients") seek to intervene to protect their rights to the trademarks at issue in the case as intervening parties against all of the current Plaintiffs and Defendants. We write you this email to confer as required by SDTX Local Rule 7.1D. Please advise if you oppose my clients' intervention in the case.

We will be filing a Motion to Appear Pro Hac Vice but also cc'd on this email is local counsel Mateo Fowler, Esq., of Spencer Fane who will address the matter pending our admission to the Southern District of Texas and thereafter.

The United States Fifth Circuit Court of Appeals provides four requirements to intervene as a matter of right, to wit, (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*New Orleans Public Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (internal citation omitted), *cited with approval in Texas v. U.S.*, 805 F.3d 653, 675 (5th Cir. 2015). There is no doubt that my clients satisfy these criteria for intervention because my clients are the rightful owners of the trademark rights at issue in the case.

In lieu of intervention, other options are for the parties to immediately cease and desist using the Marks and profiting off of President Donald J. Trump's name, image and goodwill, payment of remuneration for

past use, and for dismissal of the federal case, which will inevitably result in victory for my clients, including payment for their attorney's fees and costs, after intervention.

We would be amenable to further confer by telephone, either individually with each side or with all parties' counsel at the same time, today, Monday, November 17, 2025, at 1:30 P.M. (CST) or at such other time in the near future as may be convenient for you.

We will await your prompt response to this conferral.

Sincerely,


**Elijah A. Levitt**

Attorney at Law
Florida Bar # 725560



Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 351-7474
elevitt@500law.com
www.500law.com

CONFIDENTIALITY NOTICE: The information in this electronic mail transmission may be legally privileged and/or confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of the transmission is strictly prohibited. If you have received this transmission in error, please immediately notify this office by telephone at (954) 351-7474 or by e-mail.