IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **MAGA BURGER HOLDINGS, LLC, et al.,** Plaintiffs, | § § § § | |
| **v.** | § § § | |
| **DTTM OPERATIONS, LLC, et al.,** Intervenor Plaintiffs, | § | |
| v. | § § | CASE NO.3:25-cv-0313 |
| **ROLAND BEAINY, TRUMP BURGER LLC, MAGA BURGER HOLDINGS, LLC, et al.,** Defendants. | § § § § § § § | JURY DEMAND |

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

**INTERVENOR PLAINTIFFS' COMPLAINT AND CROSSCLAIM (Dkt. 29)**

TO THE HONORABLE COURT:

1. Defendants/Cross-Defendants Roland Beainy, Trump Burger LLC, MAGA Burger Holdings, LLC, MAGA Burger Bay City Inc., and MAGA Burger Victoria LLC (collectively, "Moving Defendants") move to dismiss Intervenor Plaintiffs' Complaint and Crossclaim (Dkt. 29) under Federal Rule of Civil Procedure 12(b)(6). The Crossclaim relies on conclusory, collective allegations against a defined group of alleged "Infringers," without pleading defendant-

specific facts showing what any Moving Defendant actually did, when they did it, or how their conduct satisfies the elements of the Lanham Act and related common-law claims. This Court has recently rejected this type of group pleading and "lumping" of defendants, holding that conclusory assertions and threadbare recitals are not enough and that group pleading fails to raise an inference of plausible liability. See *Bachman v. Martinez*, No. 3:25-cv-00284, slip op. at 7-8 (S.D. Tex. Feb. 20, 2026) rejecting "lumping" and noting the Fifth Circuit "has rejected the group pleading doctrine").

2. Moving Defendants have separately moved under Rule 12(b)(1) to dismiss Counts XII and XIII on ripeness grounds and, as to certain defendants, for lack of a justiciable Article III controversy. This Rule 12(b)(6) motion is complementary. It attacks the sufficiency of the Crossclaim's factual allegations as to all counts asserted against Moving Defendants and seeks dismissal with prejudice of claims that cannot be cured as a matter of law, and dismissal (or, at minimum, a more definite statement) where Intervenors have not pled who did what.

## I. BACKGROUND

3. Intervenor Plaintiffs DTTM Operations, LLC, CIC Operations LLC, and Trump Wine Marks, LLC assert thirteen counts against dozens of parties labeled collectively as "Infringers." Dkt. 29 ¶¶ 1–146. The Crossclaim asserts federal trademark infringement under 15 U.S.C. § 1114; false designation of

origin/unfair competition under 15 U.S.C. § 1125(a); dilution under 15 U.S.C. § 1125(c); common-law trademark infringement; a common-law right of publicity claim; and two counts seeking declaratory and USPTO-directed relief under 15 U.S.C. § 1119 regarding pending applications. Id. Moving Defendants are swept into the group definition and then treated interchangeably with unrelated entities and individuals. The Crossclaim does not plead defendant-specific acts for each Moving Defendant sufficient to state a plausible claim for relief.

## II. LEGAL STANDARD

4. To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts do not accept legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement. *Bachman*, slip op. at 2-3. And "lumping" defendants together and failing to identify specific actions of a particular defendant fails to raise an inference of plausible liability. *Bachman*, slip op. at 7–8.

## III. ARGUMENT

**A. The Crossclaim Should Be Dismissed as to the Moving Defendants for Impermissible Group Pleading and Failure to Allege Defendant-Specific Conduct**

5. The Crossclaim defines a collective group ("Infringers") and then attributes key elements—use, intent, knowledge, willfulness, confusion, and damages—to the group as a whole. See, e.g., Dkt. 29 ¶¶ 49–72, 75–110. It does not identify which Moving Defendant used which mark of which Intervenor Plaintiff, in what medium, in what geography, at what time, and in what manner that plausibly satisfies the elements of each count. This Court has already made clear that conclusory "lumping" of defendants together is insufficient under *Twombly/Iqbal*, and that group pleading does not raise an inference of plausible liability. *Bachman*, slip op. at 7–8. The Fifth Circuit likewise rejects group pleading as a substitute for defendant-specific facts. Id. Because Intervenors do not plead who did what, the Crossclaim should be dismissed as to each Moving Defendant.

