IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **MAGA BURGER HOLDINGS, LLC, et al.,** Plaintiffs, | § § § § | |
| **v.** | § § § | |
| **DTTM OPERATIONS, LLC, et al.,** Intervenor Plaintiffs, | § | |
| v. | § § | CASE NO.<u>3:25-cv-0313</u> |
| **ROLAND BEAINY, TRUMP BURGER LLC, MAGA BURGER HOLDINGS, LLC, et al.,** Defendants. | § § § § § § § | JURY DEMAND |

**DEFENDANTS/CROSS-DEFENDANTS MAGA BURGER HOLDINGS, LLC, TRUMP BURGER LLC, ROLAND BEAINY, MAGA BURGER BAY CITY INC., AND MAGA BURGER VICTORIA LLC'S ANSWER TO INTERVENOR PLAINTIFFS' COMPLAINT AND CROSSCLAIM (Dkt. 29)**

**AND**

**COUNTERPLAINTIFF ROLAND BEAINY, MAGA BURGER BAY CITY INC., AND MAGA BURGER VICTORIA LLC'S COUNTERCLAIMS**

Defendants/Cross-Defendants MAGA Burger Holdings, LLC ("MBH"), Trump

Burger LLC ("TBL"), Roland Beainy ("Beainy"), MAGA Burger Bay City Inc.

("Bay City"), and MAGA Burger Victoria LLC ("Victoria") (collectively,

"Defendants") file this Answer to the Intervenor Plaintiffs' Complaint and

Crossclaim for Damages and Injunctive Relief (Dkt. 29) (the "Crossclaim"), and state as follows:

### GENERAL DENIAL

Except as expressly admitted herein, Defendants deny each and every allegation of the Crossclaim. Defendants further deny that Intervenor Plaintiffs are entitled to any relief whatsoever.

### RESPONSES TO NUMBERED ALLEGATIONS

### I. NATURE OF THE ACTION

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

2. Denied.

3. Denied.

### II. JURISTICTION AND VENUE

4. Defendants admit only that the Crossclaim purports to assert claims that reference federal statutes cited in this paragraph. Defendants otherwise deny any entitlement to relief and deny that the Intervenor Plaintiffs have subject matter jurisdiction.

5. Defendants admit that MBH, TBL, Bay City, and Victoria are Texas limited liability companies and that Mr. Beainy is domiciled in Texas. Defendants

otherwise deny the remaining allegations and do not concede personal jurisdiction as alleged.

6. Admitted.

## III. PARTIES

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

11. MBH admits that it is a Texas limited liability company and that it filed U.S. Trademark Application Serial Nos. 99135657 and 99135667 as alleged. MBH denies that its marks are infringing, denies any characterization of the marks as "Infringing Marks," and otherwise denies the remaining allegations.

12. TBL admits that it is a Texas limited liability company. TBL denies that it has engaged in any unlawful conduct or any use of any mark in a manner that infringes Intervenors' rights and otherwise denies the remaining allegations.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

20. TBL admits that it is a Texas limited liability company. TBL denies that it has engaged in any unlawful conduct or any use of any mark in a manner that infringes Intervenors' rights and otherwise denies the remaining allegations.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

31. Bay City admits that it is a Texas corporation Bay City denies that it has engaged in any unlawful conduct or any use of any mark in a manner that infringes Intervenors' rights and otherwise denies the remaining allegations.

32. Victoria admits that it is a Texas limited liability company. Victoria denies that it has engaged in any unlawful conduct or any use of any mark in a manner that infringes Intervenors' rights and otherwise denies the remaining allegations.

33. Beainy admits he is an individual residing in Texas. Beainy denies that he is a moving force behind any alleged wrongful acts and denies any liability.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

## IV. FACTUAL BACKGROUND

35. Denied.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegatons in this paragraph and therefore deny the same.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

47. Defendants admit only that the Crossclaim quotes and characterizes allegations it attributes to Plaintiffs' Complaint. Defendants otherwise deny any implication of wrongdoing or any alleged inference drawn from that pleading.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

49. Denied.

50. Denied.

51. MBH admits that it filed U.S. Trademark Application Serial Nos. 99135657 and 99135667 on or about the date alleged. MBH denies any characterization of these applications as infringing or unlawful.

