IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **MAGA BURGER HOLDINGS, LLC, et al.,**<br>Plaintiffs,<br><br>**v.**<br><br>**DTTM OPERATIONS, LLC, et al.,**<br>Intervenor Plaintiffs,<br><br>v.<br><br>**ROLAND BEAINY, TRUMP BURGER LLC, MAGA BURGER HOLDINGS, LLC, et al.,**<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br><br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br><br><br>CASE NO.3:25-cv-0313<br><br><br>JURY DEMAND |

**DEFENDANTS/CROSS-DEFENDANTS MAGA BURGER HOLDINGS, LLC, TRUMP BURGER LLC, ROLAND BEAINY, MAGA BURGER BAY CITY INC., AND MAGA BURGER VICTORIA LLC'S FIRST-AMENDED ANSWER TO INTERVENOR PLAINTIFFS' COMPLAINT AND CROSSCLAIM (Dkt. 29)**

**AND**

**COUNTERPLAINTIFF ROLAND BEAINY, MAGA BURGER BAY CITY INC., AND MAGA BURGER VICTORIA LLC'S FIRST-AMENDED COUNTERCLAIMS**

Defendants/Cross-Defendants MAGA Burger Holdings, LLC ("MBH"), Trump Burger LLC ("TBL"), Roland Beainy ("Beainy"), MAGA Burger Bay City Inc. ("Bay City"), and MAGA Burger Victoria LLC ("Victoria") (collectively, "Defendants") file this Answer to the Intervenor Plaintiffs' Complaint and Crossclaim for Damages and Injunctive Relief (Dkt. 29) (the "Crossclaim"), and state as follows:

## GENERAL DENIAL

Except as expressly admitted herein, Defendants deny each and every allegation of the Crossclaim. Defendants further deny that Intervenor Plaintiffs are entitled to any relief whatsoever.

## RESPONSES TO NUMBERED ALLEGATIONS

### I. NATURE OF THE ACTION

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

2. Denied.

3. Denied.

### II. JURISTICTION AND VENUE

4. Defendants admit only that the Crossclaim purports to assert claims that reference federal statutes cited in this paragraph. Defendants otherwise deny any entitlement to relief and deny that the Intervenor Plaintiffs have subject matter jurisdiction.

5. Defendants admit that MBH, TBL, Bay City, and Victoria are Texas limited liability companies and that Mr. Beainy is domiciled in Texas. Defendants otherwise deny the remaining allegations and do not concede personal jurisdiction as alleged.

6. Admitted.

### III. PARTIES

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

11. MBH admits that it is a Texas limited liability company and that it filed U.S. Trademark Application Serial Nos. 99135657 and 99135667 as alleged. MBH denies that its marks are infringing, denies any characterization of the marks as "Infringing Marks," and otherwise denies the remaining allegations.

12. TBL admits that it is a Texas limited liability company. TBL denies that it has engaged in any unlawful conduct or any use of any mark in a manner that infringes Intervenors' rights and otherwise denies the remaining allegations.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

20. TBL admits that it is a Texas limited liability company. TBL denies that it has engaged in any unlawful conduct or any use of any mark in a manner that infringes Intervenors' rights and otherwise denies the remaining allegations.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

31. Bay City admits that it is a Texas corporation Bay City denies that it has engaged in any unlawful conduct or any use of any mark in a manner that infringes Intervenors' rights and otherwise denies the remaining allegations.

32. Victoria admits that it is a Texas limited liability company. Victoria denies that it has engaged in any unlawful conduct or any use of any mark in a manner that infringes Intervenors' rights and otherwise denies the remaining allegations.

33. Beainy admits he is an individual residing in Texas. Beainy denies that he is a moving force behind any alleged wrongful acts and denies any liability.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

## IV. FACTUAL BACKGROUND

35. Denied.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

47. Defendants admit only that the Crossclaim quotes and characterizes allegations it attributes to Plaintiffs' Complaint. Defendants otherwise deny any implication of wrongdoing or any alleged inference drawn from that pleading.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

49. Denied.

50. Denied.

51. MBH admits that it filed U.S. Trademark Application Serial Nos. 99135657 and 99135667 on or about the date alleged. MBH denies any characterization of these applications as infringing or unlawful.

52. MBH admits only that the USPTO issued a nonfinal Office Action as to Application Serial No. 99135667 on or about September 25, 2025. MBH denies the remaining allegations, including any legal conclusions or any suggestion that the Office Action establishes liability or entitlement to relief in this case.

53. Denied.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

55. Denied.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

74. Denied.

## COUNT I

75. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-74 above, as if fully set forth herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT II

82. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-81 above, as if fully set forth herein.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## COUNT III

89. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-88 above, as if fully set forth herein.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## COUNT IV

96. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-95 above, as if fully set forth herein.

97. Denied.

98. Denied.

99. Denied.

## COUNT V

100. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-99 above, as if fully set forth herein.

101. Denied.

102. Denied.

103. Denied.

## COUNT VI

104. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-103 above, as if fully set forth herein.

105. Denied.

106. Denied.

107. Denied.

## COUNT VII

108. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-107 above, as if fully set forth herein.

