**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **MAGA BURGER HOLDINGS, LLC, TRUMP BURGER LLC, and TRUMP BURGER KEMAH, LLC** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **CIVIL AC-TION NO. 25-313** |
| **409 BRADFORD, LLC, ALL TEX PERSONNEL, LLC, ARCHIE PATTERSON, MAGA BURGER USA, LLC, and MAGA BURGER HOUSTON, LLC,** | § § § § § | |
| **Defendants.** | § § | |
| _____/ | § | |
| **DTTM OPERATIONS, LLC, CIC OPERATIONS LLC, and TRUMP WINE MARKS, LLC,** | § § § § | |
| **Intervenor Plaintiffs/Cross-Claimants,** | § § | |
| **v.** | § § § | |
| **409 BRADFORD, LLC, ALL TEX PERSONNEL, LLC, ARCHIE PATTERSON, MAGA BURGER USA, LLC, MAGA BURGER HOUSTON, LLC, PRESIDENT BURGER LLC F/K/A TRUMP BURGER BELLVILLE, LLC, TRUMP BURGER, LLC, TRUMP BURGER MAGA INC., TRUMP BURGER TEXAS, INC., TRUMP BURGER USA INC., TRUMP BURGER 2024, INC., IYAD ABUELHAWA, SUAD HAMEDAH, TRUMP BURGER CONROE, LLC, TONY WHITE, TRUMP BURGER MONTGOMERY, LLC, MAGA BURGER ATW LLC, MAGA BURGER BAY CITY INC., MAGA BURGER VICTORIA LLC, ROLAND BEAINY, and BARTON RANDAL BLAKELOCK,** | § § § § § § § § § § § § § § § § § § § § | |
| **Defendants,** | § § | |

1

**and**                                                                §
                                                                       §

**MAGA BURGER HOLDINGS, LLC, TRUMP
BURGER LLC, and TRUMP BURGER KEMAH, LLC,**

**Cross-Defendants.**
_____/


**INTERVENOR PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
RULE 12(b)(6) MOTION TO DISMISS**

# TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDINGS ................................................................. 6

II. SUMMARY OF ARGUMENT ..................................................................................... 8

III. FACTUAL AND PROCEDURAL BACKGROUND ................................................... 9

IV. LEGAL STANDARD ................................................................................................ 11

V. ARGUMENT .............................................................................................................. 12

    A. The Crossclaim Pleads Defendant-Specific Conduct and Does Not Engage in Impermissible Group Pleading................................................................................... 12

    B. The Crossclaim States Plausible Lanham Act Claims Against MAGA Burger Holdings, LLC ........................................................................................................... 13

    C. The Crossclaim States a Plausible Claim Against Roland Beainy ....................... 15

    D. The Crossclaim States Plausible Claims Against MAGA Burger Bay City Inc. and MAGA Burger Victoria LLC ............................................................................... 16

    E. The Crossclaim Adequately Pleads Fame for the Dilution Claim (Count VII) .... 17

    F. The Crossclaim States a Plausible Right of Publicity Claim (Count XI) .............. 18

    G. Counts XII and XIII State Claims Under Section 1119 and Rule 12(b)(6) .......... 18

    H. The Common-Law Trademark Counts (VIII–X) State Claims and Are Not Duplicative ................................................................................................................. 19

VI. CONCLUSION .......................................................................................................... 20

## TABLE OF AUTHORITIES

### Cases

*Amy's Ice Creams, Inc. v. Amy's Kitchen, Inc.*, 60 F. Supp. 3d 738 (W.D. Tex. 2014) ... 18

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).................................................................. passim

*Bachman v. Martinez*, :25-cv-00284 (S.D. Tex. Feb. 20, 2026.) ........................................ 8

*BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.*, 97 F.4th 668 (9th Cir. 2024).... 19

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................. passim

*eMachines, Inc. v. Ready Access Memory, Inc.*, No. EDCV00-00374-VAPEEX, 2001 WL 456404 (C.D. Cal. Mar. 5, 2001)........................................................................ 14

*Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422 (5th Cir. 2021) ....... passim

*Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420 (5th Cir. 2004) ...................... 20

*Morgan v. Swanson*, 659 F.3d 359 (5th Cir. 2011) (*en banc*).............................................. 8