**B. Moving Defendant MAGA Burger Holdings, LLC Should Be Dismissed Because the Crossclaim Does Not Plead Any Plausible "Use in Commerce" or Other Direct Liability by a Holding/Licensing Entity**

6. Intervenors identify MAGA Burger Holdings, LLC as a Texas limited liability company and a trademark applicant. Dkt. 29 ¶ 11. The Crossclaim does not plead facts showing that MBH operated any restaurant, sold any product, ran any advertisement, or otherwise used any alleged infringing mark in commerce. Instead, Intervenors rely on conclusory statements that "Infringers" use the marks. See id. ¶¶ 49–50, 63–65. That is precisely the sort of conclusory group pleading rejected under Twombly/Iqbal. 3 *Bachman*, slip op. at 2–3, 7–8.

7. Absent facts showing MBH's own commercial use or direct participation, the Lanham Act infringement and § 1125(a) claims against MBH fail. Intervenors also do not plead the elements of contributory infringement or vicarious liability as to MBH—no facts showing specific knowledge of particular acts of infringement by a specific direct infringer coupled with material contribution, and no facts showing the type of control and direct financial benefit required for vicarious liability. The Crossclaim therefore fails to state any plausible basis to hold a non-operating holding/licensing entity liable.

**C. The Claims Against Roland Beainy Should Be Dismissed Because the Crossclaim Pleads No Personal Participation**

8. Intervenors name Roland Beainy as an individual and include him within the collective "Infringers" label, but the Crossclaim does not plead any defendant-specific act by Mr. Beainy—no alleged representation, no alleged use of a mark, no alleged direction of advertising, and no alleged personal participation in any conduct satisfying any element of the asserted claims. As this Court recently held, individual liability cannot be imposed through threadbare group allegations and requires defendant-specific facts. 3 *Bachman*, slip op. at 3–4 (requiring specific acts; rejecting conclusory allegations). The claims against Mr. Beainy should be dismissed.

**D. The Claims Against MAGA Burger Bay City Inc. and MAGA Burger Victoria LLC Should Be Dismissed Because the Crossclaim Fails to Distinguish Their Alleged Conduct**

9. Intervenors list numerous "Infringer" entities, including MAGA Burger Bay City Inc. and MAGA Burger Victoria LLC, but do not plead any facts distinguishing their conduct from other entities. Dkt. 29 ¶¶ 31–32. There are no allegations identifying where either entity operates, what mark either entity uses, what goods or services are offered under which mark, or what allegedly infringing materials are attributable to either entity. Under the same logic applied in *Bachman*, the failure to identify specific actions of a defendant requires dismissal.

**E. The Dilution Claim (Count VII) Fails Because Intervenors Do Not Plead Facts Showing Fame as Required by 15 U.S.C. § 1125(c)**

10. Dilution under § 1125(c) is reserved for a narrow category of marks that are widely recognized by the general consuming public of the United States. The Crossclaim offers only conclusory assertions of fame and reputation and does not plead the type of nonconclusory facts that plausibly establish nationwide fame at the required level. Dkt. 29 ¶¶ 39–46, 108–110. Conclusory allegations of fame are insufficient. *Bachman*, slip op. at 2–3. Count VII should be dismissed.