52. MBH admits only that the USPTO issued a nonfinal Office Action as to Application Serial No. 99135667 on or about September 25, 2025. MBH denies the remaining allegations, including any legal conclusions or any suggestion that the Office Action establishes liability or entitlement to relief in this case.

53. Denied.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

55. Denied.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

74. Denied.

## COUNT I

75. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-74 above, as if fully set forth herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT II

82. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-81 above, as if fully set forth herein.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## COUNT III

89. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-88 above, as if fully set forth herein.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## COUNT IV

96. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-95 above, as if fully set forth herein.

97. Denied.

98. Denied.

99. Denied.

## COUNT V

100. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-99 above, as if fully set forth herein.

101. Denied.

102. Denied.

103. Denied.

## COUNT VI

104. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-103 above, as if fully set forth herein.

105. Denied.

106. Denied.

107. Denied.

## COUNT VII

108. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-107 above, as if fully set forth herein.

109. Denied.

110. Denied.

## COUNT VIII

111. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-110 above, as if fully set forth herein.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

## COUNT IX

116. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-115 above, as if fully set forth herein.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

## COUNT X

121. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-120 above, as if fully set forth herein.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

## COUNT XI

126. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-125 above, as if fully set forth herein.127. Denied.

128. Denied.

129. Denied.

130. Denied.

## COUNT XII

131. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-130 above, as if fully set forth herein.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

## COUNT XIII

140. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-39 above, as if fully set forth herein.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## INTERVENOR PLAINTIFF'S PRAYER FOR RELIEF

147. To the Extent the paragraphs following paragraph 146 need a response, Intervenor Defendants deny that Intervenor Plaintiffs are entitle to relief.

## PRELIMINARY RESERVATION OF RULE 12(B) MOTION

148. Subject to and without waiving Intervenor Defendants' forthcoming Rule 12(b)(6) motion to dismiss the Intervenor Plaintiff's Complaint and Crossclaim for failure to state a claim, Intervenor Defendants assert the following defenses in the alternative. If the Court deems the filing of this Answer to affect Rule 12(b)(6) procedure, Defendants request that their arguments be construed as a Rule 12(c) motion for judgment on the pleadings.

## III. AFFIRMATIVE DEFENSES

149. Without assuming any burden of proof not otherwise imposed by law, and expressly reserving all rights, Defendants assert the following defenses. The inclusion of any defense is not an admission that Defendants bear the burden of proof on that defense, and Defendants reserve the right to add defenses as discovery proceeds.

150. **Failure to state a claim upon which relief can be granted.** The Claim fails, in whole or in part, to plead facts sufficient to support the elements of the asserted claims.

151. **Lack of subject matter jurisdiction.** Lack of subject matter jurisdiction to the extent Intervenors seek relief that is not justiciable or ripe, including any relief directed to pending USPTO applications.

152. **Lack of Standing.** Lack of Article III standing and/or absence of a case or controversy as to particular requested relief and/or as to particular parties, to the extent applicable.

153. **No likelihood of confusion, mistake, or deception.** The Polaroid factors weigh heavily against any likelihood of confusion between Defendant's uses/if any and the Intervenor Plaintiff's alleged marks.

154. **Unclean Hands / Overreaching.** Intervenor Plaintiffs seek to monopolize commonly used political slogans beyond the scope of trademark law; equitable principles bar or limit such claims.

155. **No False/Suggestion of a connection.** The asserted matter does not point uniquely and unmistakably to Intervenor Plaintiffs or any individual, and widespread use defeats any claims of unique association.

156. **Lack of Substantially Exclusive Use.** Intervenor Plaintiffs have not made substantially exclusive use of MAGA or MAKE AMERICA GREAT AGAIN. Numerous third parties, including politicians and political campaigns unaffiliated with Intervenor Plaintiffs, have openly

used the same terms to identify themselves and their political positions, negating any claim of exclusivity or trademark significance.

157. **Political Expression/ First Amendment Use.** Intervenor Plaintiffs asserted marks consist of political expression and movement slogans whose widespread use is protected and expected in political discourse. Trademark rights cannot be used to suppress or monopolize political self-identification or expression, and such expressive use defeats Intervenor Plaintiffs'

158. **No fame and no dilution.** Intervenors cannot satisfy the statutory prerequisites for dilution or establish dilution by blurring or tarnishment.