109. Denied.

110. Denied.

## COUNT VIII

111. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-110 above, as if fully set forth herein.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

## COUNT IX

116. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-115 above, as if fully set forth herein.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

## COUNT X

121. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-120 above, as if fully set forth herein.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

## COUNT XI

126. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-125 above, as if fully set forth herein.127. Denied.

128. Denied.

129. Denied.

130. Denied.

## COUNT XII

131. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-130 above, as if fully set forth herein.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

## COUNT XIII

140. Defendants repeat and re-allege each and every response in this Answer contained in Paragraphs 1-39 above, as if fully set forth herein.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

### INTERVENOR PLAINTIFF'S PRAYER FOR RELIEF

147. To the Extent the paragraphs following paragraph 146 need a response, Intervenor Defendants deny that Intervenor Plaintiffs are entitle to relief.

### PRELIMINARY RESERVATION OF RULE 12(B) MOTION

148. Subject to and without waiving Intervenor Defendants' forthcoming Rule 12(b)(6) motion to dismiss the Intervenor Plaintiff's Complaint and Crossclaim for failure to state a claim, Intervenor Defendants assert the following defenses in the alternative. If the Court deems the filing of this Answer to affect Rule 12(b)(6) procedure, Defendants request that their arguments be construed as a Rule 12(c) motion for judgment on the pleadings.

## III. AFFIRMATIVE DEFENSES

149.    Without assuming any burden of proof not otherwise imposed by law, and expressly reserving all rights, Defendants assert the following defenses. The inclusion of any defense is not an admission that Defendants bear the burden of proof, and Defendants reserve the right to amend or supplement these defenses as discovery proceeds.

150.     **Failure to state a claim.** Plaintiffs fail to state a claim upon which relief can be granted because the alleged use constitutes ornamental, informational, and expressive use rather than trademark use, and therefore cannot satisfy the elements of infringement, unfair competition, or dilution.

151.     **Lack of subject matter jurisdiction.** The Court lacks subject matter jurisdiction to the extent Plaintiffs seek non-justiciable or unripe relief, including relief directed to pending USPTO applications.

152.     **Lack of standing.** Plaintiffs lack Article III standing and/or fail to present a case or controversy as to certain claims, forms of relief, or parties.

153.     **Failure to function / not a trademark.** The asserted phrase fails to function as a trademark because it is used ornamentally, informationally, and as a political message rather than as a source identifier. Plaintiffs therefore lack enforceable trademark rights in the alleged use.

154.     **No trademark use by Plaintiffs.** Plaintiffs are not using the asserted phrase as a trademark in the marketplace but as outward-facing message matter, defeating the existence of actionable trademark use.

155.     **No likelihood of confusion.** There is no likelihood of confusion as a matter of law, including because Plaintiffs' alleged use is not trademark use and consumers perceive the phrase as a political message rather than a source identifier.

156.     **No dilution.** Plaintiffs cannot establish the statutory elements of dilution because the asserted phrase does not function as a singular source-identifying famous mark in the relevant context.

157.     **Lack of substantially exclusive use.** Plaintiffs have not made substantially exclusive use of the asserted phrase. Extensive and widespread third-party use defeats any claim of exclusivity and supports that the phrase does not function as a mark.

158.     **Abandonment.** Plaintiffs' asserted rights are barred by abandonment, including through loss of significance as a mark, failure to police widespread third-party use, and naked licensing.

159.     **Estoppel and acquiescence.** By encouraging, acquiescing in, or tolerating widespread third-party political use of MAGA and MAKE AMERICA GREAT AGAIN without objection, Intervenor Plaintiffs are estopped from asserting that such terms uniquely identify Intervenor Plaintiffs or act as single source indicator.

160.     **Unclean hands.** Plaintiffs' claims are barred or limited by unclean hands because they seek to enforce trademark rights beyond the lawful scope of trademark protection by attempting to monopolize a widely used political slogan.

161.     **No false suggestion of connection.** The asserted phrase does not uniquely and unmistakably point to Plaintiffs, and widespread use defeats any claim of a distinct association.

162.     **First Amendment / political expression.** The asserted phrase constitutes political expression, and trademark law may not be used to suppress or monopolize political speech or self-identification.

163.     **Limited scope of rights.** Any rights Plaintiffs possess are limited to bona fide trademark use and do not extend to ornamental, informational, expressive, or political uses.

164.    **No entitlement to incontestable status.** To the extent Plaintiffs assert incontestable status, such status was never lawfully obtained because the statutory prerequisites, including bona fide trademark use in commerce, were not satisfied.

165.    **Failure to mitigate damages.** Intervenor Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages. To the extent Intervenor Plaintiffs suffered any injury (which Defendants deny), such damages were caused or increased by their own failure to take reasonable steps to avoid, reduce, or mitigate those alleged damages. Intervenor Plaintiffs failed to act with reasonable diligence to limit any purported harm, including but not limited to promptly addressing or correcting the alleged conduct, pursuing available administrative remedies, and avoiding unnecessary accrual of damages. Accordingly, any recovery must be reduced or barred to the extent such damages could have been mitigated through reasonable efforts.

166.    **No willfulness.** Defendants' conduct was not willful and cannot support enhanced damages, disgorgement, or attorneys' fees.