*Robertson v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, No. 01-30381, 2001 WL 1131950 (5th Cir. Sept. 20, 2001)........................................................ 20

*Slep-Tone Entm't Corp. v. Kalamata, Inc.*, 75 F. Supp. 3d 898 (N.D. Ill. 2014) ............. 14

*Turner v. Pleasant*, 663 F.3d 770 (5th Cir. 2011) ..................................................... 12

*White v. ARCO/Polymers, Inc.*, 720 F.2d 1391 (5th Cir. 1983) ...................................... 10

### Statutes

15 U.S.C. § 1052(a)........................................................................................ 19

15 U.S.C. § 1052(c)........................................................................................ 19

15 U.S.C. § 1065 ........................................................................................... 9

15 U.S.C. § 1114 ........................................................................................... 11

15 U.S.C. § 1119 ........................................................................................... 11

15 U.S.C. § 1125(a)........................................................................................ 11

15 U.S.C. § 1125(c)........................................................................................ 11

15 U.S.C. § 1125(c)(2)(A)................................................................................ 16

28 U.S.C. §§ 2201–2202 ................................................................................. 19

### Rules

Fed. R. Civ. P. 8........................................................................................... 13

Fed. R. Civ. P. 8(d)(2)–(3)............................................................................. 20

Fed. R. Civ. P. 12(b)(1) ................................................................................. 7

Fed. R. Civ. P. 12(b)(6) ................................................................................. 6

Fed. R. Civ. P. 15(a)(2) ................................................................................. 20

4

**<u>Other Authorities</u>**

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1257 (3d ed. 2006) ..................................................................................................... 20

**COME NOW** Intervenor-Plaintiffs/Cross-Claimants DTTM Operations LLC, CIC Operations LLC, and Trump Wine Marks, LLC (collectively, the "Trump Organization" or "Intervenors"), by and through their undersigned counsel, and file their Response in Opposition to Defendants Roland Beainy, Trump Burger LLC, MAGA Burger Holdings, LLC ("MBH"), MAGA Burger Bay City Inc., and MAGA Burger Victoria LLC's (collectively, "Moving Defendants") Rule 12(b)(6) Motion to Dismiss Intervenor Plaintiffs' Complaint and Crossclaim [ECF No. 46] (the "Motion" or "Mot."), and in support thereof respectfully show the Court the following:

## I. NATURE AND STAGE OF PROCEEDINGS

This is an action for trademark infringement and related claims brought by the Plaintiffs claiming to be the owners of the Trump Organization's/Intervenor's well-known trademarks and marks that incorporate brands such as "TRUMP", "MAKE AMERICA GREAT AGAIN" and "MAGA" for use in connection with restaurant services and various items of related merchandise.

Upon learning that some unrelated third parties were brazenly claiming ownership of its famous marks and were actually suing others based on such outrageous claims, Trump Organization contacted the various factions in the case to assert their superior rights and then filed a Motion to Intervene and proposed Crossclaim in this action. [ECF No. 15-27]. and was forced to intervene in this litigation to seek injunctive relief and damages against various defendants who have allegedly used the TRUMP and MAGA marks. *See, e.g.,* Intervenor's Crossclaim [ECF No. 29]

While most of the original litigants and related parties have either settled with the Trump Organization, are in the process of settling and have otherwise largely ceased use of the TRUMP and MAGA marks, one faction persists, namely, the Moving Defendants, all of whom are represented by the same law firm.

This Court granted the Motion to Intervene on April 7, 2026 [ECF No. 28]. Since then, all parties who have not yet appeared have been duly served. The responses of some parties are past due, but the undersigned firm is in the process of conferring therewith about motions for default and settlement. Some have settled, resulting in consent final judgments and permanent injunctions.

The remaining faction, the Moving Defendants, have filed the herein Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and answers notwithstanding their motions [ECF No. 46].[1] After MAGA Burger Holdings, LLC attempted to register the mark **MAGA BURGER** and a hamburger logo incorporating the likeness of Donald J. Trump with the United States Patent and Trademark Office ("USPTO"), and after claiming ownership of the **TRUMP BURGER** and **MAGA BURGER** marks in the original complaint in this action, MAGA Burger Holdings, LLC, Trump Burger LLC and rest of the Moving Defendants are now claiming, in defense of Trump Organization's Crossclaim [ECF No. 29], that the marks are not protectable and are

---

[1] MBH has also filed a separate Motion to Dismiss under Rule 12(b)(1), Fed. R. Civ. P. [ECF No. 42].

no longer entitled to registration by anyone. The subject Motion seeks dismissal of the

Crossclaim under 12(b)(6) of the Federal Rules of Civil Procedure.