**F. The Right of Publicity Claim (Count XI) Fails Because Intervenors Do Not Plead Defendant-Specific Commercial Appropriation**

11. Count XI alleges a common-law right of publicity claim based on alleged use of a name, image, or likeness, but Intervenors do not plead facts tying any Moving Defendant to a specific commercial appropriation. Dkt. 29 ¶¶ 126–130. As in

*Bachman*, liability cannot be based on conclusory allegations that defendants collectively used something; Intervenors must plead personal participation and specific conduct. *Bachman*, slip op. at 3–4. Count XI should be dismissed as to the Moving Defendants.

**G. Counts XII and XIII Fail to State a Claim Under Rule 12(b)(6) (Independent of the Rule 12(b)(1) Ripeness Defect)**

12. Counts XII and XIII seek declaratory and USPTO-directed relief under 15 U.S.C. § 1119 concerning pending applications. Dkt. 29 ¶¶ 131–146. Moving Defendants have separately moved to dismiss these counts under Rule 12(b)(1) as unripe. In addition, Counts XII and XIII fail under Rule 12(b)(6) because § 1119 is a remedial provision invoked in the context of an action involving a registered mark and does not supply a standalone cause of action untethered from a properly pled registrability dispute. The Crossclaim does not plead facts establishing entitlement to the specific § 1119 relief sought as to pending applications, and it improperly asks the Court to direct an agency outcome midstream. At minimum, Counts XII and XIII should be dismissed for failure to state a claim, and the Court should instead allow the TTAB to address the live applications, as set out in the pending Rule 12(b)(1) motion.

**H. The Common-Law Trademark Counts (VIII–X) and Overlapping Lanham Act Counts Should Be Dismissed or Narrowed as Duplicative and Conclusory as to the Moving Defendants**

13. Counts VIII–X rest on the same conclusory group allegations as the Lanham Act counts and do not plead defendant-specific conduct. Dkt. 29 ¶¶ 111–125. For the same reasons discussed above, these claims fail as to the Moving Defendants. Further, to the extent the common-law counts simply mirror the federal counts without additional defendant-specific factual content, dismissal is appropriate at the pleading stage.

## IV. CONCLUSION AND PRAYER

14. For the foregoing reasons, Moving Defendants respectfully request that the Court dismiss with prejudice all claims asserted against Roland Beainy, MAGA Burger Holdings, LLC, MAGA Burger Bay City Inc., and MAGA Burger Victoria LLC. Moving Defendants further request dismissal of all claims asserted against Trump Burger LLC to the extent Intervenors cannot plead defendant-specific conduct by TBL, or, at a minimum, require repleader limited to nonconclusory, defendant-specific allegations. Moving Defendants further request dismissal of Counts VII and XI in their entirety as a matter of law, and dismissal of Counts XII and XIII under Rule 12(b)(6) (in addition to the pending Rule 12(b)(1) motion).

Respectfully submitted,

/s/ Michael Spradley
Michael Spradley

Bayou IP PLLC
Texas Bar No. 24067881
S.D. Tex. No. 1206455
1220 Augusta Dr., Suite 174
Houston, Texas 77057
Tel: (713) 728-3687
Email: michael@bayouip.com
ATTORNEY FOR
DEFENDANTS/CROSS-
DEFENDANTS MAGA BURGER
HOLDINGS LLC, TRUMP BURGER
LLC, ROLAN BEAINY, MAGA
BURGER BAY CITY INC., and MAGA
BURGER VICTORIA LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, a true and correct copy of the foregoing was filed and served through the Court's CM/ECF system on all counsel of record.

/s/ Michael Spradley
Michael Spradley
Bayou IP PLLC
Texas Bar No. 24067881
S.D. Tex. No. 1206455
1220 Augusta Dr., Suite 174
Houston, Texas 77057
Tel: (713) 728-3687
Email: michael@bayouip.com
ATTORNEY FOR DEFENDANTS/CROSS-DEFENDANTS MAGA BURGER HOLDINGS LLC, TRUMP BURGER LLC, ROLAN BEAINY, MAGA BURGER BAY CITY INC., and MAGA BURGER VICTORIA LLC