159. **Estoppel/Acquiescence.** By encouraging, acquiescing in, or tolerating widespread third-party political use of MAGA and MAKE AMERICA GREAT AGAIN without objection, Intervenor Plaintiffs are estopped from asserting that such terms uniquely identify Intervenor Plaintiffs or act as single source indicator

160. **Failure to mitigate damages.** Intervenor Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages. To the extent Intervenor Plaintiffs suffered any injury (which Defendants deny), such damages were caused or increased by their own failure to take reasonable steps to avoid, reduce, or mitigate those alleged damages. Intervenor Plaintiffs failed to act with reasonable diligence to limit any purported harm, including but not limited to promptly addressing or correcting the

alleged conduct, pursuing available administrative remedies, and avoiding unnecessary accrual of damages. Accordingly, any recovery must be reduced or barred to the extent such damages could have been mitigated through reasonable efforts.

161. **No Willfulness.** No willfulness and no basis for enhanced damages, disgorgement, attorneys' fees, or other extraordinary relief.

162. **Failure to Provide Notice Under 15 U.S.C. § 1111 (Lack of Marking).** Plaintiffs' claims for damages, disgorgement of profits, or other monetary relief are barred, in whole or in part, by their failure to provide proper statutory notice of their alleged registered trademark rights. Under 15 U.S.C. § 1111, a registrant may not recover profits or damages for trademark infringement unless the registrant (i) gives actual notice of the registration to the alleged infringer, or (ii) complies with the marking requirement by consistently displaying the registered mark with the statutory notice of registration—namely, the symbol ®, the words "Registered in U.S. Patent and Trademark Office," or another legally sufficient designation. Upon information and belief, Plaintiffs and/or their predecessors, licensees, and authorized users have failed to consistently use the ® symbol or any legally sufficient notice in connection with the alleged MAKE AMERICA GREAT AGAIN registrations on the goods and services at issue. As a result, Plaintiffs are barred from recovering damages, profits, or monetary relief for any alleged infringement

occurring prior to actual notice, and any such claims must be limited or dismissed accordingly.

## IV. PRAYER

163. WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Intervenor Plaintiffs, dismiss the Crossclaim with prejudice, deny all requested relief, award Defendants their costs, and grant such other and further relief as the Court deems just and proper.

## V. JURY DEMAND

164. Defendants demand a trial by jury on all issues so triable.

## COUNTERPLAINTIFF ROLAND BEAINY, MAGA BURGER BAY CITY INC., AND MAGA BURGER VICTORIA LLC'S COUNTERCLAIMS

Defendants/Counterclaim Plaintiffs Roland Beainy, MAGA BURGER BAY CITY INC., and MAGA BURGER VICTORIA LLC (collectively, "Counterclaim Plaintiffs") assert the following counterclaims for declaratory relief and for cancellation of trademark registrations against Plaintiffs/Counterclaim Defendants DTTM Operations LLC, CIC Operations LLC, and Trump Wine Marks LLC (collectively, "Counterclaim Defendants").

## PARTIES

1. Counterclaim Plaintiff Roland Beainy is an individual resident of Texas who resides at 880 Highway 6 South Apt 4014, Houston, TX 77079.

2. Counterclaim Plaintiff MAGA BURGER BAY CITY INC. is a corporation organized under the laws of Texas, with its principal place of business at 880 Highway 6 South Apt 4014, Houston, TX 77079.

3. Counterclaim Plaintiff MAGA BURGER VICTORIA LLC is a limited liability company organized under the laws of Texas, with its principal place of business at 880 Highway 6 South Apt 4014, Houston, TX 77079.

4. Counterclaim Defendants DTTM Operations LLC, CIC Operations LLC, and Trump Wine Marks LLC are business entities organized under the laws of their respective states, with principal places of business as alleged in their pleadings.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has authority to declare the parties' rights and legal relations pursuant to 28 U.S.C. §§ 2201–2202.