167.    **Failure to Provide Notice Under 15 U.S.C. § 1111 (Lack of Marking).** Plaintiffs' claims for damages, disgorgement of profits, or other monetary relief are barred, in whole or in part, by their failure to provide proper statutory notice of their alleged registered trademark rights. Under 15 U.S.C. § 1111, a registrant may not recover profits or damages for trademark infringement unless the registrant (i) gives actual notice of the registration to the alleged infringer, or (ii) complies with the marking requirement by consistently displaying the registered mark with the statutory notice of registration—namely, the symbol ®, the words "Registered in U.S. Patent and Trademark Office," or another legally sufficient designation. Upon information and belief, Plaintiffs and/or their predecessors, licensees, and authorized

users have failed to consistently use the ® symbol or any legally sufficient notice in connection with the alleged MAKE AMERICA GREAT AGAIN registrations on the goods and services at issue. As a result, Plaintiffs are barred from recovering damages, profits, or monetary relief for any alleged infringement occurring prior to actual notice, and any such claims must be limited or dismissed accordingly.

## IV. PRAYER

168.    WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Intervenor Plaintiffs, dismiss the Crossclaim with prejudice, deny all requested relief, award Defendants their costs, and grant such other and further relief as the Court deems just and proper.

## V. JURY DEMAND

169.    Defendants demand a trial by jury on all issues so triable.

## COUNTERPLAINTIFF ROLAND BEAINY, MAGA BURGER BAY CITY INC., AND MAGA BURGER VICTORIA LLC'S FIRST-AMENDED COUNTERCLAIMS

Defendants/Counterclaim Plaintiffs Roland Beainy, MAGA BURGER BAY CITY INC., and MAGA BURGER VICTORIA LLC (collectively, "Counterclaim Plaintiffs") assert the following counter-petition for declaratory judgment and related relief against Plaintiffs/Counterclaim Defendants DTTM Operations LLC, CIC Operations LLC, and Trump Wine Marks LLC (collectively, "Counterclaim Defendants").. These claims are pleaded in the alternative and to the fullest extent permitted by the Lanham Act, the Declaratory Judgment Act, and principles of equity. Even if one or more asserted registrations remain valid, Plaintiffs still cannot stretch those

registrations beyond trademark law's proper function, which is to protect source-indicating designations rather than political messages, ornamental matter, or the name of a political movement.

Counter-Petitioners alternatively seek cancellation under 15 U.S.C. § 1119 only as to those MAKE AMERICA GREAT AGAIN registrations that are not shown on the present public record to be incontestable. On the present record, that includes at least U.S. Registration Nos. 5,885,602 and 5,921,166. These cancellation claims are not asserted against any registration to the extent a court determines that the registration is incontestable and the asserted cancellation ground is barred as a matter of law. Counter-Petitioners also seek cancellation of any other MAKE AMERICA GREAT AGAIN registrations deemed not to be incontestable.

## PARTIES

1. Counterclaim Plaintiff Roland Beainy is an individual resident of Texas who resides at 880 Highway 6 South Apt 4014, Houston, TX 77079.

2. Counterclaim Plaintiff MAGA BURGER BAY CITY INC. is a corporation organized under the laws of Texas, with its principal place of business at 880 Highway 6 South Apt 4014, Houston, TX 77079.

3. Counterclaim Plaintiff MAGA BURGER VICTORIA LLC is a limited liability company organized under the laws of Texas, with its principal place of business at 880 Highway 6 South Apt 4014, Houston, TX 77079.

4. Counterclaim Defendants DTTM Operations LLC, CIC Operations LLC, and Trump Wine Marks LLC are business entities organized under the laws of their respective states, with principal places of business as alleged in their pleadings.

**JURISDICTION AND VENUE**

5.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has authority to declare the parties' rights and legal relations pursuant to 28 U.S.C. §§ 2201–2202.

7.  This Court has authority to order cancellation of federal trademark registrations pursuant to 15 U.S.C. § 1119.

8.  Venue is proper in this District pursuant to 28 U.S.C. § 1391, and because Counterclaim Defendants filed suit (or intervened and asserted claims) in this District and have placed the Subject Registrations and alleged rights at issue here.

**FACTS**

9.  Plaintiffs assert rights in one or more registrations for the phrase MAKE AMERICA GREAT AGAIN and seek to use those registrations offensively against Counter-Petitioners.

10. The controversy between the parties is real, immediate, and substantial. Plaintiffs contend that Counter-Petitioners' use of MAGA BURGER and related wording infringes, dilutes, or otherwise violates Plaintiffs' trademark rights. Counter-Petitioners deny that contention and seek a declaration of the parties' respective rights.

11. The phrase MAKE AMERICA GREAT AGAIN is not perceived by the public primarily as the brand of a line of consumer goods. It is perceived primarily as a political slogan, political message, and shorthand name for a broad political movement and ideology.

12. That public understanding did not arise accidentally. Donald J. Trump himself transformed MAKE AMERICA GREAT AGAIN from campaign wording into the identifying slogan of a national political movement. Through repeated political use in speeches, rallies,

interviews, campaign material, commentary, public debate, and movement-wide adoption, the phrase came to signify a political cause and movement far broader than any single seller of hats, bags, or other merchandise.