## II. SUMMARY OF ARGUMENT

The Motion misreads both the Crossclaim and the pleading standard. It does not test

the legal viability of any count. Instead, it asks the Court to read each allegation in isolation,

to disbelieve the facts Intervenors plead, and to draw every inference against the pleader.

That is the inverse of the standard Rule 12(b)(6) commands. On a motion to dismiss, the

Court accepts the Crossclaim's well-pleaded facts as true and draws every reasonable

inference in Intervenors' favor. *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (*en

banc*); *see also Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th

Cir. 2021). Measured against that standard, the Crossclaim states plausible claims against

each Moving Defendant.

The Motion's central premise is wrong on the face of the pleading. The Motion

asserts that the Crossclaim "lumps" defendants together and pleads no defendant-specific

conduct. The Crossclaim does the opposite. It devotes a separate, numbered paragraph to

each Moving Defendant, identifies what each is, and alleges that each uses the Infringing

Marks in the sale of Infringing Services and Products. Crossclaim [ECF No. 29] ¶¶ 11, 20,

31–33. It alleges that MBH is the applicant on both of the challenged applications and uses

and licenses the marks. *Id.* ¶¶ 11, 135, 142. It alleges that Beainy directly uses the marks

and is the moving force behind the wrongful acts. *Id.* ¶ 33. The Motion's reliance on

*Bachman v. Martinez*[2], cannot displace those specific allegations, and *Bachman* is distinguishable on its facts.

The Moving Defendants simply failed to consider various allegations contained in the Crossclaim that defeat its argument and sufficiently state claims upon which relief can be granted including: A) Defendant-specific conduct; B) Use in commerce or otherwise actionable conduct; C) Personal participation sufficient to state claims for personal liability; D) Allegations against Moving Defendants MAGA Burger Bay City, Inc. and MAGA Burger Victoria LLC; E) Famous trademarks sufficient to state a claim for trademark dilution; F) Commercial appropriation sufficient to plead a claim for violation of rights of publicity; G) Sufficient ripeness; and H) Claims that are neither duplicative nor merely conclusory.

The Motion should be denied in its entirety. To the extent the Court perceives any deficiency, leave to amend is the appropriate remedy. *Id.* at 431.

### III. FACTUAL AND PROCEDURAL BACKGROUND

1. Intervenors DTTM Operations, LLC ("DTTM"), CIC Operations LLC ("CIC"), and Trump Wine Marks, LLC ("TWM") collectively own and manage more than 700 trademark registrations and pending applications, including the TRUMP, MAGA, and MAKE AMERICA GREAT AGAIN marks identified in Exhibit A. Crossclaim [ECF No. 29] ¶¶ 1, 7–9, 36 & Ex. A. The TRUMP mark has been registered for restaurant services for nearly two decades, including U.S. Trademark Registration No. 3,483,760, applied for

---

[2] Case is styled as *Bachman v. Serratos et al*, 3:25-cv-00284 (S.D. Tex. Feb. 20, 2026).

in 2007 and registered in 2008, of which DTTM is the current owner by express assignment from Donald J. Trump. *Id.* ¶ 37. Several of the cited registrations are incontestable under 15 U.S.C. § 1065. *Id.* ¶ 60.

2. The Crossclaim pleads a separate, defendant-specific paragraph for each Moving Defendant. It alleges that MBH "currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products" and is the applicant on U.S. Service Mark Application Serial No. 99135657 (MAGA BURGER) and Serial No. 99135667 (a design mark consisting of a cartoon cheeseburger incorporating the likeness of Donald J. Trump). Crossclaim [ECF No. 29] ¶ 11. It alleges that Trump Burger LLC "currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products." *Id.* ¶ 20. It alleges that MAGA Burger Bay City Inc. "currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products." *Id.* ¶ 31. It (separately) alleges the same as to MAGA Burger Victoria LLC. *Id.* ¶ 32. It alleges that Roland Beainy "currently directly uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products, and/or is the moving force behind wrongful acts of one or more parties hereto or third parties." *Id.* ¶ 33.