7. This Court has authority to order cancellation of federal trademark registrations pursuant to 15 U.S.C. § 1119.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391, and because Counterclaim Defendants filed suit (or intervened and asserted claims) in this District and have placed the Subject Registrations and alleged rights at issue here.

**THE SUBJECT REGISTRATIONS**

9. Counterclaim Defendants claim ownership of multiple United States trademark registrations for the phrase "MAKE AMERICA GREAT AGAIN," including but not limited to U.S. Registration Nos. 5,020,556; 5,921,166; 5,885,602; and 4,773,272 (collectively, the "Subject Registrations").

**COMMON FACTUAL ALLEGATIONS**

10. "MAKE AMERICA GREAT AGAIN" is a commonly used political slogan and message that has been used by members of the public, media, commentators, and countless third parties to convey political support, political criticism, or other viewpoints, rather than to identify any single commercial source.

11. Upon information and belief, the phrase appears routinely on signs, banners, websites, social-media posts, and hashtags, and is commonly encountered by consumers as an informational or expressive message.

12. Upon information and belief, numerous independent third-party sellers offer goods bearing the phrase—especially apparel, hats, stickers, decals, posters, and bags—through online marketplaces and print-on-demand channels, without any affiliation with Counterclaim Defendants.

13. Upon information and belief, in those common marketplace contexts, the phrase is displayed ornamentally and prominently as a message (e.g., across the front of a shirt or the face of a hat) and is purchased for the message it conveys, not as an indicator of source.  Counterclaim defendants put the words MAKE AMERICA GREAT AGAIN on products such as hats, shirts, and umbrellas.  On hats, the words are put prominently, in the front, centered and in bold text.  It is clearly a message. Further upon information and belief, the hats have tags with a separate mark or marks, not being claimed in this suit as having been infringed by any Intervenor Defendants.

14. Upon information and belief, consumers encountering the phrase on such goods understand it primarily as conveying a political/informational message, and not as identifying a single producer of the goods or services.

15. Counterclaim Defendants nevertheless assert the Subject Registrations as a basis to exclude others from using common political expression and to interfere with Counterclaim Plaintiffs' lawful business activities, including their restaurant branding and operations in connection with "MAGA BURGER."

16. There is an actual, substantial, and immediate controversy between the parties regarding Counterclaim Defendants' alleged trademark rights and Counterclaim Plaintiffs' right to use "MAGA BURGER" and related wording in commerce.

**COUNTERCLAIM I – DECLARATORY JUDGMENT (INVALIDITY/UNENFORCEABILITY AND NO LIABILITY)**

17. Counterclaim Plaintiffs incorporate by reference paragraphs 1–16.

18. Counterclaim Defendants contend that Counterclaim Plaintiffs' use of "MAGA BURGER" and related wording infringes, dilutes, or otherwise violates Counterclaim Defendants' purported rights in the Subject Registrations and related alleged marks, and Counterclaim Defendants have acted to enforce or threaten enforcement of those purported rights.

19. Counterclaim Plaintiffs deny that their conduct infringes, dilutes, or otherwise violates any valid and enforceable trademark rights of Counterclaim Defendants.

20. The Subject Registrations are invalid and/or unenforceable in whole or in part for the reasons set forth below, and Counterclaim Defendants have no valid basis to assert them to prevent Counterclaim Plaintiffs' use of "MAGA BURGER" and related wording.

21. Accordingly, Counterclaim Plaintiffs are entitled to a declaratory judgment that (a) the Subject Registrations are invalid and/or unenforceable in whole or in part; and (b) Counterclaim Plaintiffs' use of "MAGA BURGER" and related wording does not infringe, dilute, or otherwise violate Counterclaim Defendants' asserted rights.

WHEREFORE, Counterclaim Plaintiffs request entry of declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202 consistent with the foregoing, together with such further relief as the Court deems just and proper.

## COUNTERCLAIM II – CANCELLATION (15 U.S.C. § 1119) – FAILURE TO FUNCTION / MERELY INFORMATIONAL

22. Counterclaim Plaintiffs incorporate by reference paragraphs 1–16.

23. The phrase "MAKE AMERICA GREAT AGAIN," as used and perceived by the relevant public, functions primarily as an informational, political, and expressive message, not as a trademark indicating a single source.