13. Trademark law protects source-identifying designations. It does not give a registrant power to convert the name of a political movement into an exclusive badge of origin for ordinary consumer goods where the public understands the phrase primarily as political expression rather than as an indicator of a single commercial source.

14. Plaintiffs' own marketplace use confirms that reality. On hats, the phrase appears in large centered block letters across the front panel in the precise location where viewers can readily read the message while the hat is worn. The phrase is displayed as outward-facing content intended to be read by others.

15. By contrast, the same hat bears a separate interior brand tag reading AHEAD AMERICANA. That is the sort of location and content consumers traditionally associate with source identification for apparel and headwear. The separate interior brand reinforces that the front-facing slogan is message matter, while the tag performs the branding function.

16. The same pattern appears on tote bags and backpacks. The phrase is centered and prominently displayed on the outward-facing surface in the most effective location for passersby to read the message. Viewers are meant to read the phrase. The goods are serving as moving billboards for the message.

17. When a phrase is used this way—large, centered, front-facing, and outwardly readable— the ordinary consumer does not perceive it primarily as a source identifier. The consumer perceives it as ornamentation, information, affiliation, sentiment, or political expression.

18. Plaintiffs are aware that MAKE AMERICA GREAT AGAIN and MAGA are used widely by politicians, campaigns, commentators, media outlets, organizations, sellers, and members of the public. Those uses are not isolated. They are extensive, longstanding, and central to the phrase's current social meaning.

19. On information and belief, Plaintiffs have also tolerated, encouraged, authorized, or selectively accepted third-party uses of the phrase without imposing meaningful quality-control standards sufficient to preserve the phrase's significance as a mark for consumer goods.

20. To the extent any registration has actually achieved incontestable status under 15 U.S.C. § 1065, Counter-Petitioners do not seek relief barred by incontestability. However, Counter-Petitioners do seek declarations as to whether incontestability has been achieved under the statute. Further, Counter-Petitioners seek declarations directed to the actual issues presented here: whether Plaintiffs are using the phrase as a mark, whether consumers perceive it as a mark, whether Plaintiffs can prove likely confusion, whether the phrase has lost significance as a mark, whether Plaintiffs have failed to police it into loss of source significance, whether Plaintiffs have engaged in naked licensing, and whether any rights are limited to bona fide trademark use only.

21. On the present public record, U.S. Registration No. 4,773,272 is shown with a Section 8 and 15 accepted-and-acknowledged status dated June 24, 2022, and U.S. Registration No. 5,020,556 is shown with a Section 8 and 15 accepted-and-acknowledged status dated March 3, 2023. By contrast, U.S. Registration Nos. 5,885,602 and 5,921,166 are shown as live registrations, but the presently available records do not show the same accepted-and-

acknowledged incontestability status for those registrations. Accordingly, this cancellation section is directed to at least U.S. Registration Nos. 5,885,602 and 5,921,166.

22. U.S. Registration No. 5,885,602 covers Class 18 goods including all purpose sport bags, backpacks, duffel bags, knapsacks, tote bags, and umbrellas.

23. U.S. Registration No. 5,921,166 covers Class 18 and 25 goods including bags, backpacks, hats, jackets, pants, shirts, shorts, socks, sweat shirts, and related apparel and travel goods.

24. The Lanham Act authorizes this Court to order cancellation, in whole or in part, of registrations that do not validly cover the goods or services listed in the registration. Where a phrase does not function as a trademark for the identified goods, cancellation is appropriate under 15 U.S.C. § 1119.

25. The phrase MAKE AMERICA GREAT AGAIN fails to function as a trademark for the identified Class 18 and 25 goods at issue here because the public perceives the phrase, as displayed on those goods, principally as a political message, sentiment, or expression of affiliation rather than as an indicator of a single commercial source.

26. Plaintiffs' own specimens demonstrate this failure of trademark function. The phrase is displayed in large, centered, dominant lettering on the outward-facing surfaces of hats, tote bags, and backpacks—the very positions most likely to be read by observers. That use is optimized for public readability and communicative effect, not source identification.

27. On the hat specimen, the phrase appears across the front panel in large centered block letters, while an entirely separate source-indicating designation, AHEAD AMERICANA, appears on the inside tag. This juxtaposition confirms the difference between the slogan used as message matter and the actual brand used to indicate origin.

28. On tote bags and backpacks, the phrase likewise appears as the dominant outward-facing expression and forms the essence of the product's expressive content. Viewers are meant to read the phrase as the user carries or wears the goods. Consumers encountering such use do not understand the phrase primarily as a source indicator.

29. This is not a case in which a small, discrete logo or slogan is used in a conventional branding location. Nor is it a case in which the phrase is paired on the outward-facing display with a consistent source-identifying house mark that would teach consumers to perceive the phrase as a mark. Instead, the phrase is used in the classic manner of ornamentation and informational expression.

30. For that reason, the phrase fails to function as a mark for at least the identified Class 18 and 25 goods in U.S. Registration Nos. 5,885,602 and 5,921,166. The registrations should therefore be cancelled in whole or, at minimum, partially as to those goods for which the phrase does not function as a trademark.