3. Moving Defendants' own pleadings confirm their roles. In their own Complaint, the burger plaintiffs allege that they "collectively own, license, and operate" the "Burger Concept," which "includes the TRUMP BURGER, TRUMP BURGER MAGA, and MAGA BURGER brands and associated trade dress," MBH Compl. ¶ 1; that MBH "owns the Burger Concept and all associated intellectual property, including the TRUMP BURGER and MAGA BURGER marks and trade dress," *id.* ¶ 4; that the affiliated entities

are "licensee[s]" with "contractual rights to use and enforce" those marks, *id.* ¶ 5; and that

the MAGA BURGER and TRUMP BURGER MAGA marks are "famous and distinctive

in Texas," *id.* ¶ 49. Those allegations are judicial admissions. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983).

4. Each count adopts and incorporates Paragraphs 1 through 74 as if fully alleged. *See, e.g.*, Crossclaim [ECF No. 29] ¶¶ 75, 108, 111, 126, 131, 140. The Crossclaim asserts thirteen counts: federal trademark infringement under 15 U.S.C. § 1114 (Counts I–III), federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a) (Counts IV–VI), federal dilution under 15 U.S.C. § 1125(c) (Count VII), Texas common-law trademark infringement (Counts VIII–X), violation of the common-law right of publicity (Count XI), and declaratory and Section 1119 relief as to the two pending applications (Counts XII–XIII). *Id.* ¶¶ 75–146.

### IV. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff," *Jim S. Adler*, 10 F.4th at 425, and "draw[s] all reasonable inferences in the plaintiff's favor," *id.* Plausibility "is not akin to a probability requirement"; it asks only "for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The standard does not impose a probability

11

requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim. *Twombly*, 550 U.S. at 556. Detailed factual allegations are not required. *Iqbal*, 556 U.S. at 678. A Rule 12(b)(6) motion "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quotation omitted).

## V. ARGUMENT

### A. The Crossclaim Pleads Defendant-Specific Conduct and Does Not Engage in Impermissible Group Pleading.

The Motion's lead argument fails because it ignores the allegations actually on the page. The Motion contends that the Crossclaim "lumps" Moving Defendants into an undifferentiated group and pleads no defendant-specific facts. Mot. ¶ 5. The pleading refutes that contention paragraph by paragraph. The Crossclaim dedicates a separate, numbered allegation to each Moving Defendant and alleges as to each that it/he uses the Infringing Marks in the sale of Infringing Services and Products: MBH at ¶ 11, Trump Burger LLC at ¶ 20, MAGA Burger Bay City Inc. at ¶ 31, MAGA Burger Victoria LLC at ¶ 32, and Roland Beainy at ¶ 33. Crossclaim [ECF No. 29] ¶¶ 11, 20, 31–33. The defined term "Infringers" is a drafting convenience that supplements, not supplants, those defendant-specific allegations. The Court reads the Crossclaim "as a whole" and draws reasonable inferences in Intervenors' favor, not allegation by allegation in isolation. *Jim S. Adler*, 10 F.4th at 425–26.

The Crossclaim then ties every Moving Defendant to the elements of the claims through the common allegations that each count incorporates. *See* Crossclaim [ECF No.

29] ¶¶ 75, 108, 111, 126, 131, 140 (each count incorporating ¶¶ 1–74). It alleges that the Infringers adopted and used marks confusingly similar to the senior TRUMP and MAGA marks without authorization, *id.* ¶¶ 49–50, 59; that the marks are "highly similar, both visually and phonetically, in their sight, sound, and meaning," *id.* ¶ 63; that the parties are direct competitors selling to the same consumers through identical trade channels, *id.* ¶¶ 48, 64; that the Infringers acted with actual and constructive knowledge of Intervenors' senior rights, *id.* ¶¶ 60–61, 66–67; and that actual confusion has already occurred, *id.* ¶ 69. Where a complaint names each defendant and pleads facts that, taken as true, plausibly connect each to the wrong alleged, *Twombly* and *Iqbal* are satisfied. *Jim S. Adler*, 10 F.4th at 429 (reversing Rule 12(b)(6) dismissal of Lanham Act claims where the complaint pleaded the defendants' conduct).