24. Because the phrase fails to function as a trademark for the goods and services identified in the Subject Registrations, the Subject Registrations are invalid in whole or in part.

25. Pursuant to 15 U.S.C. § 1119, the Court should order cancellation of the Subject Registrations in whole, or in the alternative cancel them in part as to any goods/services for which the phrase fails to function as a mark.

WHEREFORE, Counterclaim Plaintiffs request that the Court cancel the Subject Registrations pursuant to 15 U.S.C. § 1119, in whole or in part, and award such further relief as the Court deems just and proper.

**COUNTERCLAIM III – CANCELLATION (15 U.S.C. § 1119) – GENERICNESS (IN THE ALTERNATIVE)**

26. Counterclaim Plaintiffs incorporate by reference paragraphs 1–16.

27. In the alternative, "MAKE AMERICA GREAT AGAIN" is generic (or has become generic) for common political message content and related promotional goods and services, as understood by the relevant public.

28. Generic matter is not entitled to trademark registration or protection. The Subject Registrations are therefore invalid in whole or in part.

29. Pursuant to 15 U.S.C. § 1119, the Court should cancel the Subject Registrations in whole or in part.

WHEREFORE, Counterclaim Plaintiffs request cancellation of the Subject Registrations pursuant to 15 U.S.C. § 1119, together with such further relief as the Court deems just and proper.

**COUNTERCLAIM IV – CANCELLATION (15 U.S.C. § 1119) – LACK OF DISTINCTIVENESS / MERELY DESCRIPTIVE OR ORNAMENTAL (IN THE ALTERNATIVE)**

30. Counterclaim Plaintiffs incorporate by reference paragraphs 1–16.

31. In the alternative, "MAKE AMERICA GREAT AGAIN" is not inherently distinctive and, at most, is merely descriptive or informational and/or used ornamentally in common trade such that it does not indicate source.

32. The phrase lacks distinctiveness for the goods and services identified in the Subject Registrations, and any claim of acquired distinctiveness is insufficient as to one or more goods/services.

33. Pursuant to 15 U.S.C. § 1119, the Court should cancel the Subject Registrations in whole or in part.

WHEREFORE, Counterclaim Plaintiffs request cancellation of the Subject Registrations pursuant to 15 U.S.C. § 1119, together with such further relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

Counterclaim Plaintiffs respectfully request that the Court:

A. Declare pursuant to 28 U.S.C. §§ 2201–2202 that the Subject Registrations are invalid and/or unenforceable in whole or in part, and that Counterclaim Plaintiffs' use of "MAGA BURGER" and related wording does not infringe, dilute, or otherwise violate Counterclaim Defendants' asserted rights;

B. Cancel U.S. Registration Nos. 5,020,556; 5,921,166; 5,885,602; and 4,773,272 pursuant to 15 U.S.C. § 1119, in whole or in the alternative in part as to some or all goods/services;

C. Award costs as permitted by law; and

D. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Counterclaim Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Michael Spradley
Michael Spradley
Bayou IP PLLC
Texas Bar No. 24067881
S.D. Tex. No. 1206455
1220 Augusta Dr., Suite 174
Houston, Texas 77057
Tel: (713) 728-3687
Email: michael@bayouip.com
ATTORNEY FOR
DEFENDANTS/CROSS-
DEFENDANTS MAGA BURGER
HOLDINGS LLC, TRUMP BURGER
LLC, ROLAN BEAINY, MAGA
BURGER BAY CITY INC., and MAGA
BURGER VICTORIA LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, a true and correct copy of the foregoing was filed and served through the Court's CM/ECF system on all counsel of record.

/s/ Michael Spradley
Michael Spradley
Bayou IP PLLC
Texas Bar No. 24067881
S.D. Tex. No. 1206455
1220 Augusta Dr., Suite 174
Houston, Texas 77057
Tel: (713) 728-3687
Email: michael@bayouip.com
ATTORNEY FOR
DEFENDANTS/CROSS-
DEFENDANTS MAGA BURGER
HOLDINGS LLC, TRUMP BURGER
LLC, ROLAN BEAINY, MAGA
BURGER BAY CITY INC., and MAGA
BURGER VICTORIA LLC