31. In the alternative, if the Court concludes that the phrase may function as a mark in some narrower context, then the Court should cancel the registrations in part to remove at least those goods for which the existing specimens and actual marketplace use show only ornamental or informational use and not bona fide trademark use.

32. Counter-Petitioners expressly preserve their position that, regardless of cancellation, Plaintiffs cannot enforce any registration against Counter-Petitioners based on ornamental, informational, expressive, or otherwise non-source-identifying use.

33. Counter-Petitioners therefore request the following declaratory judgments.


**COUNT I – DECLARATORY JUDGMENT THAT PLAINTIFFS ARE NOT USING THE ASSERTED PHRASE AS A SOURCE IDENTIFIER**

34. Counter-Petitioners incorporate the foregoing paragraphs as if fully set forth herein.

35. A trademark exists to identify and distinguish source. A registered phrase may appear on goods and still fail, in actual marketplace use, to function as a source identifier if consumers perceive it only as ornamentation or message content.

36. Here, Plaintiffs' asserted phrase is used on the identified goods in a manner that communicates an outward-facing political message rather than source. The front of the hat is a message plane. The inside tag is the source plane. The outward-facing bag and backpack displays likewise function as message planes intended for the public to read.

37. Because Plaintiffs are not using the phrase as a source identifier in the asserted contexts, Plaintiffs cannot claim the full benefit of trademark law against Counter-Petitioners on the theory presently advanced in this case.

38. Counter-Petitioners therefore seek a declaration that Plaintiffs are not using MAKE AMERICA GREAT AGAIN as a trademark or source identifier on the identified goods in the manner alleged and relied upon in this action.

WHEREFORE, Counter-Petitioners request a declaration that Plaintiffs are not using the asserted phrase as a source identifier on the goods and in the contexts at issue here.

## COUNT II – DECLARATORY JUDGMENT OF NO LIKELIHOOD OF CONFUSION

39. Counter-Petitioners incorporate the foregoing paragraphs as if fully set forth herein.

40. Even if Plaintiffs possess valid registrations, Plaintiffs still bear the burden to prove likely confusion. That burden cannot be satisfied where the public understands the asserted phrase as a political slogan and where Plaintiffs' own manner of use is ornamental and informational rather than source-identifying.

41. A consumer encountering MAGA BURGER in connection with restaurant services is not likely to believe that the restaurant services originate with, are sponsored by, or are affiliated with Plaintiffs merely because Plaintiffs possess registrations for MAKE AMERICA GREAT AGAIN used ornamentally on political merchandise.

42. The gulf between a political slogan used as outward-facing message matter on hats and bags, on the one hand, and restaurant branding centered around MAGA BURGER, on the other, further defeats likely confusion.

43. Counter-Petitioners therefore seek a declaration that their use of MAGA BURGER and related wording does not create a likelihood of confusion with any valid rights Plaintiffs possess.

WHEREFORE, Counter-Petitioners request a declaration that Plaintiffs are not using the asserted phrase as a source identifier on the goods and in the contexts at issue here.

## COUNT III – DECLARATORY JUDGMENT OF NO DILUTION AND NO ENFORCEABLE FAMOUS-MARK THEORY IN THE ASSERTED CONTEXT

44. Counter-Petitioners incorporate the foregoing paragraphs as if fully set forth herein.

45. Plaintiffs cannot establish dilution merely by pointing to political notoriety. The relevant question is whether Plaintiffs own a protectable mark that functions as a mark for the goods and services at issue and whether the claimed use by Counter-Petitioners is legally cognizable dilution.

46. Where the asserted phrase is perceived primarily as political expression and movement language rather than as a single-source identifier for consumer goods, Plaintiffs cannot expand the anti-dilution statute into a monopoly over political language itself.

47. Counter-Petitioners therefore seek a declaration that their conduct does not dilute any valid and protectable famous mark of Plaintiffs and that Plaintiffs have no enforceable dilution claim in the context alleged.

WHEREFORE, Counter-Petitioners request a declaration that Plaintiffs are not using the asserted phrase as a source identifier on the goods and in the contexts at issue here.

## COUNT IV – DECLARATORY JUDGMENT THAT PLAINTIFFS' USE IS ORNAMENTAL, INFORMATIONAL, AND NON-SOURCE IDENTIFYING

48. Counter-Petitioners incorporate the foregoing paragraphs as if fully set forth herein.

49. This controversy presents the classic distinction between trademark use and ornamental or informational use. Plaintiffs' asserted specimens place MAKE AMERICA GREAT AGAIN where third parties can read it as a slogan while the wearers or users display the goods publicly. That placement is strategically chosen for communicative effect, not source indication.

50. The phrase is not small, discrete, or brand-like in the conventional sense. It is large, centered, and dominant. It forms the expressive content of the goods. The goods are purchased and displayed because of what the phrase says, not because consumers understand the phrase to name the source of the goods.

51. The separate AHEAD AMERICANA interior branding on the hat underscores what consumers already know: the slogan on the outside tells a message, while the inside tag tells brand origin.

52. Counter-Petitioners therefore seek a declaration that Plaintiffs' use of MAKE AMERICA GREAT AGAIN on the identified goods is ornamental, informational, and non-source identifying.