Bachman does not command a different result. That case addressed a complaint that truly engaged in "group pleading": it attributed conduct to an undifferentiated collective, failed to allege any personal involvement by the moving defendant in the misrepresentation or contract, and offered only conclusory assertions that did "little more than repeat" statutory elements without factual support. The Crossclaim here is the opposite. It names each Moving Defendant in separate paragraphs, identifies what each is, and describes the specific wrongful conduct of each. *See* Crossclaim [ECF No. 29] ¶¶ 11, 20, 31–33. An unpublished slip opinion, addressing a materially different pleading on materially different facts, cannot justify dismissal of a Crossclaim that stands on its own under *Twombly* and *Iqbal*. To the extent the Motion complains about the granularity of those facts, that

objection sounds only in the level of detail, which Rule 8 does not require. *See Iqbal*, 556 U.S. at 678.

**B. The Crossclaim States Plausible Lanham Act Claims Against MAGA Burger Holdings, LLC.**

To plead a Lanham Act infringement claim, a plaintiff must allege "(1) [it] possesses a legally protectable trademark and (2) [the defendant's] use of this trademark 'creates a likelihood of confusion as to source, affiliation, or sponsorship.'" *Jim S. Adler*, 10 F.4th at 426. The Crossclaim pleads both as to MBH. Intervenors' ownership of senior registered TRUMP and MAGA marks is alleged and documented. Crossclaim [ECF No. 29] ¶¶ 1, 7–9, 36–37 & Ex. A. As to use, the Crossclaim alleges in *haec verba* that MBH "currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products," *id.* ¶ 11, and that the marks are "being used by, or with the permission of, MAGA Burger Holdings LLC," *id.* ¶¶ 135, 142. Those allegations plead direct commercial use, and the Court must accept them as true. *Iqbal*, 556 U.S. at 678.

The Motion's premise that MBH is a passive "holding/licensing entity" that used no mark, Mot. ¶¶ 6–7, contradicts both the Crossclaim and MBH's own pleadings. MBH alleged that it "owns the Burger Concept and all associated intellectual property, including the TRUMP BURGER and MAGA BURGER marks and trade dress," MBH Compl. ¶ 4, and that it and its affiliates "collectively own, license, and operate" that concept, *id.* ¶ 1. A licensor that grants rights to use a mark and receives consideration uses the mark in commerce. *See Slep-Tone Entm't Corp. v. Kalamata, Inc.*, 75 F. Supp. 3d 898, 904 (N.D. Ill. 2014); *eMachines, Inc. v. Ready Access Memory, Inc.*, No. EDCV00-00374-VAPEEX,

2001 WL 456404, at *8 (C.D. Cal. Mar. 5, 2001) ("the licensee's use of a mark is deemed use by the licensor, and rights to a mark can be maintained even if the only use of the mark is by the licensee.")

MBH cannot plead one set of facts to enforce the marks and demand that the Court accept the opposite to escape liability, particularly at the pleadings stage when sufficient facts were pled. Whether some of MBH's conduct is ultimately characterized as direct, contributory, or vicarious presents merits questions unsuited to resolution at this stage of the pleadings.

## C. The Crossclaim States a Plausible Claim Against Roland Beainy.

The Motion contends that the Crossclaim pleads "no personal participation" by Beainy. Mot. ¶ 8. The pleading says otherwise. The Crossclaim names Beainy in his own paragraph and alleges that he "currently directly uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products, and/or is the moving force behind wrongful acts of one or more parties hereto or third parties." Crossclaim [ECF No. 29] ¶ 33. That allegation is precisely the personal participation the Motion vexatiously or carelessly says is missing: it pleads both Beainy's direct use of the marks and his role as the moving force behind the infringing conduct. On a Rule 12(b)(6) motion, the Court accepts that allegation as true and reads it in the light most favorable to Intervenors, together with the reasonable inferences it supports. *Jim S. Adler*, 10 F.4th at 425. A corporate officer who personally participates in or directs infringing conduct is individually liable under the Lanham Act, and the existence and scope of that participation is a fact question that discovery, not a

15

motion to dismiss, resolves. The Motion's demand for a granular recitation of each act, before any discovery, exceeds what Rule 8 requires. *Iqbal*, 556 U.S. at 678. Should the Court find the allegations as to Beainy thin, the remedy is leave to amend, not dismissal with prejudice. *Jim S. Adler*, 10 F.4th at 431.