WHEREFORE, Counter-Petitioners request a declaration that Plaintiffs are not using the asserted phrase as a source identifier on the goods and in the contexts at issue here.

### COUNT V – DECLARATORY JUDGMENT OF ABANDONMENT BY LOSS OF SIGNIFICANCE AS A MARK

53. Counter-Petitioners incorporate the foregoing paragraphs as if fully set forth herein.

54. Under 15 U.S.C. § 1127, a mark is abandoned when the owner's course of conduct causes the mark to lose its significance as a mark. That is the form of abandonment at issue here.

55. Plaintiffs' own conduct caused the asserted phrase to lose significance as a mark. Donald J. Trump deliberately deployed MAKE AMERICA GREAT AGAIN not merely as a tag for a narrow line of goods, but as the rallying cry of a political movement. By doing so, he expanded the phrase's meaning far beyond source identification and made it the name, symbol, and shorthand of a political ideology, movement, and public affiliation.

56. A phrase that has become the recognized name or slogan of a widespread political movement does not continue to function in ordinary public understanding as the exclusive source identifier of a single seller's consumer goods. In practical terms, Plaintiffs' business predecessor made the phrase politically famous at the expense of its source significance.

57. The result is that the public encounters MAKE AMERICA GREAT AGAIN primarily as movement language and political expression. The phrase has therefore lost significance as a mark, and any trademark rights Plaintiffs claim have been abandoned to that extent.

58. Counter-Petitioners therefore seek a declaration that Plaintiffs' asserted rights in MAKE AMERICA GREAT AGAIN have been abandoned by loss of significance as a mark.

WHEREFORE, Counter-Petitioners request a declaration that Plaintiffs' asserted rights in MAKE AMERICA GREAT AGAIN have been abandoned by loss of significance as a mark.

## COUNT VI – DECLARATORY JUDGMENT OF ABANDONMENT BY FAILURE TO POLICE

Counter-Petitioners incorporate the foregoing paragraphs as if fully set forth herein.

59. Plaintiffs and those through whom they claim have permitted widespread third-party use of MAKE AMERICA GREAT AGAIN and MAGA by politicians, political committees, organizations, commentators, sellers, and members of the public. Those uses are extensive and obvious.

60. Although not every failure to sue amounts to abandonment, the scale and persistence of tolerated third-party use here is such that the phrase no longer signifies a single source in the minds of the public. Instead, it signifies political support, criticism, affiliation, irony, ideology, or participation in an ongoing movement.

61. By failing to police widespread third-party use in a manner sufficient to preserve source significance, Plaintiffs have contributed to and ratified the loss of trademark meaning associated with the phrase.

62. Counter-Petitioners therefore seek a declaration that Plaintiffs' asserted rights have been abandoned, in whole or in relevant part, by failure to police the phrase into loss of source significance.

WHEREFORE, Counter-Petitioners request a declaration that Plaintiffs' asserted rights in MAKE AMERICA GREAT AGAIN have been abandoned by loss of significance as a mark.

## COUNT VII – DECLARATORY JUDGMENT OF ABANDONMENT BY NAKED LICENSING

63. Counter-Petitioners incorporate the foregoing paragraphs as if fully set forth herein.

64. On information and belief, Plaintiffs have permitted or authorized third parties to use MAKE AMERICA GREAT AGAIN and related movement terminology in connection with goods, political activity, and other public-facing uses without maintaining and enforcing adequate quality-control standards.

65. Trademark rights survive licensing only where the owner maintains actual control over the nature and quality of the goods or services offered under the mark. Where the owner permits use without meaningful control, the license is naked and the mark is abandoned as a matter of law.

66. Here, the widespread landscape of tolerated and authorized uses, combined with the public's understanding of the phrase as movement language rather than a controlled commercial signifier, supports the inference that any such licensing has been uncontrolled, illusory, or inadequate to preserve trademark significance.

67. Counter-Petitioners therefore seek a declaration that Plaintiffs' asserted rights have been abandoned through naked licensing.

WHEREFORE, Counter-Petitioners request a declaration that Plaintiffs' asserted rights in MAKE AMERICA GREAT AGAIN have been abandoned by loss of significance as a mark.

## COUNT VIII – DECLARATORY JUDGMENT THAT ANY RIGHTS ARE LIMITED TO BONA FIDE TRADEMARK USE ONLY

68. Counter-Petitioners incorporate the foregoing paragraphs as if fully set forth herein.

69. Even if one or more of Plaintiffs' registrations remain valid and enforceable in some narrower sense, those rights cannot extend to ornamental, informational, expressive, ideological, or political uses of the phrase that are not bona fide trademark uses.

70. Trademark law does not permit Plaintiffs to monopolize public language simply because it once appeared in an application or on a registration certificate. Any rights Plaintiffs retain are necessarily limited to genuine source-indicating trademark use and do not reach political messaging, movement language, commentary, ornamentation, or other non-source-identifying uses.

71. Counter-Petitioners therefore seek a declaration that any rights Plaintiffs possess in the asserted phrase are limited to bona fide trademark use only and do not extend to the uses challenged in this action.