## D. The Crossclaim States Plausible Claims Against MAGA Burger Bay City Inc. and MAGA Burger Victoria LLC.

The Motion argues that the Crossclaim fails to "distinguish" the conduct of MAGA Burger Bay City Inc. and MAGA Burger Victoria LLC. Mot. ¶ 9. The pleading defeats that argument as to both. The Crossclaim devotes a separate paragraph to each entity and alleges, as to each, that it "currently uses and/or has used Infringing Marks in the sale of Infringing Services and/or Products": MAGA Burger Bay City Inc. at ¶ 31 and MAGA Burger Victoria LLC at ¶ 32. Crossclaim [ECF No. 29] ¶¶ 31–32. Each named entity is thus tied by name to the specific wrong alleged. Where related entities use the same infringing marks in the same enterprise, a plaintiff need not, at the pleading stage, allege a separate factual narrative for each; it must allege facts that plausibly connect each named defendant to the infringement. The Crossclaim does so. Any further granularity, such as which location, which goods, or which advertisement, is the proper subject of discovery, not a precondition to stating a claim. *Twombly*, 550 U.S. at 556. If the Court concludes that more is required as to these two entities, leave to amend is the appropriate remedy.

16

**E. The Crossclaim Adequately Pleads Fame for the Dilution Claim (Count VII).**

A mark is famous under 15 U.S.C. § 1125(c)(2)(A) if it is "widely recognized by the general consuming public of the United States as a designation of source." The Motion argues that Intervenors plead only "conclusory assertions of fame." Mot. ¶ 10. Not so. The Crossclaim alleges that the TRUMP and MAGA marks are famous and pleads the factual predicates of fame. It alleges that the marks have been used continuously for decades and across more than seventy countries, Crossclaim [ECF No. 29] ¶ 37; that the marks are famous, *id.* ¶ 44; that they have acquired secondary meaning, *id.* ¶ 46; and that several of the registrations are incontestable under 15 U.S.C. § 1065, *id.* ¶ 60. Furthermore, "Trump Org's world-famous Trump Tower in New York City" is referred to in the Crossclaim as being associated with the subject trademarks. *Id.* ¶38. In paragraph 39, the Crossclaim alleges that "Trump Org's Marks and the TRUMP name and brand are closely associated with the 45th and 47th President of the United States, Donald J. Trump and Trump Org. and are internationally known and famous...." *Id.* ¶39.

The dilution count incorporates those allegations and pleads dilution of the famous marks. *Id.* ¶¶ 108–110. At the pleading stage, the Court accepts those allegations as true and draws every reasonable inference of fame in Intervenors' favor; fame is a fact-intensive question that courts decline to resolve on a motion to dismiss. The Motion's insistence on evidentiary metrics, such as sales figures, survey data, and advertising spend, imposes a proof burden that belongs at summary judgment or trial, not the pleadings. Count VII should not be dismissed. Again, in the event the Court nonetheless finds that more detail is

17

required to be pled, leave to amend is the appropriate remedy, not dismissal with prejudice as the Moving Defendants request.

**F. The Crossclaim States a Plausible Right of Publicity Claim (Count XI).**

A Texas common-law misappropriation claim requires that (1) the defendant appropriated the plaintiff's name or likeness for its value, and not incidentally or for a newsworthy purpose; (2) the plaintiff is identifiable from the use; and (3) the defendant gained some advantage or benefit. The Crossclaim pleads each element, paragraph by paragraph. It alleges that Moving Defendants used the name, image, and likeness of Donald J. Trump commercially and without his consent, Crossclaim [ECF No. 29] ¶ 127; that they did so for commercial advantage, *id.* ¶ 128; that Trump is identifiable from the use, *id.* ¶ 129; and that the use injured Intervenors, *id.* ¶ 130. *See id.* ¶¶ 126–130. The design mark, as the Crossclaim alleges, "incorporat[es] the likeness of Donald J. Trump." *Id.* ¶ 11. Trump is plainly identifiable from that depiction, and the pleaded facts establish the commercial advantage of associating burger products with his persona. Accepting those allegations as true, Count XI states a claim. *Iqbal*, 556 U.S. at 678.