WHEREFORE, Counter-Petitioners request a declaration that Plaintiffs' asserted rights in MAKE AMERICA GREAT AGAIN have been abandoned by loss of significance as a mark.

## COUNT IX – CANCELLATION OF U.S. REGISTRATION NO. 5,885,602 FOR FAILURE TO FUNCTION AS A TRADEMARK

72. Counter-Petitioners incorporate the foregoing paragraphs as if fully set forth herein.

73. U.S. Registration No. 5,885,602 covers all purpose sport bags, backpacks, duffel bags, knapsacks, tote bags, and umbrellas.

74. As used on those goods, MAKE AMERICA GREAT AGAIN is displayed as a slogan and political message on the outward-facing surface of the goods, where passersby can read it and where the phrase supplies the expressive content of the item.

75. Consumers encountering the phrase on those goods do not primarily perceive it as identifying a single commercial source. They perceive it as informational or political matter.

76. Because the phrase does not function as a trademark for those goods, U.S. Registration No. 5,885,602 is invalid in whole or, at minimum, as to the goods for which the phrase is used only ornamentally or informationally.

77. Counter-Petitioners therefore request cancellation of U.S. Registration No. 5,885,602 under 15 U.S.C. § 1119, in whole or in part.

WHEREFORE, Counter-Petitioners request that U.S. Registration No. 5,885,602 be cancelled in whole or, alternatively, partially as to those goods for which MAKE AMERICA GREAT AGAIN fails to function as a trademark, together with such further relief as the Court deems just and proper.

## COUNT X – CANCELLATION OF U.S. REGISTRATION NO. 5,921,166 FOR FAILURE TO FUNCTION AS A TRADEMARK

78. Counter-Petitioners incorporate the foregoing paragraphs as if fully set forth herein.

79. U.S. Registration No. 5,921,166 covers bags, backpacks, hats, shirts, sweat shirts, and related goods.

80. The identified specimens and marketplace use show MAKE AMERICA GREAT AGAIN used prominently across the front of hats and on outward-facing portions of other goods in a manner designed to be read by others as a political slogan.

81. The separate AHEAD AMERICANA tag on the hat confirms that the slogan is not doing the work of source identification on the hat itself. Instead, the tag performs that function while the slogan performs a communicative one.

82. For at least those covered Class 18 and 25 goods displayed in this outward-facing, dominant, slogan-like manner, the phrase fails to function as a trademark and does not identify a single source.

83. Because the phrase does not function as a trademark for at least those goods, U.S. Registration No. 5,921,166 is invalid in whole or, at minimum, as to the goods for which the phrase is used only ornamentally or informationally.

84. Counter-Petitioners therefore request cancellation of U.S. Registration No. 5,921,166 under 15 U.S.C. § 1119, in whole or in part.

WHEREFORE, Counter-Petitioners request that U.S. Registration No. 5,921,166 be cancelled in whole or, alternatively, partially as to those goods for which MAKE AMERICA GREAT AGAIN fails to function as a trademark, together with such further relief as the Court deems just and proper.

COUNT XI – DECLARATORY JUDGMENT THAT ANY ASSERTED INCONTESTABILITY IS INVALID OR INAPPLICABLE FOR FAILURE TO SATISFY THE STATUTORY PREREQUISITES; AND, IN THE ALTERNATIVE, PARTIAL CANCELLATION OF ANY ADDITIONAL MAKE AMERICA GREAT AGAIN REGISTRATION NOT PROVEN INCONTESTABLE

85. Counter-Petitioners incorporate by reference the foregoing paragraphs as if fully set forth herein.

86. Counter-Petitioners seek a declaration that, for any MAKE AMERICA GREAT AGAIN registration as to which Plaintiffs assert incontestable status in this action, such status does not apply unless Plaintiffs prove that the statutory predicates of 15 U.S.C. § 1065 were actually satisfied.

87. This request is not a repackaged descriptiveness challenge of the kind addressed in *Park 'N Fly*. Counter-Petitioners do not contend merely that a validly used mark was weak, descriptive, or unworthy of registration on that basis. Instead, Counter-Petitioners contend that the statutory prerequisite of valid trademark use in commerce was never satisfied where the specimens and asserted marketplace use showed only ornamental, informational, message-bearing, or otherwise non-source-identifying use.

88. The Court has ultimate authority to determine whether the Lanham Act's statutory conditions were actually met. If Plaintiffs rely on a specimen showing a phrase placed squarely across the center front of a hat, tote bag, backpack, or similar good in a manner designed to be read as a political slogan, and if that use is merely ornamental and not

source-identifying, then such use does not satisfy the statute's requirement of bona fide trademark use in commerce sufficient to support incontestable status.

89. Accordingly, Counter-Petitioners seek a declaration that any purported incontestability asserted by Plaintiffs is invalid, inapplicable, or unavailable to the extent the claimed status depends upon use that was never valid trademark use in commerce.

90. In the alternative, if discovery or motion practice shows that any additional MAKE AMERICA GREAT AGAIN registration asserted by Plaintiffs is not incontestable, Counter-Petitioners seek cancellation, in whole or in part, of that registration as to any goods for which the phrase fails to function as a trademark.