**G. Counts XII and XIII State Claims Under Section 1119 and Rule 12(b)(6).**

The Motion argues that Section 1119 supplies no standalone cause of action and that the Crossclaim does not plead entitlement to the Section 1119 relief sought. Mot. ¶ 12. Section 1119 provides that, "[i]n any action involving a registered mark," the court "may determine the right to registration" and "otherwise rectify the register." 15 U.S.C. § 1119. This action involves Intervenors' senior registered marks. Crossclaim [ECF No. 29] ¶¶ 1,

7–9, 36–37 & Ex. A. District courts in this Circuit exercise Section 1119 authority over pending applications that share a sufficient nexus with the registered marks in suit. *See, e.g., Amy's Ice Creams, Inc. v. Amy's Kitchen, Inc.*, 60 F. Supp. 3d 738, 744 (W.D. Tex. 2014); *see also BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.*, 97 F.4th 668, 672 (9th Cir. 2024). The two MBH applications cover restaurant services and a burger design that overlap the goods and services in Intervenors' senior registrations, satisfying the nexus requirement. Count XII concerns CIC's request to refuse registration of Application Serial No. 99135657 (MAGA BURGER), Crossclaim [ECF No. 29] ¶¶ 131–139, and Count XIII concerns DTTM's request to refuse registration of Application Serial No. 99135667 (the cartoon-cheeseburger design mark incorporating Donald J. Trump's likeness), *id.* ¶¶ 140–144. The Crossclaim pleads the statutory grounds for refusal: false suggestion of a connection under Section 2(a), *id.* ¶¶ 137, 144, and use of a name or likeness without consent under Section 2(c), *id.* ¶¶ 14, 52. Both counts invoke the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, in tandem with Section 1119. Counts XII and XIII state claims and should not be dismissed.

## H. The Common-Law Trademark Counts (VIII–X) State Claims and Are Not Duplicative.

The Motion argues that the common-law trademark counts (VIII–X) rest on the same group allegations as the federal counts and should be dismissed or narrowed as duplicative. Mot. ¶ 13. Texas common-law trademark infringement turns on the same likelihood-of-confusion inquiry as the federal claim. The Crossclaim pleads that inquiry as to each Moving Defendant for the reasons set out in Sections A through D, and it pleads a

separate common-law count for each senior mark: DTTM at ¶¶ 111–115, CIC at ¶¶ 116–120, and TWM at ¶¶ 121–125. Crossclaim [ECF No. 29] ¶¶ 111–125. That the federal and common-law counts share a factual core does not render the common-law counts deficient; pleading alternative and overlapping theories is permitted. *See* Fed. R. Civ. P. 8(d)(2)–(3); *Robertson v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.,* No. 01-30381, 2001 WL 1131950, at *2 (5th Cir. Sept. 20, 2001); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1257 (3d ed. 2006) ("Under Federal Rules 8(a)(3) and 8(e)(2), a party may demand relief in the alternative or of several different types. No election between or among remedies is necessary at the pleading stage."). Dismissal of well-pleaded claims as "duplicative" finds no warrant in Rule 12(b)(6). The common-law counts should proceed.

## VI. CONCLUSION

For the foregoing reasons, Intervenors respectfully request that the Court deny Defendants' Rule 12(b)(6) Motion to Dismiss in its entirety. To the extent the Court perceives any pleading insufficiency as to any count or any Moving Defendant, Intervenors respectfully request leave to amend under Rule 15(a)(2).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2026, the foregoing document was filed and served on all counsel of record via the Court's CM/ECF system.

Respectfully submitted,

**500law**
*Attorneys for the Trump Organization*
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 351-7474
By: */s/Michael Santucci*
**Michael Santucci, Esq.**
Fla. Bar No.: 0105260
Primary E-mail: mis@500law.com
Secondary E-mail: docketing@500law.com
**Salvatore Fazio, Esq.**
Fla. Bar No.: 127525
Primary E-mail: sfazio@500law.com
**Elijah A. Levitt, Esq.**
Fla. Bar No.: 725560
Primary E-mail: elevitt@500law.com
**Cintia Calevoso, Esq.**
Fla. Bar No.: 88576
Primary E-mail: ccalevoso@500law.com