91. This count is pleaded to ensure that relief reaches the full extent of registrations and goods not lawfully shielded from challenge, while remaining tailored to the present record and avoiding any request barred by incontestability.

WHEREFORE, Counter-Petitioners request a declaration that any asserted incontestable status is invalid, inapplicable, or unavailable unless Plaintiffs prove that the statutory prerequisites of 15 U.S.C. § 1065 were actually satisfied through bona fide trademark use in commerce; and, in the alternative, request partial cancellation of any additional MAKE AMERICA GREAT AGAIN registration to the extent not proven incontestable and to the extent the phrase fails to function as a trademark for the goods at issue, together with such further relief as the Court deems just and proper.

**COUNT XII – IN THE ALTERNATIVE, PARTIAL CANCELLATION OF ANY MAKE AMERICA GREAT AGAIN REGISTRATION NOT PROVEN INCONTESTABLE**

92. Counter-Petitioners incorporate the foregoing paragraphs as if fully set forth herein.

93. If discovery, motion practice, or other declaratory judgment shows that any other MAKE AMERICA GREAT AGAIN registration asserted by Plaintiffs is not incontestable, then Counter-Petitioners alternatively seek cancellation, in whole or in part, of that registration as to any goods for which the phrase fails to function as a trademark.

94. This claim is pleaded to ensure that cancellation relief reaches the full extent of registrations and goods not lawfully shielded from such relief, while remaining tailored to the present record and avoiding any request barred by incontestability.

95. Counter-Petitioners therefore request partial cancellation of any additional registration, to the extent not proven incontestable, for any goods for which the phrase does not function as a trademark.

WHEREFORE, Counter-Petitioners request partial cancellation of any additional MAKE AMERICA GREAT AGAIN registration to the extent not proven incontestable and to the extent the phrase fails to function as a trademark for the goods at issue, together with such further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

Counter-Petitioners respectfully request that the Court enter judgment and declare as follows:

A. Plaintiffs are not using the asserted phrase as a source identifier on the goods and in the contexts at issue in this action;

B. Counter-Petitioners' use of MAGA BURGER and related wording does not create a likelihood of confusion with any valid rights Plaintiffs possess;

C. Counter-Petitioners' conduct does not dilute any valid and protectable mark of Plaintiffs and Plaintiffs have no viable dilution claim in the asserted context;

D. Plaintiffs' use of MAKE AMERICA GREAT AGAIN on the identified goods is ornamental, informational, and non-source identifying;

E. Plaintiffs' asserted rights in MAKE AMERICA GREAT AGAIN have been abandoned by loss of significance as a mark;

F. Plaintiffs' asserted rights have been abandoned, in whole or in relevant part, by failure to police widespread third-party use into loss of source significance;

G. Plaintiffs' asserted rights have been abandoned through naked licensing;

H. Any rights Plaintiffs possess in the asserted phrase are limited to bona fide trademark use only and do not extend to ornamental, informational, expressive, ideological, or other non-source-identifying uses;

I. Counter-Petitioners are entitled to recover their costs and such other and further relief as the Court deems just and proper.

Counter-Petitioners further respectfully request that the Court order the following relief under 15 U.S.C. § 1119:

A. Cancellation of U.S. Registration No. 5,885,602 in whole or, alternatively, in part;

B. Cancellation of U.S. Registration No. 5,921,166 in whole or, alternatively, in part;

C. Partial cancellation of any additional MAKE AMERICA GREAT AGAIN registration to the extent not proven incontestable and to the extent the phrase fails to function as a trademark for the goods at issue; and

D. any asserted incontestable status is invalid, inapplicable, or unavailable unless Plaintiffs prove that the statutory prerequisites of 15 U.S.C. § 1065 were actually satisfied through bona fide trademark use in commerce; and, in the alternative, request

partial cancellation of any additional MAKE AMERICA GREAT AGAIN registration to the extent not proven incontestable and to the extent the phrase fails to function as a trademark for the goods at issue, together with such further relief as the Court deems just and proper.

E.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

96. Counterclaim Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Michael Spradley
Michael Spradley
Bayou IP PLLC
Texas Bar No. 24067881
S.D. Tex. No. 1206455
1220 Augusta Dr., Suite 174
Houston, Texas 77057
Tel: (713) 728-3687
Email: michael@bayouip.com
ATTORNEY FOR DEFENDANTS/CROSS-
DEFENDANTS MAGA BURGER
HOLDINGS LLC, TRUMP BURGER LLC,
ROLAN BEAINY, MAGA BURGER BAY
CITY INC., and MAGA BURGER VICTORIA
LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, a true and correct copy of the foregoing was filed and served through the Court's CM/ECF system on all counsel of record.

<u>/s/ Michael Spradley</u>
Michael Spradley
Bayou IP PLLC
Texas Bar No. 24067881
S.D. Tex. No. 1206455
1220 Augusta Dr., Suite 174
Houston, Texas 77057
Tel: (713) 728-3687
Email: michael@bayouip.com
ATTORNEY FOR DEFENDANTS/CROSS-DEFENDANTS MAGA BURGER HOLDINGS LLC, TRUMP BURGER LLC, ROLAN BEAINY, MAGA BURGER BAY CITY INC., and MAGA BURGER VICTORIA LLC